FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

15 MAY -4 PM 2:35

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Randy Johnson, *on behalf of himself and others similarly situated,*

    Plaintiff,

v.

Navient Solutions Inc.,
f/k/a Sallie Mae, Inc.

    Defendant.

Case No. 1:15-cv-0716 LJM-MJD

Class action complaint

Jury trial demanded

### Nature of Action

1. Randy Johnson ("Plaintiff") brings this class action against Navient Solutions, Inc., f/k/a Sallie Mae, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Plaintiff's action occurred in this district, as Plaintiff resides in this district, and as Defendant transacts business in this district.

### Parties

4. Plaintiff is a natural person who at all relevant times resided Greenwood, Indiana.

5. Defendant is a publicly traded U.S. corporation headquartered in Wilmington, DE.

6. Defendant was formed in 2014 after Sallie Mae, Inc. split into two different companies—Sallie Mae Bank and Navient Solutions, Inc.

7. Defendant's operations include servicing and collecting student loans.

8. Defendant manages over $300 billion in student loans for more than 12 million customers.

9. Defendant employs over 6,000 individuals at offices across the U.S.

**Factual Allegations**

10. In or around September 2014, Defendant began placing calls to (317) ███-████—Plaintiff's cellular telephone number.

11. On each occasion that Plaintiff answered one of the calls he was greeted with an artificial or prerecorded voice.

12. On each occasion that Plaintiff spoke with Defendant he informed Defendant that he was not Marie Bottoms—the individual for whom Defendant was calling.

13. Upon information and good faith belief, and in light of the frequency, large number, nature, and character of the calls, Defendant placed the calls by using an automatic telephone dialing system. As noted above, Defendant used a prerecorded or artificial voice in connection with each of its calls to Plaintiff.

14. Upon information and good faith belief, Defendant placed the calls for non-emergency purposes.

15. Upon information and good faith belief, Defendant placed the calls voluntarily.

16. Upon information and good faith belief, Defendant placed the calls under its own free will.

17. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, or an artificial or prerecorded voice, to place the calls.

18. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system, or an artificial or prerecorded voice, to place the calls.

19. Plaintiff is not, and never has been, one of Defendant's customers.

20. Plaintiff does not have, and never had, a business relationship with Defendant.

21. Plaintiff did not provide Defendant with his cellular telephone number.

22. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automated telephone dialing system, or an artificial or prerecorded voice.

23. Upon information and good faith belief, Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number.

24. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, or an artificial or prerecorded voice, to place calls to telephone numbers assigned to cellular telephone service providers.

**Class Action Allegations**

25. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Navient Solutions, Inc. placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient

26. The proposed class specifically excludes the United States of America, the State of Indiana, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Seventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

27. Upon information and belief, the class members are so numerous that joinder of all

members is impracticable.

28. The exact number of class members is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

29. The class members are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant.

30. There exists a well-defined community of interest in the questions of law and fact that affect the class members.

31. Plaintiff's claims are typical of the class members' claims.

32. Plaintiff's claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant.

33. Plaintiff's claims are based on the same theory as are the class members' claims.

34. Plaintiff suffered the same injuries as each class member.

35. Plaintiff will fairly and adequately protect the class members' interests in this matter.

36. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the class members' interests.

37. Plaintiff will vigorously pursue the class members' claims in this matter.

38. Plaintiff has retained counsel experienced and competent in class action litigation.

39. Plaintiff's counsel will vigorously pursue this matter.

40. Plaintiff's counsel will assert, protect, and otherwise represent the class members in this matter.

41. The questions of law and fact common to all class members predominate over questions that may affect individual class members.

42. Issues of law and fact common to all class members are:

    a. Defendant's violations of the TCPA;

      b. The existence of Defendant's identical conduct;

      c. The availability of statutory penalties; and

      d. The availability of attorneys' fees and costs.

43. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

44. If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

45. The pursuit of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests.

46. The pursuit of separate actions by individual class members could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

47. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

48. The damages suffered by each individual class member may be relatively small; thus, the expense and burden to litigate each of their claims individually make it impracticable for the class members to redress the wrongs done to them.

49. The pursuit of Plaintiff's claims, and the class members' claims, in one forum will achieve efficiency and promote judicial economy.

50. There will be little difficulty in the management of this action as a class action.

51. Defendant has acted or refused to act on grounds generally applicable to the class members, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(a)(iii)

52. Plaintiff repeats and re-alleges each and every factual included in paragraphs 1-51.

53. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, or an artificial or prerecorded voice, to place non-emergency calls to (317) ▮▮▮▮, absent Plaintiff's prior express consent to do so.

## Trial by Jury

54. Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing its violative behavior;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under to Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: April 14, 2015

Respectfully Submitted,

Ryan Lee
Krohn & Moss, Ltd.
10474 Santa Monica Blvd.
Suite 405
Los Angeles, CA 90025
(323) 988-2400 x241
(866) 861-1390 (fax)
rlee@consumerlawcenter.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson PLLC
106 East Sixth Street
Suite 913
Austin, Texas 78701
Tel: (512) 322-3912
Fax:   (561) 826-5477
aradbil@gdrlawfirm.com