**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

Randy Johnson, *on behalf of himself*
*and others similarly situated*,

    Plaintiff,

  v.            Case No. 1:15-cv-00716-LJM-MJD

Navient Solutions Inc.,
f/k/a Sallie Mae, Inc.

    Defendant.

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND**
**APPOINTMENT OF CLASS COUNSEL**

**Request for Relief**

Randy Johnson ("Plaintiff") requests that this Court certify this action as a class action

under Fed. R. Civ. P. 23, on behalf of a class consisting of:

> All persons and entities throughout the United States (1) to whom
> Defendant placed, or caused to be placed, calls, (2) directed to a number
> assigned to a cellular telephone service, (3) by using an automatic telephone
> dialing system, (4) within the four years preceding the date of this
> complaint, (5) absent prior express consent.

**Statement of Substantive Facts**

In or around September 2014, Defendant began placing calls to (317) ███████—

Plaintiff's cellular telephone number. Doc. 1, ¶ 10. Defendant placed the calls by using an

automatic telephone dialing system, or an artificial or prerecorded voice. *Id.*, ¶ 13.

On each occasion that Plaintiff answered one of the calls he was greeted with an artificial

or prerecorded voice. *Id.*, ¶ 11. On each occasion that Plaintiff spoke with Defendant he informed

Defendant that he was not Marie Bottoms—the individual for whom Defendant was calling. *Id.*, ¶

12.

Plaintiff is not one of Defendant's customers. *Id.*, ¶ 19. Plaintiff does not have a business relationship with Defendant. *Id.*, ¶ 20. Plaintiff did not provide Defendant with his cellular telephone number. *Id.*, ¶ 21. And Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automated telephone dialing system, or an artificial or prerecorded voice. *Id.*, ¶ 22.

Defendant maintains business records that show all calls that it placed to Plaintiff's cellular telephone number. *Id.*, ¶ 23. Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, or an artificial or prerecorded voice, to place calls to telephone numbers assigned to cellular telephone service providers. *Id.*, ¶ 24.

## Argument

**I.    The class that Plaintiff seeks to represent is well suited for class treatment.**

Federal Rule of Civil Procedure 23 governs class certification. Under Rule 23, the party seeking certification must first demonstrate that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

The party seeking certification must then show that at least one of the following three conditions is satisfied: (1) the prosecution of separate actions would create a risk of: (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual

members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b).

**A.  The class that Plaintiff seeks to represent is so numerous that joinder of all members is impracticable.**

Rule 23(a) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability does not mean impossibility, but instead requires plaintiffs to prove that it would be inconvenient and difficult to join all proposed members of the class." *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 421 (N.D. Ill. 2003) (quoting *Bethards v. Bard Access Sys., Inc.*, No. 07 C 3659, 1995 WL 75356, at *3 (N.D. Ill. 1995)).

Accordingly, a plaintiff is not required to specify the exact number of persons in the class to satisfy the numerosity prerequisite. *See Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989) (citing *Vergara v. Hampton*, 581 F.2d 1281, 1284 (7th Cir. 1978)). This is particularly true where the information regarding the number of individuals affected by defendants' wrongful conduct is inherently within defendants' control. *In re NASDAQ Market-Makers Antitrust Litigation*, 169 F.R.D. 493, 509 (S.D.N.Y. 1996). A plaintiff may rely on reasonable inferences drawn from the available facts in order to arrive at a rough estimate of class size. *Id.*

Here, the class members are so numerous that joinder of all members is impracticable. Doc. 1, ¶ 27. The exact number of class members is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery. *Id.*, ¶ 28. As well, the class members are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant. *Id.*, ¶ 29.

**B.  Questions of law and fact are common to the class that Plaintiff seeks to represent.**

Rule 23(a)(2) requires the existence of common questions of law or fact. "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the

capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of litigation." *Ross v. RBS Citizens*, N.A., 667 F.3d 900, 908 (7th Cir. 2012) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011)). To satisfy the commonality element, it is enough for a plaintiff to present just one common claim. *Id.* A class action is appropriate in situations where the "issues involved are common to the class as a whole" and when they "turn on questions of law applicable in the same manner to each member of the class." *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979). Litigating such cases as a class, as opposed to individually, saves the resources of the courts and the parties by deciding similar issues that affect all class members. *Id.*

Here, there exists a well-defined community of interest in the questions of law and fact that affect the class members. Doc. 1, ¶ 30. Plaintiff's claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant. *Id.*, ¶ 32. Plaintiff's claims are based on the same theory as are the class members' claims. *Id.*, ¶ 33. Plaintiff suffered the same injuries as each class member. *Id.*, ¶ 34. And if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. *Id.*, ¶ 44.

**C. Plaintiff's claims are typical of the claims of the class that he seeks to represent.**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties be typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The Supreme Court has explained that "the commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). An individual's claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589,

595 (7th Cir. 1998) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).

