# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

Randy Johnson, *on behalf of himself and others similarly situated*,

    Plaintiff,

v.  Case No. 1:15-cv-00716-LJM-MJD

Navient Solutions Inc.,
f/k/a Sallie Mae, Inc.

    Defendant.

## JOINT REPORT ON THE STATUS OF DISCOVERY

On October 21, 2015, this Court issued an order requiring the parties to submit, on or before November 2, 2015, and every twenty-one days thereafter, a joint report that sets forth:

1. A detailed description of all discovery completed to date.

2. A detailed description of all discovery presently scheduled or pending, including the due dates for any pending discovery requests and the scheduled dates for any depositions, and the identity of the counsel responsible for completing such discovery.

3. A detailed description of any discovery disputes presently pending, including the status of the resolution of the dispute and the identity of the counsel responsible for resolving the dispute.

4. A detailed description of all discovery that is planned to be completed within the 21 day period following the report, including the identity of the counsel responsible for completing such discovery.

5. A description of all known discovery remaining to be completed in this matter, including a proposed timetable for the completion of such discovery and the identity of the counsel responsible for completing such discovery.

6. Any other discovery issues any party believes should be brought to the attention of the Court so as to avoid any further delays in the completion of discovery in this matter.

The parties accordingly submit the following joint report.

**Protective Order**

On October 30, 2015, the parties submitted a proposed protective order to this Court for its review and approval.

**Plaintiff's Written Discovery Requests to Defendant**

On July 15, 2015, Plaintiff served Defendant with his initial discovery requests. On September 3, 2015, Defendant served Plaintiff with its answers and responses. On September 17, 2015, Plaintiff sent Defendant a letter outlining perceived deficiencies in its answers and responses, and requesting an opportunity to meet and confer to discuss them. The parties have since discussed their respective positions on several occasions.

As a result of the parties' discussions, and in an effort to short circuit potential discovery disputes outlined by Plaintiff's September 17, 2015 letter, Plaintiff suggested that Defendant produce information and documents evidencing the telephone calls that Defendant made, or caused to made, for the period of time beginning on May 4, 2011 and ending on May 4, 2015, by using an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice, to persons for whom Defendant's records include a "wrong #" or "wrong number" code, notation, or designation.

Defendant currently believes that it will produce, in the next few weeks, information and documents evidencing the number of persons, for whom Defendant's records include a "wrong #" or "wrong number" code, notation, or designation, to which Defendant made, or caused to made, calls, for the period of time beginning on May 4, 2011 and ending on May 4, 2015, by using an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice. Defendant contends that any such documents or information provided to Plaintiff will necessarily represent an estimate.

Following the date on which Defendant produces such information and documents, the parties will further discuss whether Defendant will agree to produce—and if so, on what basis—related information and documents that Plaintiff requested, *i.e.*, the number of the telephone calls at issue, the dates on which they were made, and the telephone numbers to which they were made. The parties will also revisit any other potential discovery disputes that may remain, and inform this Court of them.

### Plaintiff's Notice of Deposition Pursuant to Rule 30(b)(6)

On October 22, 2015, Plaintiff served Defendant with his notice of deposition pursuant to Rule 30(b)(6), through which he details specific topics about which he plans to examine Defendant's witness. The deposition is tentatively set to take place on November 20, 2015, at 9:00 am.

### Plaintiff's Rule 45 Subpoena for Documents to Sprint PCS Wireless Sprint Spectrum

On October 22, 2015, Plaintiff served Sprint PCS Wireless Sprint Spectrum ("Sprint") with a subpoena for documents related to Plaintiff's account. Sprint's response to Plaintiff's subpoena is due on or before November 22, 2015.

### Timetable for Future Discovery

Plaintiff anticipates that additional written discovery—if for no other reason than to follow up on written discovery already issued—will be required following the date on which he deposes Defendant's designated Rule 30(b)(6) witness. Plaintiff does not currently know whether additional depositions will be required following the date on which he deposes Defendant's designated Rule 30(b)(6) witness(es).

Plaintiff plans to submit an expert report in connection with his motion for class certification. Because Plaintiff must file his motion for class certification on or before March 7,

2016, he plans to disclose the name, address, and vita of his expert witness, and serve the related report required by Fed. R. Civ. P. 26(a)(2), on or before February 5, 2016.

Plaintiff does not currently know whether he will submit an expert report in connection with his motion for summary judgment. Plaintiff's ultimate decision will depend on the defenses that Defendant ultimately chooses to assert, *e.g.,* whether Defendant will dispute that the calls at issue were made by using an automatic telephone dialing system or a predictive dialer, as defined by the Telephone Consumer Protection Act. If Plaintiff decides to submit an expert report in connection with his motion for summary judgment, he must, per this Court's previous order, disclose the name, address, and vita of his expert witness, and serve the related report required by Fed. R. Civ. P. 26(a)(2), no later than 90 days prior to the dispositive motion deadline, which is currently set for March 28, 2016.

Defendant proposes to disclose the name, address, and vita of any expert witness, and serve the related report required by Fed. R. Civ. P. 26(a)(2) within 21 days of Plaintiff serving any such report.

### Completion of all Discovery

This court previously ordered that all non-expert witness discovery and discovery relating to liability issues must be completed by February 26, 2016. The parties do not currently intend to submit a request to extend this deadline.

Date: November 2, 2015 /s/ Aaron D. Radbil
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

/s/ Lisa M. Simonetti
Lisa M. Simonetti
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: (424) 204-7700 F: (424) 204-7702
lsimonetti@vedderprice.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on November 2, 2015, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Aaron D. Radbil
Aaron D. Radbil