UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDY JOHNSON, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC., <br><br> Defendant. | No. 1:15-cv-00716-LJM-MJD |

**ORDER ON DEFENDANT'S MOTION TO STAY**

Defendant Navient Solutions, Inc. ("Navient") has moved to stay this action pending a ruling by the Supreme Court in the cause styled *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015). Dkt. No. 43. Plaintiff Randy Johnson, on behalf of himself and all others similarly situated ("Johnson"), opposes the motion.

For the reasons stated herein, the Court **DENIES** the Motion to Stay.

**I. DISCUSSION**

In this case, Johnson alleges that Navient violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), when it used an automatic telephone dialing system, or an artificial prerecorded voice, to place non-emergency calls to his cell phone without his permission. Compl. ¶ 53. Johnson seeks both injunctive and monetary relief. Compl. ¶¶ 54(e) & (f).

Navient claims that Johnson has abandoned his claim for actual damages; therefore, because he cannot show harm and rests on statutory damages alone,

depending upon the ruling in *Robins*, he may not have standing to bring suit. Dkt. No. 43 at 1-8. In *Robins*, the issue is whether or not a plaintiff has standing based on a claim for statutory damages alone. See *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015). Navient asserts that it would save the time and effort by the parties as well as conserve judicial resource to stay this action until *Robins* is decided. *Id.* at 3-7. Navient contends that a stay is the growing trend among district courts facing an "injury in law" claim. *Id.* at 2 & n.1 (citing cases).

To the contrary, Johnson asserts that the Supreme Court's grant of certiorari in another case does cannot change current Seventh Circuit precedent that concluded that actual damages are not a precondition to recover statutory damages under the Fair Credit Reporting Act ("FCRA"), a similar consumer protection statute. Dkt. No. 45 at 2-4 (citing, *inter alia*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 622 (7th Cir. 2007)). Johnson also claims that he is asserting a claim for actual damages/actual injury and that his failure to produce documentary evidence of those damages to date cannot preclude him from continuing to pursue that claim. *Id.* at 5-8. Further, Johnson argues that the wrongful, active intrusion into Johnson's life is actionable because preservation of privacy is one of the primary purposes of the TCPA. *Id.* at 9-12.

The Court has the inherent power to issue a stay to promote efficiency and to save time and money for litigants. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As Navient suggests, the Court "should grant a motion to stay if a higher court in a separate case will decide issues of law that are significant to the case sought to be stayed." Dkt. No. 43, at 4 (citing *Cambell v. Wagner*, No. NA 86-271-C, 1987 WL 16945, at *1 (S.D. Ind. May 18, 1987)). The Court may consider three factors in ruling on the Motion to Stay:

the prejudice or tactical disadvantage to the non-moving party; whether or not issues will be simplified by the decision in the other case; and whether or not a stay will reduce the burden of litigation on a party. *See Cook Inc. v. Endologix, Inc.*, No. 1:09-cv-01248-WTL-TAB, 2010 WL 325960, at *1 (S.D. Ind. Jan. 21, 2010).

Based on the allegations in the Complaint and the TCPA's protection of Johnson's privacy rights, the Court concludes that Johnson has stated a claim for actual harm, upon which he may rely to provide standing. *Accord Schumacher v. Credit Protection Ass'n*, Cause No. 4:13-cv-00164-SEB-DML, 2015 WL 5786139, at *5 (S.D. In. Sept. 30, 2015); *Martin v. Leading Edge Recovery Solutions, LLC*, Cause No. 11 C 5886, 2012 WL 3292838, at *2 (N.D. Ill. Aug. 10, 2012) (citing TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional statement of findings)); *Anderson v. AFNI, Inc.*, No. CIV.A. 10-4064, 2011 WL 1808779, at *6 (E.D. Pa. May 11, 2011). *See also* Dkt. No. 45 at 10-11 (discussing Senator Hollings', FCC Commissioner Jessica Rosenworcel's, and FCC Chairman Tom Wheeler's remarks regarding the purpose of the TCPA to protect consumer's right to privacy). Johnson has alleged repeated automated calls to his cell phone directed to collection of a debt owed by a third-party. Compl. ¶¶ 10-13. His attempts to stop the calls by explaining that he was not the person Navient was looking for went unheeded. *Id.* Any harassment caused by these calls could be actionable. Further, the Court is not persuaded by Navient's argument that Johnson has abandoned his claim for actual damages. Although he would need proof of monetary and/or compensatory damages to recover them at trial, discovery is not over and it is evident that he could prove some harm to his privacy.

3

For these reasons, Navient's claim that Johnson's standing is predicated only on an injury in law fails. As a result, delay will unduly prejudice Johnson because the *Robins* decision will not affect his entitlement to relief for the harm to his privacy rights he claims were caused by Navient's alleged violation of the TCPA.

## II. CONCLUSION

Defendant Navient Solutions, Inc.'s Motion to Stay is **DENIED**.

IT IS SO ORDERED this 15th day of December, 2015.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Aaron David Radbil
GREENWALD DAVIDSON RADBIL PLLC
aradbil@gdrlawfirm.com

Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
mgreenwald@gdrlawfirm.com

Ryan Scott Lee
KROHN & MOSS LTD.
rlee@consumerlawcenter.com

Lisa M. Simonetti
VEDDER PRICE LLP
lsimonetti@vedderprice.com

Jeanah Park
VEDDER PRICE P.C.
jpark@vedderprice.com

David M. Cummings
VEDDER PRICE, P.C.
dcummings@vedderprice.com