# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

Randy Johnson, *on behalf of himself and others similarly situated*,

        Plaintiff,

v.                                        Case No. 1:15-cv-00716-LJM-MJD

Navient Solutions Inc.,
f/k/a Sallie Mae, Inc.,

        Defendant.

## JOINT REPORT ON THE STATUS OF DISCOVERY

On October 21, 2015, this Court issued an order requiring the parties to submit, on or before November 2, 2015, and every twenty-one days thereafter, a Joint Report on the status of discovery. Pursuant to an extension of time that the Court allowed on December 16, 2015, the parties accordingly submit the following Joint Report, and incorporate by reference their November 2, 2015 and November 23, 2015 Joint Reports.

### Depositions

Plaintiff plans to depose Defendant's designated Rule 30(b)(6) witness on January 6, 2015, in Wilmington, DE.

The parties are in the process of working through a specific stipulation that they believe will help streamline this deposition. The parties have not yet agreed upon the exact language of the stipulation. The stipulation will, however, encompass the following general concepts:

Defendant will not contest that it used an automatic telephone dialing system ("ATDS"), as defined by the Telephone Consumer Protection Act ("TCPA"), to make the calls that it placed to Plaintiff.

1

Defendant will not contest that it used an ATDS, as defined by the TCPA, to make the calls at issue to the members of the class that Plaintiff seeks to represent. These calls include those that Defendant placed to the group of individuals that it is currently compiling, to which the parties refer below.

**Written Party Discovery**

Defendant is compiling a data set consisting of the number of persons to whom Defendant made, or caused to made, "wrong number" calls—in that the called party was allegedly not the intended recipient—for the period of time beginning on May 4, 2011 and ending on May 4, 2015, by using an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice. Against this backdrop, the parties hope to minimize and streamline the discovery disputes that they have raised.

**Subpoena**

Since the parties' December 4, 2015 discovery conference with this Court, Plaintiff again followed up with Sprint, in writing, regarding its deficient response to his Rule 45 subpoena for documents. Plaintiff has not received a written reply from Sprint. Sprint did, however, leave a voice message for Plaintiff. Plaintiff then returned a call to Sprint, and left a voice message. Without additional assistance from Sprint in the relatively near future—which Plaintiff has not ruled out—he may file a motion to enforce the subpoena.

**Timetable for Future Discovery**

Plaintiff anticipates that additional written discovery will be required following the date on which he deposes Defendant's designated Rule 30(b)(6) witness. Plaintiff does not currently know whether additional depositions will be required following the date on which he deposes Defendant's designated witness.

Plaintiff plans to submit an expert report in connection with his motion for class certification. Because Plaintiff must file his motion for class certification on or before March 7, 2016, he currently plans to disclose the name, address, and vita of his expert witness, and serve the related report required by Fed. R. Civ. P. 26(a)(2), on or before February 5, 2016. Plaintiff's position may, however, change, depending on the information that Defendant's designated Rule 30(b)(6) witness is able to provide on January 6, 2015.

Defendant proposes to disclose the name, address, and vita of any expert witness, and serve the related report required by Fed. R. Civ. P. 26(a)(2) within 21 days of Plaintiff serving any such report. Defendant also intends to take discovery of Plaintiff regarding any claim for actual damages that he might pursue here, among other topics.

## Completion of all Discovery

This Court ordered on December 4, 2015 that all non-expert witness discovery and discovery relating to liability issues must be completed by May 4, 2016. The parties do not currently intend to submit a request to extend this deadline.

Date: December 21, 2015

/s/ Aaron D. Radbil
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

/s/ Lisa M. Simonetti
Lisa M. Simonetti
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: (424) 204-7700 F: (424) 204-7702
lsimonetti@vedderprice.com

3

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on December 21, 2015, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

<pre>                        /s/ Aaron D. Radbil
                        Aaron D. Radbil</pre>