# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

Randy Johnson, *on behalf of himself and others similarly situated*,

Plaintiff,

vs.

Navient Solutions Inc.,
f/k/a Sallie Mae, Inc.,

Defendant.

Case No. 1:15-cv-00716-LJM-MJD

## RESPONSES OF DEFENDANT NAVIENT SOLUTIONS, INC. TO PLAINTIFF'S INITIAL INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendant Navient Solutions, Inc. ("NSI") hereby responds and objects to the First Set of Interrogatories (the "Interrogatories") propounded by plaintiff Randy Johnson ("Plaintiff") as follows:

## PRELIMINARY STATEMENT

NSI responds to the Interrogatories based upon the investigation conducted in the time available since service of the Interrogatories. As of the date of these Responses, NSI has had an insufficient opportunity to review all documents, interview all personnel and otherwise obtain information that may prove relevant in this case, including, without limitation, through discovery of Plaintiff and/or third parties. As a consequence, these Responses are based upon information now known to NSI and that NSI believes to be relevant to the subject matter covered by the Interrogatories. In the future, NSI may discover or acquire additional information, or may discover documents currently in its possession, bearing upon the Interrogatories and these Responses thereto. Without in any way obligating itself to do so, NSI reserves the right: (A) to make subsequent revisions, supplementation or amendment to these Responses based upon any

information, evidence, documents, facts and things that hereafter may be discovered, or the relevance of which may hereafter be discovered; and (B) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein. NSI incorporates this Preliminary Statement into each Response herein as if fully set forth.

## GENERAL OBJECTIONS

1. Subject to the Preliminary Statement and to every general and specific objection stated herein, NSI objects to the Interrogatories as set forth below. NSI's statements in response to the Interrogatories shall not be construed to be a waiver of any of the general or specific objections interposed herein.

2. NSI objects to the Interrogatories to the extent that they seek to impose burdens on NSI that are inconsistent with, or in addition to, its discovery obligations pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court. NSI will respond consistent with the applicable requirements.

3. NSI objects to the Interrogatories to the extent that they are not limited to a time period relevant or even proximate to the events at issue in this action.

4. NSI object to the Interrogatories to the extent that they are vague and ambiguous.

5. NSI objects to the Interrogatories to the extent that they are overly broad, unduly burdensome and harassing.

6. NSI objects to the Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, applicable regulatory privileges or any other applicable privilege or immunity.

7. NSI objects to the Interrogatories to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

8. NSI objects to the Interrogatories to the extent that they seek information in which non-parties have a legitimate expectation and/or right of privacy.

9. NSI objects to the Interrogatories to the extent that they seek confidential, proprietary business information that belongs to NSI. NSI will not disclose any such confidential information without the execution by the parties, and entry by the Court, of an appropriate Stipulation re Confidentiality Agreement and Protective Order.

10. NSI objects to the Interrogatories to the extent that they exceed the proper scope of discovery prior to class certification.

11. NSI incorporates the Preliminary Statement and the General Objections into each Response herein as if fully set forth. Without waiving any of the foregoing objections, all of which are incorporated by reference in the specific Responses below, NSI responds as follows.

## SPECIFIC RESPONSES

### INTERROGATORY NO. 1:

Identify each person who participated in answering, or provided information used to answer, Plaintiff's discovery requests.

### ANSWER TO INTERROGATORY NO. 1:

NSI objects to this Interrogatory on the grounds, among others, that it is overly broad. Without waiving and subject to these objections and the general objections, NSI responds to this Interrogatory as follows: Patricia Peterson, an employee of NSI, in consultation with counsel. NSI is not obligated to identify counsel in this Response.

## INTERROGATORY NO. 2:

Identify each person who participated in any way in Defendant's communications, or attempted communications, with Plaintiff.

## ANSWER TO INTERROGATORY NO. 2:

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; and (ii) it is overly broad, unduly burdensome and harassing.

## INTERROGATORY NO. 3:

Identify each communication, or attempted communication, between Defendant and Plaintiff.

## ANSWER TO INTERROGATORY NO. 3:

NSI objects to this Interrogatory on the grounds, among others, that it is vague and ambiguous. Without waiving and subject to these objections and the general objections, NSI responds to this Interrogatory as follows: NSI will produce the call logs related to Plaintiff.

## INTERROGATORY NO. 4:

Identify all software, hardware, and equipment that Defendant uses, or used, in any manner, in connection with its communications, or attempted communications, with Plaintiff.

## ANSWER TO INTERROGATORY NO. 4:

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, unduly burdensome and harassing; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (iv) it seeks confidential, proprietary business information that belongs to NSI. Without waiving and subject to these objections and the general objections, NSI responds to this

-4-

Interrogatory as follows: NSI utilized a Noble dialer system and an ININ dialer system in making certain calls to a number that allegedly is assigned to Plaintiff's cellular telephone.

