UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Randy Johnson,
*on behalf of himself and others similarly situated*,

        Plaintiff,

v.                                Case No. 1:15-cv-00716-LJM-MJD

Navient Solutions Inc., f/k/a Sallie Mae, Inc.

        Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED CLASS ACTION COMPLAINT**

Mr. Johnson respectfully requests that this Court grant him leave to file an amended class action complaint to add Tony Heard as a named plaintiff in this matter. Mr. Johnson's proposed amended class action complaint is attached as Exhibit A.

**Statement of Relevant Procedure**

1. On May 4, 2015, Randy Johnson filed his class action complaint against Navient Solutions, Inc. ("Defendant"), through which he alleges violations of the Telephone Consumer Protection Act ("TCPA"). Doc. 1.

2. On August 17, 2015, this Court approved the parties' case management plan, Doc. 22, which states, in part: "All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before October 2, 2015." Doc. 19 at 2, Section III.B.

3. On March 8, 2016, Mr. Johnson filed his motion for class certification, through which he seeks to certify the following class: Each person and entity throughout the United States (a) to whom Defendant placed one or more telephone calls (b) directed to a number assigned to a cellular telephone service, (c) by using an automatic telephone dialing system, (d) after the person

or entity informed Defendant that it was calling the wrong telephone number, (e) between May 4, 2011 and March 7, 2016. Doc. 75 at 2.

4. In early June 2016, Tony Heard retained the undersigned counsel to represent him in connection with claims arising out of Defendant's alleged violations of the TCPA.

5. On June 6, 2016, the undersigned counsel notified counsel for Defendant that Mr. Heard had retained his firm, and also informed counsel for Defendant that Mr. Heard recently obtained a new cellular telephone number, that he received artificial or pre-recorded voice calls from Defendant in an attempt to reach someone other than him, that he informed one of Defendant's representatives he was not the person Defendant was attempting to reach, that he nonetheless continued to receive calls from Defendant, and that he would like the calls from Defendant to stop.

6. The undersigned counsel also asked counsel for Defendant to provide Defendant's call notes for Mr. Heard's cellular telephone number.

7. On June 17, 2016, the undersigned counsel followed up with counsel for Defendant regarding his request for Defendant's call notes for Mr. Heard's cellular telephone number.

8. Also on June 17, 2016, the undersigned counsel asked counsel for Defendant if Defendant has an objection to adding Mr. Heard as a named plaintiff in this matter.

9. Counsel for Defendant has not responded to Plaintiff's requests relating to Mr. Heard.

**Standard**

"Rule 16(b) provides in pertinent part that a schedule may be modified only for good cause and with the judge's consent." *Dowers v. Mize*, No. 1:09-CV-0270-LJM-DML, 2010 WL 2694995, at *2 (S.D. Ind. July 2, 2010) (McKinney, J.). This means that "[t]o amend a pleading

after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "'[G]ood cause' means that the deadline could not be met despite the party's diligence." *Dowers*, 2010 WL 2694995, at *2. "In other words, to demonstrate good cause, [the moving party] must show that despite his diligence, the timetable could not reasonably have been met." *Id.*[1]

### Argument

Mr. Johnson has good cause to amend his class action complaint now, as he simply could not have added Mr. Heard as a named plaintiff in this matter until late May 2016, at the earliest. This is because Mr. Heard did not receive the telephone calls that give rise to his claims against Defendant under the TCPA until May 2016. Consequently, no matter Mr. Johnson's diligence, "the [October 2, 2015] timetable [to amend his class action complaint to add Mr. Heard as a named plaintiff] could not reasonably have been met." *See Dowers*, 2010 WL 2694995, at *2. What's more, Mr. Johnson has diligently worked to add Mr. Heard as a named plaintiff in this matter since Mr. Heard retained the undersigned counsel in early June 2016.

As well, the facts underlying Mr. Heard's claims against Defendant present good cause for Mr. Johnson to amend his class action complaint now, to add Mr. Heard as a named plaintiff. In short, while Mr. Heard's claims are materially identical to Mr. Johnson's claims against Defendant under the TCPA, Mr. Heard's claims arise from conduct that occurred after the class period Mr. Johnson identifies through his motion for class certification expires. Therefore, adding Mr. Heard

---

[1] Rule 15 states that once the time to amend a pleading as a matter of course has passed "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 also instructs that even where the court's leave is needed to amend a pleading, "[t]he court should freely give leave when justice so requires." *Id.*

3

as a named plaintiff in this matter—which will allow Mr. Johnson to extend his proposed class period—will, in turn, and in the event this Court certifies a class, permit additional unnamed class members to participate in this matter absent having to file a separate class action over identical claims. This will, of course, conserve resources, if for no other reason than that the parties would almost certainly have to engage in discovery duplicative of the discovery in which they engaged in this matter should Mr. Heard be forced to file a separate TCPA class action against Defendant.

Also, given that Mr. Johnson and his counsel have spent a great deal of time litigating this matter to date, including filing a motion for class certification, Doc. 75, if this Court grants Mr. Johnson leave to file an amended complaint to add Mr. Heard as a named plaintiff, Mr. Heard and additional unnamed plaintiffs who do not now fall within Mr. Johnson's proposed class definition would not have to wait years for a new class action to progress to the stage that this matter has.

Finally, the addition of Mr. Heard to this matter will not cause any undue delay. Other than minor discovery directed to the calls that Defendant made to Mr. Heard, the bulk of discovery already completed in this matter, including expert discovery, will apply in equal force to Mr. Heard's claims. Thus, and as stated above, adding Mr. Heard to this matter will conserve resources of the parties and the judiciary without the need for a separate, parallel class action over identical claims.

## Conclusion

Mr. Johnson requests that this Court grant him leave to file an amended class action complaint to add Tony Heard as a named plaintiff in this matter.

Date: June 24, 2016							Respectfully Submitted,

/s/ Aaron D. Radbil
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael L. Greenwald
Jesse S. Johnson (*pro hac vice*)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jjohnson@gdrlawfirm.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on June 24, 2016, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Aaron D. Radbil
Aaron D. Radbil

5