**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| RANDY JOHNSON, on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:15-cv-0716 LJM-MJD |
| NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC., | |
| Defendant. | |

**DEFENDANT NAVIENT SOLUTIONS, INC.'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND**

Defendant Navient Solutions, Inc. ("NSI"), by its attorneys, Vedder Price (CA), LLP, for its Opposition to Plaintiff's Motion for Leave to File Amended Class Action Complaint (the "Motion"), hereby states as follows:

**I.    Introduction**

In the Motion, plaintiff Randy Johnson ("Johnson") proposes the addition of another named plaintiff, Tony Heard ("Heard").  According to Johnson, this is an insignificant amendment, which will require no more than the taking of Heard's deposition and, thus, the amendment would neither prejudice NSI nor disrupt these proceedings.  This is simply not so.  To the contrary, allowing the addition of Heard at this late stage of these complex proceedings would cause significant prejudice to NSI and also undoubtedly would result in substantial delay.  Indeed, this matter has been pending since May 4, 2015, and there has been extensive discovery, including of expert witnesses (with a fast-approaching discovery cutoff of August 1, 2016), and the case management deadlines already have been extended several times.  Moreover, Johnson filed the Motion on June 24, 2016, the same day upon which NSI filed its Opposition to

Johnson's Motion for Class Certification (the "Certification Motion"). As set forth in the Opposition, NSI has strong arguments against class certification based on the facts applicable to Johnson and his own claims. However, it is both far too late and improper for Johnson to attempt to cure those problems now by the addition of Heard. Accordingly, the Court should deny the Motion.[1]

## II.  Background

Johnson filed the Class Action Complaint on May 4, 2015, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"). (Dkt. No. 1.) Specifically, Plaintiff claims that NSI called him on his cellular telephone number using an autodialer multiple times after he informed NSI that it was calling the wrong number. (Complaint, ¶¶ 10–22.) Johnson brings the claims for himself and for a supposed class of persons.

On August 17, 2015, the Court entered an Order approving a Case Management Plan. (Dkt. No. 22.) Further, on August 18, 2015, the Court entered a Scheduling Order. These Orders set the following case management dates:

- **September 4, 2015**: initial disclosures due;
- **September 11, 2015**: plaintiff's preliminary witness and exhibit lists due;
- **September 18, 2015**: defendant's preliminary witness and exhibit lists due
- **October 2, 2015**: (1) all motions for leave to amend the pleadings and/or to join additional parties; and (2) plaintiff's statement of special damages, if any, and settlement demand due;
- **October 23, 2015**: defendant's response to plaintiff's statement of special damages and settlement demand due;
- **November 2015**: settlement conference;
- **February 26, 2016**: non-expert witness discovery and discovery relating to liability issues due;
- **March 28, 2016**: dispositive motions due;
- **May 2, 2016**: plaintiff's expert witness disclosures due;

---

[1] Also, NSI in no way concedes that Heard has any viable claim here. NSI has only just commenced its investigation into the issue.

- **June 3, 2016**: (1) defendant's expert witness disclosures; and (2) both parties' final witness and exhibit lists due;
- **July 29, 2016**: expert witness discovery and discovery relating to damages due;
- **August 12, 2016**: <u>Daubert</u> motions due;
- **December 1, 2016**: final pre-trial conference;
- **December 13, 2016**: trial.

Subsequently, on October 21, 2015, the Court entered an Order requiring Johnson to file his motion to certify class by March 7, 2016. (Dkt. No. 32.)

The parties have been engaged in substantial discovery since entry of the August 17, 2015 Order. NSI has produced over 100,000 pages of documents to Johnson (and a sample data set that took significant time to compile) and produced its witness under Rule 30(b)(6). NSI's expert witness, Margaret Daley ("Daley"), will be produced for deposition on July 13, 2016; Daley has undertaken very significant analysis in this matter. Meanwhile, NSI has taken Johnson's deposition, along with the deposition of his proposed expert witness, Anya Verkhovskaya ("Verkhovskaya").

For several reasons, including the extensive discovery this matter has required, the case management dates have been changed multiple times. For instance:

- The settlement conference set for November 16, 2015, was vacated and continued to June 29, 2016, and then subsequently changed to May 16, 2016. (Dkt. Nos. 32, 69.)
- The dispositive motions deadline was changed from March 28, 2016, to June 3, 2016. (Dkt. No. 69.)
- The discovery deadline was set for August 1, 2016. (Dkt. No. 86.)
- The dispositive motion deadline was changed again from June 3, 2016, to September 2, 2016. (<u>Id.</u>)
- The trial date set for December 13, 2016, was vacated and re-set to May 31, 2017. (Dkt. No. 93.)

Johnson filed the Certification Motion on March 7, 2016. (Dkt. No. 75.) NSI filed its Opposition on June 24, 2016, along with a Motion to Strike Expert Testimony with respect to Verkhovskaya (the "Motion to Strike"). The briefing on the Certification Motion will be complete by July 22, 2016, and on the Motion to Strike by August 12, 2016.

