**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

Randy Johnson,
*on behalf of himself and others similarly situated*,

       Plaintiff,

v.                                                    Case No. 1:15-cv-00716-LJM-MJD

Navient Solutions Inc., f/k/a Sallie Mae, Inc.

       Defendant.

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE AN AMENDED CLASS ACTION COMPLAINT**

**I.   Plaintiff has good cause to modify the scheduling order at issue.**

This Court explained that "good cause" to modify a scheduling order, in the context of Rule 16(b), means that the deadline the moving party seeks to modify could not reasonably have been met despite the party's diligence:

> Rule 16(b) provides in pertinent part that a schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4); *U.S. v.1948 S. Martin Luther King Dr.,* 270 F.3d 1102, 1110 (7th Cir.2001). "In this context, 'good cause' means that the deadline could not be met despite the party's diligence." *Sulkoff v. U.S.,* No. IP 01–1341–C–T/L, 2003 WL 1903349, at *3 (S.D. Ind. January 29, 2003). In other words, to demonstrate good cause, Dowers must show that despite his diligence, the timetable could not reasonably have been met. *Tschantz,* 160 F.R.D. at 571.

*Dowers v. Mize*, No. 1:09-CV-0270-LJM-DML, 2010 WL 2694995, at *2 (S.D. Ind. July 2, 2010) (McKinney, J.); *accord Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.") (internal citation omitted).

Here, logic dictates that Plaintiff could not have met the October 2, 2015 deadline to file "motions for leave to amend the pleadings and/or to join additional parties." Doc. 19 at 2, Section

1

III.B. This is because the actions giving rise to Mr. Heard's claims against Defendant did not arise until May 2016. In other words, the conduct that forms the basis of Mr. Heard's claims against Defendant did not take place until seven months following the deadline that Plaintiff now seeks to modify. Plaintiff, therefore, has good cause to modify the scheduling order at issue.

## II. Plaintiff demonstrated diligence in seeking leave to file his amended class action complaint.

Defendant contends that "while [Plaintiff] alleges he was not aware of [Mr.] Heard's claims until May 2016, he delayed even then." Doc. 115 at 6. This is not true. In fact, Plaintiff first notified Defendant of Mr. Heard's claims on June 6, 2016, just days after Mr. Heard retained Plaintiff's counsel to represent him. *See* Doc. 99 at 2, ¶¶ 4-5.[1] Defendant's counsel, however, did not respond to Plaintiff's counsel. As such, Plaintiff's counsel followed up with Defendant's counsel on June 17, 2016, and asked Defendant's counsel if Defendant objected to Plaintiff's proposed addition of Mr. Heard as a named plaintiff. *Id*. at 2, ¶ 7. Defendant's counsel again chose not to respond to Plaintiff's counsel. *Id.*, ¶ 7. So on June 24, 2016, Plaintiff filed his motion for leave to file an amended complaint to add Mr. Heard as a named plaintiff. Doc. 99. Accordingly, Defendant's suggestion that "Mr. Johnson has not demonstrated diligence in seeking amendment," Doc. 115 at 5, is without merit.

## III. Defendant does not substantiate its statement that it would be prejudiced if this Court grants Plaintiff's motion for leave to file an amended complaint.

Defendant contends that it would be prejudiced if this Court grants Plaintiff leave to file his amended complaint, Doc. 115 at 6-8, but it does not make a showing of what that prejudice

---

[1]  Defendant insinuates that Plaintiff's counsel was aware of Mr. Heard's claims well before Mr. Heard retained Plaintiff's counsel to represent him. *See* Doc. 115 at 4 ("It is unclear when [Plaintiff] became aware of Heard's supposed claims . . . ."). Plaintiff's counsel, however, first spoke with Mr. Heard on June 1, 2016, just five days before notifying Defendant's counsel of Mr. Heard's claims against Defendant.

would be. To start, Defendant states that "the proposed amendment would derail these advanced proceedings." *Id*. at 7. Defendant, however, fails to set forth any specific reason that adding Mr. Heard as a named plaintiff to this matter "would derail these advanced proceedings."

Defendant also states that "allowing [Plaintiff] to amend now would require the deposition of Mr. Heard, additional analysis from NSI's expert, Daley, and re-briefing of the Certification Motion and the Motion to Strike, and a further extension of the case management deadlines." *Id*. But while Plaintiff acknowledges that Defendant would be entitled to depose Mr. Heard—which would be accomplished in a matter of hours—Defendant does not explain why additional expert analysis would be required, why Plaintiff's motion for class certification would need to be re-briefed, why Defendant's motion to strike Plaintiff's expert testimony would have to be re-briefed, and why a further extension of the case management deadlines would be needed.

Last things first, Defendant does not articulate any reason justifying its statement that an extension of the case management deadlines would be needed. Indeed, even if Defendant would require additional expert analysis—something that Plaintiff disputes, *see infra*—Defendant does not make any showing that it would be unable to obtain this analysis before discovery closes.

Similarly, Defendant does not provide any support for its statement that Defendant's motion to strike Plaintiff's expert testimony would have to be re-briefed. Notably, Plaintiff's expert did not draft her declaration with reference to any particular individual. Rather, her declaration outlines a methodology to be used as part of a process to identify potential members of Plaintiff's proposed class. *See generally* Doc. 102-1. Against this backdrop, Defendant's motion to strike Plaintiff's expert testimony reads:

> The Declaration should be stricken and Verkhovskaya's testimony should be deemed inadmissible because: (1) Verkhovskaya is not qualified to provide a reliable statistical analysis that is necessary to support her proposed methodology, (2) even if Verkhovskaya were qualified, her methodology is based on reliability

3

> "statistics" that are unprecedented in the industry and wholly unsupported, (3) there is no reliable method to identify the historical user of a cellular telephone number, and (4) Verkhovskaya's proposal fails to include well-known costs and delays.

