UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RANDY JOHNSON on behalf of himself )
and others similarly situated, )
)
                Plaintiff, )
) No. 1:15-cv-00716-LJM-MJD
                vs. )
)
NAVIENT SOLUTIONS, INC., )
)
                Defendant. )

**ORDER ON MOTION TO CERTIFY CLASS &
FOR APPOINTMENT OF CLASS COUNSEL**

Now before the Court is Plaintiff's, Randy Johnson on behalf of himself and other similarly situated, contested motion to certify the following described class:

> Each person and entity throughout the United States(1) to whom Navient Solutions Inc. placed one or more telephone calls (2) directed to a number assigned to a cellular telephone service,(3) by using an automatic telephone dialing system, (4) after the person or entity informed Navient that it was calling the wrong telephone number, (5) between May 4, 2011 and March 7, 2016.

### I. CLASS ACTION CERTIFICATION STANDARD

The standards for class certification are found in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Rule 23 provides that a named party may sue on behalf of individuals who are similarly situated if six requirements are met: (1) the class is no numerous that joinder of all putative class members is impracticable ("numerosity"); (2) there are questions of law or fact common to the putative class members or ("commonality"); (3) the claims or defenses of the named plaintiff are typical of the claims or defenses of the putative class members ("typicality"); (4) the named plaintiff will fairly

and adequately protect the interests of the class; (5) questions of law or fact common to the putative class members predominate over any questions affecting only individual putative class members; and (6) a class action is superior to other available methods to fairly and efficiently adjudicate the controversy.  Fed. Rs. Civ. P. 23(a) & 23(b)(3); *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 811 (7th Cir. 2012).  In determining whether or not to certify this class, the Court must take into consideration any evidence submitted by the parties, including any exhibits.  *Messner*, 669 F.3d at 811.

## II. **DISCUSSION**

The Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "Act"), prohibits the placing of non-emergency phone calls without the prior express consent of the called party using an automated telephone dialing system to any phone number assigned to a cellular service.  Defendant Navient Solutions, Inc. ("Navient") offers several objections to the Motion.

Initially, Navient objects to the use of Plaintiff Richard Johnson as class representative challenging his standing.  Navient argues that Mr. Johnson cannot himself qualify as a member of the class because one of the users of his phone had given them permission to call.  That person, so goes the argument, became the "person associated with the phone and the calls of which Mr. Johnson now complains were placed in accordance with the law."  Therefore, Navient urges, Mr. Johnson does not fall within the proposed class.

Plaintiff avers that he does indeed fall within the class.  Plaintiff offers that Navient has conceded through its Rule 30(b)(6) witness that Mr. Johnson received a call from Navient on his cell phone after a wrong number code was entered on its system.  The

Court's view is that because the Act prohibits automated calls to any cell phone number, once the user of that phone notifies the originating entity that there is a wrong number, those calls must stop. If there is a question about the authenticity of the claim that a wrong number has been dialed, the attempt to reach the appropriate party must change. The objection to Mr. Johnson's standing on this ground is, therefore, overruled.

Navient raises a second standing objection. Navient objects further on the grounds that they have offered Mr. Johnson an amount in settlement that more than satisfies any possible potential judgment amount. This objection fails both because Mr. Johnson has not accepted the offer and because this Court has neither entered a judgment against Navient nor been asked to enter such a judgment.

Navient asserts that a proper analysis of Rule 23 factors reveals further reasons why this Court should not certify the class. Navient believes that while the law may be common to all of the proposed class members, the individual claims of proposed class members will reveal so many differences in the facts pertaining to each of the class members as to disqualify a class action as the superior means to resolve the dispute. These differences, Navient cautions, will overwhelm the litigation and destroy the required commonality of facts. These differences will include difficult damage calculations, individual determinations of who the telephone user was, when the call was made and proof that Navient actually made the calls. Navient expresses concern that the presence of family or business calling plans will make it difficult to determine the identity of users. They point out the distinct possibility that every record marked as a wrong number may not have actually been a wrong number.

The Court finds that, at this point in the litigation, while it is not required prior to certification, the Plaintiff's proposed method of identifying potential class members is adequate for class certification.[1]  There will undoubtedly be differences in the amount of damages claimed by class members, differences on users and habits of users, yet these matters can be efficiently addressed.  Navient's objections on these grounds is overruled.

Navient also believes that Mr. Johnson, as class representative, does not have a claim that is typical to the class.  The Court disagrees.  Mr. Johnson claims that he received calls after Navient was told that the party with whom they wished to communicate was no longer available at the number called.  This is typical of the described class members.

Navient presents no substantive objections to the appointment of Greenwald Davidson Radbil PLLC as class counsel and the Court concludes from the evidence in the record that the firm is experienced in consumer class action practice and will adequately represent the interests of the class.

For the above reasons, the objections to the Motion to certify are overruled, Plaintiff Randy Johnson's Motion to Certify Class and for Appointment of Class Counsel, Dkt. No. 75, is **GRANTED**, and the proposed class is hereby **CERTIFIED**.

IT IS SO ORDERED this 27th day of July, 2016.

Distribution attached.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

---

[1] Navient has moved to Strike the testimony of Anya Verkhovskaya.  Dkt. No. 109.  The Motion is **DENIED without prejudice** because it was unnecessary to rely upon her testimony to certify the proposed class.

Distribution:

Aaron David Radbil
GREENWALD DAVIDSON RADBIL PLLC
aradbil@gdrlawfirm.com

Jesse S. Johnson
GREENWALD DAVIDSON RADBIL PLLC
jjohnson@gdrlawfirm.com

Michael L. Greenwald
GREENWALD DAVIDSON RADBIL PLLC
mgreenwald@gdrlawfirm.com

Ryan Scott Lee
LAW OFFICES OF RYAN LEE, PLLC
ryan@ryanleepllc.com

Lisa M. Simonetti
VEDDER PRICE LLP
lsimonetti@vedderprice.com

Andrew M. Barrios
VEDDER PRICE P.C.
abarrios@vedderprice.com

Bryan K. Clark
VEDDER PRICE P.C.
bclark@vedderprice.com

Jeanah Park
VEDDER PRICE P.C.
jpark@vedderprice.com