Here, Plaintiff's claims are typical of the class members' claims. Doc. 1, ¶ 31. Plaintiff's claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant. *Id.*, ¶ 32. Plaintiff's claims are based on the same theory as are the class members' claims. *Id.*, ¶ 33. And Plaintiff suffered the same injuries as each class member. *Id.*, ¶ 34.

**D. Plaintiff, and his counsel, will fairly and adequately protect the interests of the class members he seeks to represent.**

Rule 23(a)(4) requires that the representative plaintiff fairly and adequately protect the interests of the class. "This adequate representation inquiry consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class' myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011).

Here, Plaintiff will fairly and adequately protect the class members' interests in this matter. Doc. 1, ¶ 35. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the class members' interests. *Id.*, ¶ 36. And Plaintiff will vigorously pursue the class members' claims in this matter. *Id.*, ¶ 37.

Ass well, Plaintiff has retained counsel experienced and competent in class action litigation. *Id.*, ¶ 38. Plaintiff's counsel will vigorously pursue this matter. *Id.*, ¶ 39. And Plaintiff's counsel will assert, protect, and otherwise represent the class members in this matter. *Id.*, ¶ 40.

**E.   The questions of law and fact common to the class that Plaintiff seeks to represent predominate over any questions affecting only individual class members.**

"Rule 23(b)(3) permits class certification only if the questions of law or fact common to class members 'predominate' over questions that are individual to members of the class." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 814-15 (7th Cir. 2012). "There is no mathematical or mechanical test for evaluating predominance." *Id.* (citing 7AA Wright & Miller, Federal Practice & Procedure § 1778 (3d ed. 2011)). The Supreme Court has explained that the Rule 23(b)(3) "inquiry trains on the legal or factual questions that qualify each class member's case as a genuine controversy," with the purpose being to determine whether a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Id.* at 625.

Here, the questions of law and fact common to all class members predominate over questions that may affect individual class members. Doc. 1, ¶ 41. Accordingly, this matter "can achieve economies of time, effort, and expense as compared to separate lawsuits, permit adjudication of disputes that cannot be economically litigated individually, and avoid inconsistent outcomes, because the same issue can be adjudicated the same way for the entire class." Fed. R. Civ. P. 23(b)(3), advisory committee's note (1966).

**F.   A class action is superior to other available methods for the fair and efficient adjudication of this matter.**

Rule 23(b)(3) also requires that a district court determine that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." In determining whether the "superiority" requirement is satisfied, a court may consider the following: (1) the interest of members of the class in individually controlling the prosecution or defense of separate

actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

Proceeding with TCPA claims as a class generally is "superior to litigation of the issues by individuals." *Reliable Money Order, Inc. v. McKnight Sales Co.*, 281 F.R.D. 327, 339 (E.D. Wis. 2012) (citing *Green v. Serv. Master On Location Servs. Corp.*, No. 07 C 4705, 2009 WL 1810769, at *3 (N.D. Ill. 2009), and *Hinman v. M & M Rental Cntr., Inc.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008)). The resolution of TCPA claims "on a classwide basis, rather than thousands (or zero) individual lawsuits is an efficient use of judicial resources." *Green*, 2009 WL 1810769, at *3. Indeed, resolving TCPA claims in a class action entails not only an efficient use of judicial resources, but also of party resources. *Hinman*, 545 F. Supp. 2d at 807. It allows for the resolution of claims that otherwise might never be brought because of their relatively small individual value. *Id.*

Here, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Doc. 1, ¶ 44. As well, the pursuit of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests. *Id.*, ¶ 45. The pursuit of separate actions by individual class members would also create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant. *Id.*, ¶ 46. And these varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories,

would also create and allow the existence of inconsistent and incompatible rights within the class. *Id.*, ¶ 47.

What's more, the damages suffered by each individual class member may be relatively small; thus, the expense and burden to litigate each claim individuals make it impossible for the class members to redress the wrongs done to them. *Id.*, ¶ 48. The pursuit of Plaintiff's claims, and the class members' claims, in one forum will achieve efficiency and promote judicial economy. *Id.*, ¶ 49. And there will be little difficulty in the management of this action as a class action. *Id.*, ¶ 50.

**Conclusion**

Plaintiff respectfully requests that this Court grant his motion for class certification and appointment of class counsel, approve Plaintiff as a class representative, and appoint Greenwald Davidson Radbil PLLC as class counsel.

Date: July 14, 2015                    Respectfully Submitted,

                                       /s/ Ryan Lee
                                       Ryan Lee
                                       Krohn & Moss, Ltd.
                                       10474 Santa Monica Blvd.
                                       Suite 405
                                       Los Angeles, CA 90025
                                       (323) 988-2400 x241
                                       (866) 861-1390 (fax)
                                       rlee@consumerlawcenter.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed on July 14, 2014, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

                                       /s/ Ryan Lee
                                       Ryan Lee