**INTERROGATORY NO. 5:**

Identify each call, or attempted call, that Defendant made, or caused to be made, to (317) 664-2476.

**ANSWER TO INTERROGATORY NO. 5:**

The Answer to Interrogatory No. 3 is incorporated herein by reference as if fully set forth.

**INTERROGATORY NO. 6:**

Identify each call, or attempted call, that Defendant made, or caused to be made, to (317) 664-2476, by using an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice.

**ANSWER TO INTERROGATORY NO. 6:**

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; and (ii) it calls for a legal conclusion with respect to the phrase "automatic telephone dialing system." Without waiving and subject to these objections and the general objections, NSI responds to this Interrogatory as follows: The Answer to Interrogatory No. 3 is incorporated herein as if fully set forth.

**INTERROGATORY NO. 7:**

Identify any system, scheme, technique, practice, procedure, or method that Defendant maintains, operates, or employs, or maintained, operated, or employed, to record, memorialize,

-5-
LOS_ANGELES/#8834.1

or otherwise document communications, or attempted communications, between Defendant and Plaintiff.

**ANSWER TO INTERROGATORY NO. 7:**

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, unduly burdensome and harassing; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it seeks confidential, proprietary business information that belongs to NSI.

**INTERROGATORY NO. 8:**

Identify the number of telephone numbers to which Defendant made, or caused to be made, calls, or attempted calls, for the four year period prior to the date on which Plaintiff filed her class action complaint.

**ANSWER TO INTERROGATORY NO. 8:**

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, unduly burdensome and harassing; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (v) it exceeds the proper scope of discovery prior to class certification; and (vi) it seeks confidential, proprietary business information that belongs to NSI.

**INTERROGATORY NO. 9:**

Identify the number of telephone numbers to which Defendant made, or caused to be made, calls, or attempted calls, by using an automatic telephone dialing system, a predictive

dialer, or an artificial or prerecorded voice, for the four year period prior to the date on which Plaintiff filed her class action complaint.

**ANSWER TO INTERROGATORY NO. 9:**

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, unduly burdensome and harassing; (iii) it calls for a legal conclusion with respect to the phrase "automatic telephone dialing system"; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (v) it exceeds the proper scope of discovery prior to class certification; and (vi) it seeks confidential, proprietary business information that belongs to NSI.

**INTERROGATORY NO. 10:**

Identify the number of telephone numbers to which Defendant made, or caused to be made, calls, or attempted calls, by using an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice, for the four year period prior to the date on which Plaintiff filed her class action complaint, absent express consent to do so.

**ANSWER TO INTERROGATORY NO. 10:**

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, unduly burdensome and harassing; (iii) it calls for a legal conclusion with respect to the phrase "automatic telephone dialing system" and "prior express consent"; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (v) it exceeds the proper scope of discovery prior to class certification; and (vi) it seeks confidential, proprietary business information that belongs to NSI. Without waiving and subject to, these objections and the general objections, NSI responds to this Interrogatory as follows: NSI is not aware of making autodialed calls to cellular

telephones without prior express consent on a broad basis, and the inquiry into consent must be performed, in part, through a manual review of information pertaining to student loan borrower accounts. Accordingly, NSI cannot readily access the information that is sought.

**INTERROGATORY NO. 11:**

Identify the number of telephone numbers to which Defendant made, or caused to be made, calls, or attempted calls, by using an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice, for the four year period prior to the date on which Plaintiff filed her class action complaint, after the called party revoked any express consent to do so—whether orally or in writing.

**ANSWER TO INTERROGATORY NO. 11:**

The Answer to Interrogatory No. 10 is incorporated herein as if fully set forth.

**INTERROGATORY NO. 12:**

Identify the number of telephone numbers to which Defendant made, or caused to be made, calls, or attempted calls, by using an automated telephone dialing system, a predictive dialer, or an artificial or prerecorded voice, for the four year period prior to the date on which Plaintiff filed her class action complaint, after the date on which Defendant's records for the numbers called included a code or other notation indicating that the called party, or a party associated with the number called, previously (a) informed Defendant that the number to which it placed the call was the wrong number, (b) directed Defendant to stop calling the number to which it placed the call, or (c) instructed Defendant to take the number to which it placed the call off of its call list.

## ANSWER TO INTERROGATORY NO. 12:

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, unduly burdensome and harassing; (iii) it calls for a legal conclusion with respect to the phrase "automatic telephone dialing system"; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (v) it seeks confidential, proprietary business information that belongs to NSI; and (vi) it exceeds the proper scope of discovery prior to class certification. Without waiving and subject to, these objections and the general objections, NSI responds to this Interrogatory as follows: NSI is not aware of making autodialed calls to cellular telephones under the conditions described in the Interrogatory on a broad basis, and the inquiry into those conditions must be performed, in part, through a manual review of information pertaining to student loan borrower accounts. Accordingly, NSI cannot readily access the information that is sought.