It is unclear when Johnson became aware of Heard's supposed claims, but the Motion states that he "could not have added Mr. Heard as a named plaintiff in this matter until late May 2016." (Motion, at 3). However, on June 24, 2016, at 5:59 P.M. Eastern, shortly before NSI filed its Opposition to the Certification Motion, Johnson filed the Motion.

At this time, the remaining case management dates are as follows:

- **July 29, 2016**: expert witness discovery and discovery relating to damages shall be completed;
- **August 1, 2016**: all discovery due;
- **August 12, 2016**: (1) statement of claims; and (2) objections to limit or preclude expert testimony due;
- **September 2, 2016**: dispositive motions due;
- **November 17, 2016**: (1) list of trial witnesses and exhibits; (2) stipulations of fact; (3) a written summary of the relevant facts for any deposition testimony to be offered during trial; (4) trial briefs; (5) motions in limine; (6) proposed jury instructions; and (7) voir dire questions and areas of inquiry for voir dire;
- **November 24, 2016**: (1) notify opposing counsel of any objections to proposed exhibits; (2) file objections to motions in limine; (3) objections to jury instructions; (4) objections to voir dire questions; and (5) notify the court and opposing counsel of requests for separation of witnesses at trial;
- **May 25, 2017**: pre-trial conference;
- **May 31, 2017**: trial.

**III.   Argument**

    **A.   Legal Standards For Amendment Of Pleadings And Scheduling Orders**

"Federal Rule of Civil Procedure 15(a) provides that a party must obtain leave of court or written consent of the opposing party to amend a pleading." Ibrahim v. Old Kent Bank, No. 99 C 999, 2000 U.S. Dist. LEXIS 2676, at *5 (N.D. Ill. Feb. 25, 2000) (citing Garner v. Kinnear Mfg. Co., 37 F.3d 263, 269 (7th Cir. 1994)). "Under Rule 15(a) of the Federal Rules of Civil Procedure, district courts may grant leave to amend a pleading and such leave 'shall be freely given when justice so requires,' so long as there is no harm to the other party." Id. (citing Fed. R. Civ. P. 15). "Leave to amend is 'inappropriate where there is . . . undue prejudice to the opposing party by virtue of allowance of the amendment.'" Id. (citing cases).

-4-

Additionally, where a scheduling order has been entered and the amendment of pleadings deadline has passed, the party seeking to amend must first demonstrate good cause before Rule 15(a)'s more liberal standard for amendments applies. FED. R. CIV. P. 16(b)(4); see also Alioto v. Town of Lisbon, 651 F.3d 715, 719 (7th Cir. 2011). In analyzing whether good cause exists, a court "primarily considers the diligence of the party seeking amendment." Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

> **B.  Johnson Has Not Demonstrated Good Cause To Modify The Scheduling Order.**

Where a significant portion of litigation has occurred, courts are not inclined to find good cause to modify scheduling orders. See In re FedEx Ground Package Sys., Inc., Empl. Practices Litig., No. 3:05-MD-527 RM (MDL-1700), 2007 U.S. Dist. LEXIS 25022 (N.D. Ind. Apr. 2, 2007). Here, the parties have been engaging in extensive discovery for more than a year, and significant, complex briefing will soon be completed on the Certification Motion and the Motion to Strike. Moreover, Johnson has not demonstrated diligence in seeking amendment. Accordingly, there is no good cause to modify the scheduling order and allow Johnson to amend his complaint.

Indeed, in this regard, In re FedEx Ground Package Sys, Inc. Empl. Practices Litig., is directly on point. In that matter, the court set the discovery and class certification deadlines, and then extended those deadlines several times. Id. at *2. After the discovery deadline passed, and, after class certification briefing had commenced for some defendants, plaintiffs sought to amend their complaint to add new named plaintiffs, arguing that they were not approached by the new plaintiffs until a late date. Id. at *2–5. The court denied the motion, reasoning that:

> [T]his [c]ourt has already extended the discovery deadline and the class certification briefing schedule in this case several times, which has allowed

-5-

> [p]laintiffs an abundance of opportunity and time to adequately prosecute this litigation, determine all the appropriate named [p]laintiffs, and amend their complaints to contain the appropriate requests for relief.

Id. at *4–5. The court also noted that, "[b]ecause of the ample time [p]laintiffs have already had and the extent of which this litigation has already been delayed, amending the complaint at this late stage of the litigation, after the close of discovery, is simply not in the interests of justice." Id.

Similarly, here, the Court has already provided several extensions to the schedule in this matter, and all discovery and briefing on the Certification Motion and the Motion to Strike will be complete by August 12, 2016. Further, this matter has been pending since May 4, 2015, and Johnson has had "an abundance of opportunity and time to adequately prosecute this litigation" and "determine all the appropriate named [p]laintiffs." Id. at *5. Moreover, while Johnson alleges that he was not aware of Heard's claims until May of 2016, he delayed even then. Johnson did not file the Motion until June 24, 2016, the day on which NSI's Opposition to the Certification Motion was due. Thus, the Court should deny Johnson's request to modify the Scheduling Order for lack of good cause.