Doc. 109 at 1.

The addition of Mr. Heard as a named plaintiff would, therefore, not affect Defendant's motion to strike expert testimony.

Likewise, Defendant also fails to explain why Plaintiff's motion for class certification would have to be re-briefed. As for the "many, significant obstacles to certification based on the facts pertaining to [Plaintiff] and his own claims" that Defendant states exist, Doc. 115 at 7, they boil down to this: Plaintiff is not an adequate class representative because Defendant offered him complete relief for his individual claims—$90,000—and Plaintiff refused to accept Defendant's individual offer because it did not provide any relief to the members of the class he seeks to represent. *See* Doc. 100 at 18-21. This plaintiff-specific argument, which is without support both as a matter of common sense and in law, *see Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1148 (9th Cir. 2016) (holding, post-*Campbell Ewald*, that a class action is not moot as a result of a Defendant's tender of complete individual relief to the named plaintiff), would not need to be re-briefed if this Court allows Plaintiff to add Mr. Heard as a named plaintiff.

As well, Defendant does not explain what "additional analysis from NSI's expert, Daley," would be required. Of note, Defendant utilizes its expert's testimony to illustrate what it refers to as "flaws" in Plaintiff's expert's methodology. Doc. 100 at 14-16. This argument will not be affected if this Court grants Plaintiff leave to file his amended complaint. And even assuming, for the sake of argument, that it would, Defendant does not make any showing that it could not obtain "additional expert analysis" in short order, and before discovery closes.

In sum, Defendant's assertions of prejudice are not specific, concrete, or supported by any evidence. Rather, they are speculative and conclusory, and for the most part, consist of mere generalities.

With this in mind, the case law Defendant cites through its response to Plaintiff's motion for leave to file an amended complaint does little to support its overarching position. And this is all the more true given that much of this case law rests on the specific factual circumstance that the parties to a particular matter had briefed summary judgment requests prior to a party seeking to modify a scheduling order. *See* Doc. 115 at 6-8. Of course, the parties here have not filed any summary judgment papers, and the deadline to do so is not until September 2, 2016.[2]

### IV. Ironically, Defendant would be prejudiced—as it characterizes the term—if this Court refuses to grant Plaintiff's motion for leave to file an amended complaint and Mr. Heard is forced to file a second, duplicative lawsuit.

Defendant suggests that it would be prejudiced if this Court grants Plaintiff leave to file his amended class complaint because "allowing [Plaintiff] to amend now would require the deposition of Mr. Heard, additional analysis from NSI's expert, Daley, and re-briefing of the Certification Motion and the Motion to Strike, and a further extension of the case management deadlines." Doc. 115 at 7. But notwithstanding Plaintiff's disagreement that granting his request would require the tasks that Defendant suggests it would, *see supra*, if this Court denies Plaintiff's proposed addition

---

[2] Noteworthy, in support of its statement that this Court should deny Plaintiff's motion for leave to file an amended complaint because "a significant portion of litigation has occurred," Doc. 115 at 5, Defendant states that "the parties have engaged in discovery for more than a year," *id.*, and that "[Defendant] has produced over 100,000 pages of documents to Mr. Johnson." *Id.* at 3. This wildly overstates the discovery exchanged to date, as Defendant actually produced approximately 8,500 pages of documents—of which very few pertain specifically to Plaintiff—and because the extended length of discovery in this matter is due almost entirely to Defendant's delays, as evidenced by the numerous reports on the status of discovery the parties have submitted to Judge Dinsmore.

5

of Mr. Heard as a named plaintiff in this matter Defendant would surely be required to undertake the tasks it references.

That is, if this Court denies Plaintiff's motion for leave to file an amended complaint, Mr. Heard will be forced to file a separate action against Defendant, for the very same claims that Plaintiff alleges in this matter, on behalf of a class of individuals defined identically to Plaintiff's proposed class with the exception of the relevant class period—which will pick up the day after Plaintiff's proposed class period ends. This would surely necessitate that Defendant duplicate tasks and time well in excess of the limited work it claims would be required—absent any specific showing—if this Court grants Plaintiff's request to add Mr. Heard as a named plaintiff here.

What's more, a separate class action against Defendant, for claims identical to those currently before this Court, would not only unnecessarily consume judicial resources, but could also serve to delay potential class members' ultimate recovery by years while a not-yet-filed parallel class action, substantively indistinguishable from Plaintiff's class action, plays out. Consequently, "interests of justice," as Defendant characterizes them, weigh in favor of granting Plaintiff's motion for leave to file an amended class action complaint.

Date: July 15, 2016									Respectfully Submitted,

											*/s/ Aaron D. Radbil*
											Aaron D. Radbil
											Greenwald Davidson Radbil PLLC
											106 East Sixth Street, Suite 913
											Austin, Texas 78701
											Phone: (512) 322-3912
											Fax: (561) 961-5684
											aradbil@gdrlawfirm.com

											Michael L. Greenwald
											Jesse S. Johnson (*pro hac vice*)
											Greenwald Davidson Radbil PLLC
											5550 Glades Road, Suite 500
											Boca Raton, Florida 33431
											Tel: (561) 826-5477
											Fax: (561) 961-5684
											mgreenwald@gdrlawfirm.com
											jjohnson@gdrlawfirm.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was electronically filed on July 15, 2016, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

											/s/ Aaron D. Radbil
											Aaron D. Radbil