## INTERROGATORY NO. 13:

For the telephone numbers that Defendant identifies through its answers to interrogatories nos. 8-12, state the number that are, or were, assigned to a cellular telephone service.

## ANSWER TO INTERROGATORY NO. 13:

The Answers to Interrogatories 8-12 are incorporated herein as if fully set forth.

## INTERROGATORY NO. 14:

Identify the number of persons that fall within the class definitions found at paragraph 25 of Plaintiff's class action complaint.

## ANSWER TO INTERROGATORY NO. 14:

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, unduly burdensome and harassing; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (v) it seeks confidential, proprietary business information that belongs to NSI; (vi) it exceeds the proper scope of discovery prior to class certification; and (vii) it seeks information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Without waiving and subject to, these objections and the general objections, NSI responds to this Interrogatory as follows: The Answers to Interrogatory Nos. 8-12 are incorporated herein as if fully set forth. Further, for purposes of this action only, NSI does not contest the element of numerosity under Rule 23 of the Federal Rules of Civil Procedure.

## INTERROGATORY NO. 15:

Identify the number of calls, or attempted calls that Defendant made, or caused to be made, to persons that fall within the class definitions found at paragraph 25 of Plaintiff's class action complaint, by using an automated telephone dialing system, a predictive dialer, or an artificial or prerecorded voice.

## ANSWER TO INTERROGATORY NO. 15:

The Answers to Interrogatory Nos. 8-12 are incorporated herein as if fully set forth.

## INTERROGATORY NO. 16:

Identify any business relationship Defendant has, or ever had, with Plaintiff.

-10-
LOS_ANGELES/#8834.1

### ANSWER TO INTERROGATORY NO. 16:

NSI objects to this Interrogatory on the grounds, among others, that it is vague and ambiguous. Without waiving and subject to, these objections and the general objections, NSI responds to this Interrogatory as follows: To NSI's knowledge, NSI is not currently, nor has it ever been, engaged in a business relationship with Plaintiff.

### INTERROGATORY NO. 17:

Identify any codes or notations that Defendant uses to record a person's (i) statement that he or she revokes consent to be contacted [sic] an automatic telephone dialing system, a predictive dialer, or an artificial or prerecorded voice, or (ii) indication that Defendant contacted the wrong person or telephone number, or (iii) request that Defendant stop calling the number that it called, or that Defendant remove the number it called from its call-list or records.

### ANSWER TO INTERROGATORY NO. 17:

NSI objects to this Interrogatory on the grounds, among others, that: (i) it is vague and ambiguous; (ii) it is overly broad, unduly burdensome and harassing; (iii) it calls for a legal conclusion with respect to the phrase "automatic telephone dialing system"; (iv) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (v) it seeks confidential, proprietary business information that belongs to NSI.

Dated: September 3, 2015

Respectfully submitted,

*/s/ David M. Cummings*
Lisa M. Simonetti
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: (424) 204-7700
F: (424) 204-7702
lsimonetti@vedderprice.com

David M. Cummings
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: (312) 609-7500
F: (312) 609-5005
dcummings@vedderprice.com

Attorneys for Defendant
NAVIENT SOLUTIONS, INC.

# **VERIFICATION**

I, Patricia Peterson, am an employee of Navient Solutions, Inc. ("NSI"), a party to this action, and am authorized to make this Verification on its behalf. I have read NSI's Responses to Plaintiff's Initial Interrogatories (the "Responses"). I am informed and believe, including based on information that I have received during the course of my employment at NSI, as well as a review of records maintained by or belonging to NSI with respect to the conduct challenged by plaintiff in this action, that the matters set forth in the Responses are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 3 day of September 2015 at Arcade, New York.

*Patricia Peterson*
Patricia Peterson

LOS_ANGELES/#8834.1

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing RESPONSES OF DEFENDANT NAVIENT SOLUTIONS, INC. TO PLAINTIFF'S INITIAL INTERROGATORIES were served on:

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
T. (512) 322-3912
F. (561) 961-5684
aradbil@gdrlawfirm.com

Ryan Scott Lee
KROHN & MOSS LTD.
10474 Santa Monica Blvd.
Suite 401
Los Angeles, CA 90025
T: (323) 988-2400
F: (866) 861-1390
rlee@consumerlawcenter.com

by electronic mail and by depositing the same in the U.S. Mail, first-class postage prepaid, at 222 North LaSalle Street, Suite 2600, Chicago, Illinois 60601-1003 on September 3, 2015.

/s/ David M. Cummings
David M. Cummings