### C. Even If Johnson Could Demonstrate Good Cause To Modify The Scheduling Order, Which He Cannot, The Proposed Amendment Plainly Would Prejudice NSI.

Notably, and conspicuously, Johnson says very little in the Motion about "the most important factor in determining whether to allow an amendment to a complaint" -- namely, the "[p]rejudice to [NSI]" if he is allowed to amend the complaint. Ameritech Corp. v. Computer Sys. Solutions, Inc., 188 F.R.D. 280, 283 (N.D. Ill. 1999). Moreover, and importantly, where a defendant has spent significant time and resources briefing issues to defeat a plaintiff's claims, courts apply a heightened standard in analyzing motions to amend. See, e.g., Cowen v. Bank United FSB, No. 94-C-3838, 1995 U.S. Dist. LEXIS 1087, at *26 (N.D. Ill. Jan. 25, 1995) (citing cases) ("[W]here a plaintiff seeks to amend his complaint after the defendant has already moved for summary judgment, the plaintiff must first show that the proposed amendment has substantial

merit and is supported by substantial and convincing evidence."); accord Talano v. Northwestern Med. Faculty Found., Inc., No. 97-C-7618, 1999 U.S. Dist. LEXIS 18455, at *5 (N.D. Ill. Nov. 23, 1999) (citing Verhein v. So. Bend Lathe, Inc., 598 F.2d 1061, 1063 (7th Cir. 1979)). "The reason for applying this heightened standard . . . is because a critical factor in deciding whether to allow a party to amend his complaint is the degree of prejudice to the defendant, and a defendant would be seriously prejudiced if the plaintiff had the unfettered right to alter his cause of action every time it appeared that the defendant might be able to defeat it." Cowen, 1995 U.S. Dist. LEXIS 1087, at *26–27 (emphasis added); see also Talano, 1999 U.S. Dist. LEXIS 18455, at *7 ("This motion comes . . . two weeks after [defendant] filed its motion for summary judgment. It is apparent that if the court were to grant plaintiff's leave to amend at this juncture, [defendants] would be compelled to incur additional discovery costs, and there would be undue delay and prejudice to the parties.").

Here, Johnson made no serious effort to meet this heightened standard, and the prejudice to NSI is obvious. Indeed, NSI has already filed its Opposition to the Certification Motion. In that Opposition, following extensive discovery and expert work, NSI detailed many, significant obstacles to certification based on the facts pertaining to Johnson and his own claims. Thus, it is no surprise that Johnson would seek to add another plaintiff, but it is improper at this point nonetheless. As noted above, a plaintiff may not simply re-start his case when it appears he cannot prevail.

Moreover, and very simply, the proposed amendment would derail these advanced proceedings. At a minimum, allowing Johnson to amend now would require the deposition of Heard, additional analysis from NSI's expert, Daley, re-briefing of the Certification Motion and the Motion to Strike, and a further extension of the case management deadlines. For this reason,

too, amendment is inappropriate here. Courts routinely deny amendment under similar circumstances, and this Court should do so, as well. See, e.g., Jones v. GES Exposition Servs., No. 02-C-6243, 2004 U.S. Dist. LEXIS 17981, at *22–24 (N.D. Ill. Sept. 3, 2004) (citing cases) (denying motion for leave to amend, and explaining that allowing the amendment would be prejudicial where it would require time-consuming and expensive additional discovery); Semsroth v. City of Wichita, No. 04-1245-MLB, 2006 U.S. Dist. LEXIS 63294, at *12–13 (D. Kan. Sept. 5, 2006) (denying motion to amend class action complaint, and explaining that allowing the amendment would be "the epitome of undue prejudice" because "significant discovery ha[d] occurred," "defense counsel ha[d] completed the depositions of [p]laintiffs," defendants "ha[d] served written discovery requests on [p]laintiffs"); Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981) (holding district court did not abuse its discretion in denying leave to amend where motion was "raised at the eleventh hour, after discovery was virtually complete and the [defendant's] motion for summary judgment was pending before the court"); Murray v. State Farm Mut. Auto. Ins. Co., No. 96-2585 1997 U.S. Dist. LEXIS 24008, at *4, Dkt. No. 192 (W.D. Tenn. Aug. 19, 1997) (explaining that a motion for leave to amend a class action complaint was denied because of its "untimely nature" "after the parties had voluminously briefed the issue of class certification").

## IV. Conclusion

    For the foregoing reasons, NSI respectfully requests that the Court deny the Motion.

-9-

Dated: July 8, 2016 Respectfully submitted,

/s/ Lisa M. Simonetti
Lisa M. Simonetti
Vedder Price (CA), LLP
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: (424) 204-7700
F: (424) 204-7702
lsimonetti@vedderprice.com


Attorney for Defendant
NAVIENT SOLUTIONS, INC.

LOS_ANGELES/#18547.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND** with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to all attorneys of record.

On July 8, 2016                                      /s/ Lisa M. Simonetti
                                                              Lisa M. Simonetti