**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

Randy Johnson, *on behalf of himself*
*and others similarly situated*,

        Plaintiff,

v.                                   Case No. 1:15-cv-00716-LJM-MJD

Navient Solutions Inc.,
f/k/a Sallie Mae, Inc.

        Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

## Table of Contents

Introduction ........................................................................................................................1

Statement of Facts..............................................................................................................3

Objections to Navient's Statement of Facts .......................................................................3

Argument............................................................................................................................4

    I.    Because Mr. Johnson did not accept Navient's offer this action is not moot......................4

    II.    Because Navient did not tender to Mr. Johnson complete monetary relief he retains a stake in this litigation and his action is not moot..............................................................................4

    III.    Because Navient did not offer Mr. Johnson the injunctive relief he seeks, he has an interest in his action, and this Court does not lack subject matter jurisdiction over it...............7

    IV.    Because Navient did not offer judgment against itself until after this Court certified the class, Mr. Johnson could not have lacked standing to proceed with his claim prior to the date on which the class obtained independent legal status. ............................................................8

    V.    Notwithstanding that Navient's offer did not provide Mr. Johnson "full relief," Mr. Johnson's interest in representing the class satisfied Article III standing at all relevant times.11

    VI.    Navient's suggestion that Mr. Johnson's claim is moot in light of the Supreme Court's decision in *Campbell-Ewald Co.* is incorrect. ........................................................................13

    VII.    Given Navient's request that this Court enter judgment in Mr. Johnson's favor, it should also enter judgment in favor of the class..............................................................................16

Conclusion.......................................................................................................................18

## Table of Authorities

**Cases**

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997)………………………………………………………………17, 19

*Burns v. Halsted Fin. Serv's, LLC*,
No. 1:15-cv-04287-LMM, 2016 WL 5417218 (N.D. Ga. Sept. 14, 2016)…………..……..6

*Campbell-Ewald Co. v. Gomez*,
136 S. Ct. 663, *as revised* (Feb. 9, 2016)……………………………….………………*passim*

*Chafin v. Chafin*,
133 S. Ct. 1017 (2013)………………………………..……………………………………..17

*Chapman v. First Index, Inc.*,
796 F.3d 783 (7th Cir. 2015)………………………….…………………………………..16

*Chen v. Allstate Ins. Co.*,
819 F.3d 1136 (9th Cir. 2016)………………………..…………………………………15, 19

*Chestnut Hill Gulf, Inc. v. Cumberland Farms, Inc.*,
749 F. Supp. 331 (D. Mass. 1990)……………………..…………………………………10

*Damasco v. Clearwire Corp.*,
662 F.3d 891 (7th Cir. 2011)……………………………………………………………..16

*Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*,
445 U.S. 326 (1980)………………………………………………………………11, 12, 19

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974)……………………………………..…………………………………18, 19

*Fauley v. Royal Canin U.S.A., Inc.*,
143 F. Supp. 3d 763 (N.D. Ill. 2016)……………………………..………………………16

*Felzen v. Andreas*,
134 F.3d 873 (7th Cir. 1998)…………………………………..…………………………18

*Gayle v. Warden Monmouth Cty. Corr. Inst.*,
No. 15-1785, --- F.3d ----, 2016 WL 5219877 (3d Cir. Sept. 22, 2016)……...………12, 19

*Genesis Healthcare Corp. v. Symczyk*,
133 S. Ct. 1523 (2013)………………………...…………………………………………17

*Graziano v. Harrison*,
    950 F. 2d 107 (3d Cir. 1991)……………………...………………………………10

*Kenro, Inc. v. Fax Daily, Inc.*,
    962 F. Supp. 1162 (S.D. Ind. 1997)………………………………………………5

*Knox v. Serv. Emps. Int'l Union, Local 1000*,
    132 S. Ct. 2277 (2012)…………………………………..……………………6, 8

*Lary v. Trinity Physician Fin. & Ins. Servs.*,
    780 F.3d 1101 (11th Cir. 2015)……………………………………………………5

*Rand v. Monsanto Co.*,
    926 F.2d 596 (7th Cir. 1991)……………………………...……………………….8

*Research Corp. v. Asgrow Seed Co.*,
    425 F.2d 1059 (7th Cir. 1970)…………………………………………………18, 19

*Robinson v. Overseas Military Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994)………………………………………………………17

*Simmons v. United Mortg. & Loan Inv., LLC*,
    634 F.3d 754 (4th Cir. 2011)……………………………..……………………9, 19

*Soppet v. Enhanced Recovery Co., LLC*,
    679 F.3d 637 (7th Cir. 2012)………………………………..……………………..5

*Tolentino v. Friedman*,
    46 F.3d 645 (7th Cir. 1995)……………………...………………………………10, 19

*U.S. Parole Comm'n v. Geraghty*,
    445 U.S. 388 (1980)…………………………………………………………11, 12, 19

*Valencia v. Affiliated Grp., Inc.*,
    No. 07-61381-CIV-MARRA, 2008 WL 4372895 (S.D. Fla. Sept. 24, 2008)……..………8

*Zinni v. ER Solutions, Inc.*,
    692 F.3d 1162 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 2337 (2013)…………………9, 19

**Statutes**

47 U.S.C. § 227(b)(1)………………………..……………………………………6

47 U.S.C. § 227(b)(3)(B)………………………………………….……………………5

47 U.S.C. § 227(b)(3)(C)………………………………………………………..5

**Introduction**

Through its opposition to Mr. Johnson's motion for class certification, Navient argued that

because it tendered "the full amount of statutory damages that [Mr. Johnson] could recover . . . he

has no standing to sue for himself or the purported class." Doc. 100 at 7. This Court disagreed:

> Navient raises a second standing objection. Navient objects further on the grounds
> that they have offered Mr. Johnson an amount in settlement that more than satisfies
> any possible potential judgment amount. This objection fails both because Mr.
> Johnson has not accepted the offer[1] and because this Court has neither entered a
> judgment against Navient nor been asked to enter such a judgment.

Doc. 122 at 3 (granting Mr. Johnson's motion to certify the class).

Notwithstanding, through its motion for summary judgment Navient contends, again, that

"because [Navient] tendered to [Mr.] Johnson the full amount of damages that he could recover

under the TCPA before the Court's class certification order . . . following [Navient's] tender, [Mr.]

Johnson no longer had standing under Article III to proceed." Doc. 138 at 2. Of note, before

regurgitating its argument, Navient acknowledges this Court's previous decision, and characterizes

it as a holding that Navient's standing-based contention was not ripe because Navient had not

offered judgment against itself as of the date this Court certified the class:

> [Navient] raised this issue previously in opposition to Johnson's motion for class
> certification, but the Court held that it was not ripe because "this Court has neither
> entered a judgment against [Navient] nor been asked to enter such a judgment."
> (Docket Entry 122 at p. 3). Accordingly, [Navient] now files the instant Motion for
> Summary Judgment (the "Motion"). As detailed below, no dispute of fact exists as
> to the tender, and the Court should enter judgment for Johnson in the amount of the
> tender. See Fed. R. Civ. P. 56(a). After entry of such a judgment, Johnson will no
> longer have standing and the class claims should be dismissed without prejudice.

Doc. 138 at 2.

---

[1]     This has not changed. Mr. Johnson has not accepted Navient's offer. And Navient
acknowledges this. *See* Doc. 138 at 6, n.2 (referencing Mr. Johnson's "refusal to cash [Navient's]
tender check").

Stated simply, Navient's current plea to this Court is as follows: We understand the standing-based argument included in our response to Mr. Johnson's motion for class certification was flawed. So in an effort to fix one of the problems with it we now offer judgment in Mr. Johnson's favor. And because we now offer judgment to Mr. Johnson—albeit over a month after Your Honor certified the class, and even though Mr. Johnson did not accept our offer—this Court should now adopt our standing-based argument.

But Navient's purported fix is not a fix at all. In fact, it cannot be, for several stand-alone reasons:

1. Mr. Johnson did not accept Navient's offer. And as this Court previously pointed out, this, alone, means that his action is not moot.

2. The threshold premise underlying Navient's argument—that it tendered to Mr. Johnson all the relief he can recover individually—is incorrect. Simply, after Mr. Johnson filed his motion for class certification Navient presented an offer in an amount less than what he can potentially recover here, and lacking the injunctive relief he seeks. Mr. Johnson, therefore, maintains a concrete interest in the outcome of this litigation in the face of Navient's tender, and his claim is not moot.

3. Navient's June 13, 2016 tender did not include an offer of judgment. Accordingly, because an offer that does not include judgment is not an offer of full relief, Navient's tender could not have deprived Mr. Johnson of standing to pursue this action. And Navient's recent offer of judgment—which it presented over a month after this Court certified the class—cannot retroactively remedy Navient's deficient pre-certification offer. This is because when a court certifies a class, the class gains independent legal status, and a case may proceed on behalf of the certified class even where the named plaintiff's interest in the case subsequently expires. So even if Navient's post-certification offer of judgment resulted in a tender of complete individual relief to Mr. Johnson—it did not—Navient's request that this Court dismiss the class allegations as a result of its recent offer of judgment is without merit.

4. Assuming for the sake of argument that Navient offered Mr. Johnson complete individual relief—it did not—he nonetheless maintains a personal stake in his claim that he is entitled to represent the class, sufficient to satisfy Article III standing requirements. This is because a named plaintiff who brings a class action presents two separate issues for judicial resolution: one being his claim on the merits, and the other being his claim that he is entitled to represent a class. So even where a named plaintiff's claim on the merits is mooted due to an occurrence other than judgment on the merits,

his claim that he is entitled to represent a class remains, and his personal stake in obtaining class certification satisfies Article III standing requirements.

Importantly, the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, *as revised* (Feb. 9, 2016), does not change any of this. To the contrary, it supports Mr. Johnson's position that Navient did not deprive him of standing to pursue this matter by way of its unaccepted offer. In fact, the only federal court of appeals to consider the effect of the Supreme Court's opinion in *Campbell-Ewald Co*. on circumstances like those now before this Court held that a tender of complete individual relief—something Navient did not present here—does not moot a class action. Noteworthy, courts within the Seventh Circuit have since adopted this holding.

### Statement of Facts

Mr. Johnson adopts the statement of facts he includes in his memorandum of law in support of his motion for summary judgment. Doc. 137 at 7-13, Statement of Facts.

### Objections to Navient's Statement of Facts

Generally, Mr. Johnson objects to Navient's statement of facts to the extent they conflict with the statement of facts he includes in his memorandum of law in support of his motion for summary judgment. *Id*.

Specifically, Mr. Johnson objects to Navient's statement that Ms. Bottoms "confirmed the Cell Number as her own[.]" Doc. 138 at 3, ¶ 3. This is not true. *See* Doc. 137 at 9-10, Statement of Facts, Section III ("[E]arly in the more than nine-minute conversation between Navient and Ms. Bottoms, Navient confirmed Ms. Bottom's telephone number as [XXX- XXX]-7570—a number different than Mr. Johnson's cellular telephone number. Near the end of the conversation Navient asked Ms. Bottoms if it could use the number on which she called Navient: 'NAVIENT: . . . And we have your phone number, did you want to add an alternative number to the account. MS. BOTTOMS: Um, you can take this one. NAVIENT: Okay, what is this one? MS. BOTTOMS: I

3

really don't know it, I'm just calling on it. NAVIENT: It's the one that we have, the one that you're calling from, okay, its [XXX-XXX]-2476.' Doc. 75 at 6-7. Following this conversation Navient did nothing to confirm that Mr. Johnson's cellular telephone number was a telephone number that belonged to Ms. Bottoms. *See* Doc. 75-2 at 10.").

Mr. Johnson also objects, specifically, to Navient's statement that "the maximum statutory damages award would be $88,500." Doc. 138 at 3-4, ¶ 6. This is not true. *See infra,* Argument, Section II ("[T]he maximum statutory damages to which Mr. Johnson is entitled for Navient's violations of the TCPA is $100,500.").

## Argument

### I.    Because Mr. Johnson did not accept Navient's offer this action is not moot.

Through its order granting Mr. Johnson's motion for class certification, this Court rejected Navient's contention that because it tendered $90,000 to him "he has no standing to sue for himself or the purported class." Doc. 100 at 7. Specifically, this Court explained that Navient's argument "fails . . . because Mr. Johnson has not accepted the offer[.]" Doc. 122 at 3.[2] Because Mr. Johnson has not since accepted Navient's offer, this case is not moot. *See Campbell-Ewald Co.*, 136 S. Ct. at 672 ("[A]n unaccepted settlement offer or offer of judgment does not moot a plaintiff's case[.]").

### II.   Because Navient did not tender to Mr. Johnson complete monetary relief he retains a stake in this litigation and his action is not moot.

Navient argues that Mr. "Johnson's individual standing was extinguished when NSI tendered the full value of his claims." Doc. 138 at 4. Navient did not, however, tender to Mr.

---

[2]      Worth mentioning, Mr. Johnson rejected Navient's offer—which did not provide him with complete individual relief, *see supra*, Argument, Sections II-IV—because it did not provide any relief to the class. *Accord* Doc. 75 at 11 (35:21-24) (Q. "Aside from what you've already told me, what do you hope to accomplish in this case, if anything?" A. "Number one, is to stop this practice of harassing people on the phone.") (question posed by counsel for Navient); *id.* (36:10-22) (responding to Navient's counsel's inquiry as to "the amount of money sufficient to compensate you" by calculating a damage award that includes relief to every member of the class).

Johnson "full relief." *Id.* at 6. Rather, Navient offered Mr. Johnson less than the amount to which he is potentially entitled. As such, Navient did not, by way of its tender, deprive Mr. Johnson of standing to pursue his claim against it.

To start, the TCPA states that a plaintiff may bring "an action to recover for actual monetary loss from [a violation of the TCPA], or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). Navient is, therefore, liable to Mr. Johnson in an amount no less than $500 for each of its violations of the TCPA. *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1167 (S.D. Ind. 1997) ("§ 227(b)(3)(B) . . . provides for a minimum penalty of § 500 for each violation of the TCPA"); *see also Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 639 (7th Cir. 2012) ("§ 227(b)(3) . . . authorizes an award of actual damages, or $500 per violation, whichever is greater").

The TCPA also permits a court to treble the mandatory $500 per-violation award "[i]f the court finds that the defendant willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3)(C); *see also Soppet*, 679 F.3d at 639 (explaining that the $500 per violation awards are "trebled for willful violations"). This means Navient is potentially liable to Mr. Johnson in an amount of $1,500 for each of its violations of the TCPA.

Notably, the TCPA does not limit violations on a per-call basis. Rather, "[i]n plain terms, the statute allows a person to recover '$500 in damages for each' 'violation of this subsection.' Section 227(b)(1) has no language limiting the recovery to $500 per 'call' or 'fax.'" *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1105 (11th Cir. 2015) (internal citations omitted). Explaining this, against the backdrop of facts quite similar to those now before this Court, the Northern District of Georgia stated earlier this month:

> Although Plaintiff complains that he received two telephone calls from Defendant, he has identified four distinct violations of the TCPA—two for each call. *See Lary*

> *v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015) (recognizing that one call can trigger multiple violations of the TCPA). In particular, each call used an automatic telephone dialing system and used an artificial or prerecorded message. At $500 per violation, Plaintiff is entitled to a total award of $2,000 in statutory damages under the TCPA. In addition, Defendant has admitted by its default that it committed the TCPA violations knowingly and willfully. (Compl. ¶¶ 38, 56.) Accordingly, the total award under the TCPA should be trebled to $6,000.

*Burns v. Halsted Fin. Serv's, LLC*, No. 1:15-cv-04287-LMM, 2016 WL 5417218, at *5 (N.D. Ga. Sept. 14, 2016); *accord* 47 U.S.C. § 227(b)(1) (prohibiting any person from "mak[ing] any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service").

Here, Navient placed fifty-nine calls to Mr. Johnson's cellular telephone number by using an automatic telephone dialing system. Doc. 137 at 7-9. It also left eight voice messages on Mr. Johnson's cellular telephone voicemail by using an artificial or prerecorded voice. *Id.* at 9. Navient, therefore, violated the TCPA sixty-seven times in connection with the calls it placed to Mr. Johnson's cellular telephone number. Correspondingly, the maximum statutory damages to which Mr. Johnson is entitled as compensation for Navient's violations of the TCPA is $100,500, plus litigation costs and expenses.

With this in mind, and considering that "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot," *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012), Mr. Johnson does not lack standing to pursue his claim against Navient as a result of its $90,000 tender.[3]

---

[3]     Noteworthy, unlike here, the parties in *Campbell-Ewald Co.* "d[id] not dispute that [the defendant's] Rule 68 offer—reflecting the same terms as the freestanding offer—would have fully satisfied the individual claims asserted, or that could have been asserted, by [the plaintiff]." *Campbell-Ewald Co.*, 136 S. Ct. 679 (Roberts, J., dissenting) (internal citation omitted). The circumstances underlying this matter, therefore, are materially different from those underlying *Campbell-Ewald Co.*, as Navient is not "willing to give [Mr. Johnson] everything he asks for." *Id.* at 682.

**III.    Because Navient did not offer Mr. Johnson the injunctive relief he seeks, he has an interest in his action, and this Court does not lack subject matter jurisdiction over it.**

Navient suggests that "[b]y making the tender, [it] provided [Mr.] Johnson with more than he could hope to recover in this litigation on an individual basis, and he no longer possesses Article III standing." Doc. 138 at 5. This is not true. In particular, even assuming that Navient tendered to Mr. Johnson all the monetary relief to which he is entitled—it did not, *see supra* Argument, Section II—at no point did Navient offer Mr. Johnson the injunctive relief he seeks. And for this reason alone Mr. Johnson has a stake in this litigation.

Indeed, through his class action complaint Mr. Johnson alleges that on each occasion he spoke with Navient he informed it that he was not the individual it was attempting to reach, but that Navient, nonetheless, continued to place calls to his cellular telephone number by using an automatic telephone dialing system and an artificial or prerecorded voice. Doc. 1, ¶¶ 10-24. Mr. Johnson also alleges that Navient refused to cease its violative behavior, despite his repeated conversations with Navient, and that injunctive relief is accordingly appropriate. *Id.*, ¶ 51. Correspondingly, through his prayer for relief Mr. Johnson asks this Court to enjoin Navient from its violative behavior, *id.*, ¶ 54, which he describes as Navient's use of an automatic telephone dialing system and an artificial or prerecorded voice to place calls to his cellular telephone number absent his prior express consent. *Id.* ¶¶ 52-53.

Mr. Johnson's request for injunctive relief is, therefore, "specific and definite enough to apprise those within its scope of the conduct that is [to be] proscribed." Doc. 138 at 2 (internal citation omitted). And the "acts [that Mr. Johnson seeks] restrained," *id.* (internal citation omitted)—Navient's use of an automatic telephone dialing system to repeatedly place calls to Mr. Johnson's cellular telephone number—are clear to a non-obstinate observer.

But at no point did Navient offer Mr. Johnson the injunctive relief he seeks. *See* Doc. 119-2. In fact, Navient concedes as much through its motion for summary judgment. *See* Doc. 138 at 8 (explaining that Navient "*would* not object to entry of injunction [sic] preventing further calls to" Mr. Johnson's cellular telephone number.) (emphasis added).[4]

Against this backdrop, and understanding that "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party," *Knox*, 132 S. Ct. at 2287, Navient did not dispossess this Court of subject matter jurisdiction by way of its monetary-only offer. *See Valencia v. Affiliated Grp., Inc.*, No. 07-61381-CIV-MARRA, 2008 WL 4372895, *2 (S.D. Fla. Sept. 24, 2008) (denying a defendant's motion to dismiss a plaintiff's claim as moot because the "[d]efendant did not offer to satisfy [the] [p]laintiff's demand for declaratory and injunctive relief."); *accord Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's *entire demand*, there is no dispute over which to litigate[.]") (emphasis added).[5]

## IV.    Because Navient did not offer judgment against itself until after this Court certified the class, Mr. Johnson could not have lacked standing to proceed with his claim prior to the date on which the class obtained independent legal status.

Navient contends that Mr. "Johnson's claim was satisfied on June 13, 2016, when [Navient] tendered the check to him." Doc. 138 at 9. Navient's statement, however, is insincere considering that although Navient acknowledges an offer of judgment is necessary to prevail on a

---

[4]    Obvious, from Navient's statement, is that despite its feigned ignorance, *see* Doc. 138 at 7, Navient understands the acts that Mr. Johnson seeks restrained, as well as the scope of its conduct to be proscribed.

[5]    Contrary to the factual scenario at issue here, the defendant in *Campbell-Ewald Co.* proposed, in connection with its offer of judgment, a "stipulated injunction in which it agreed to be barred from sending text messages in violation of the TCPA." 136 S. Ct. at 668.

standing-based argument, *see id.* at 9,[6] Navient did not offer judgment against itself as of June 13, 2016.

Instead, Navient first offered judgment against itself, ironically, through its motion for summary judgment. *See id.* at 8 ("[Navient] asks this Court to enter judgment on a full payment to [Mr.] Johnson."). So without an offer of judgment from Navient until September 2, 2016, Mr. Johnson's claim was not "satisfied on June 13, 2016." *Id.* at 9.

To be sure, in *Simmons v. United Mortg. & Loan Inv., LLC*, the Fourth Circuit made clear that a defendant's tender of complete monetary relief cannot moot a plaintiff's action where the defendant does not also offer judgment against itself. 634 F.3d 754, 764-65 (4th Cir. 2011). In other words, a defendant's tender of monetary relief alone cannot deprive a court of subject matter jurisdiction over a plaintiff's case: "[T]he failure of the Defendants to make their attempted offer for full relief in the form of an offer of judgment prevented the mooting of the Plaintiffs' FLSA claims." *Id.* at 766.

In *Zinni v. ER Solutions, Inc.*, the Eleventh Circuit agreed: "We hold the failure of Appellees to offer judgment prevented the mooting of Appellants' FDCPA claims." 692 F.3d 1162, 1168 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 2337 (2013). Specifically, the Eleventh Circuit held that because the defendant "did not offer to have judgment entered," the tender at issue was "not for the full relief requested," and therefore "a live controversy remained." *Id.* at 1167.

And long before the opinions in *Simmons* and *Zinni*, the Seventh Circuit recognized that rights in the consumer protection context cannot always be reduced to a monetary figure: "'Unlike

---

[6]     Navient separately acknowledges the importance of a judgment by declaring: "*After* entry of such a judgment, Johnson *will* no longer have standing and the class claims should be dismissed without prejudice." Doc. 138 at 2 (emphasis added).

most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important * * * rights that cannot be valued solely in monetary terms, *City of Riverside v. Rivera*, 477 U.S. 561, 106 S. Ct. 2686, 91 L.Ed.2d 466 (1986), and congress has determined that the public as a whole has an interest in the vindication of the statutory rights.'" *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (quoting *Graziano v. Harrison*, 950 F. 2d 107, 113 (3d Cir. 1991)); *accord Chestnut Hill Gulf, Inc. v. Cumberland Farms, Inc.*, 749 F. Supp. 331, 333 (D. Mass. 1990) (explaining that financial compensation is not the "be all and end all").

Relevant here, then, is that Navient's argument that "this action cannot proceed," Doc. 138 at 9, is based on its flawed reasoning that [Mr.] "Johnson's claim was fully satisfied on June 13, 2016, when NSI tendered the check to him[,] [and] from that point forward, he no longer had individual standing [] because there had been no class certification decision at that time,[7] [and] the class . . . had not acquired independent legal status." *Id.* (emphasis in original). But Navient could not have fully satisfied Mr. Johnson's claims absent an offer of judgment against itself. And Navient did not make such an offer of judgment until over a month after this Court certified the class. *See id.* ("[Navient] respectfully requests that the Court . . . enter a judgment in favor of Johnson").

As such, Navient's concession that once this Court certified the class it "acquired independent legal status," Doc. 138 at 9, and it may proceed even if Mr. Johnson is deprived of standing at some point after certification, *see id.*,[8] is quite significant. Simply, because Navient

---

[7] While "there had been no class certification decision at that time," Mr. Johnson's motion for class certification was pending.

[8] Specifically, Navient cites *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980), for the propositions that "a plaintiff may only litigate the class certification issue despite loss of his personal stake in the outcome of the litigation when certification of a class [occurred] prior to the expiration of the named plaintiff's personal claim," and that "the Supreme Court continues to

failed to offer judgment against itself before this Court certified the class, this action may proceed

no matter Navient's post-certification offer.[9]

**V.      Notwithstanding that Navient's offer did not provide Mr. Johnson "full relief," Mr. Johnson's interest in representing the class satisfied Article III standing at all relevant times.**

A named plaintiff maintains a personal stake in his claim that he is entitled to represent a

class, sufficient to satisfy Article III standing requirements, even where his claim on the merits has

been mooted. *Geraghty*, 445 U.S. at 388; *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445

U.S. 326 (1980). This is because a named plaintiff who brings a class action presents two separate

issues for judicial resolution: one being his claim on the merits, and the other being his claim that

he is entitled to represent a class. *Geraghty*, 445 U.S. at 402; *Roper*, 445 U.S. at 331.

Thus, that a named plaintiff's claim on the merits is mooted, due to an occurrence other

than judgment on the merits, does not mean that all other issues in his case are mooted. *Geraghty*,

---

recognize a narrow 'relation back' doctrine rule where a representative's claim expired after <u>certification</u>"). Doc. 138 at 9 (emphasis in original).

[9]      Unlike here, the defendant in *Campbell-Ewald Co*. offered judgment against itself before the plaintiff filed his motion for class certification. 136 S. Ct. at 665. And Justice Roberts, through his dissent on which Navient relies, *see infra, see* Argument, Section VI, makes abundantly clear that the defendant's offer of judgment played a crucial role in his reasoning:

> What happened next, however, is critical: After Gomez's initial legal volley, Campbell did not return fire. Instead, Campbell responded to the complaint with a freestanding offer to pay Gomez the maximum amount that he could recover under the statute: $1500 per unauthorized text message, plus court costs. Campbell also made an offer of judgment on the same terms under Rule 68 of the Federal Rules of Civil Procedure, which permits a defendant to recover certain attorney's fees if the Rule 68 offer is unaccepted and the plaintiff later recovers no more than the amount of the offer. Crucially, the District Court found that the "parties do not dispute" that Campbell's Rule 68 offer—reflecting the same terms as the freestanding offer—"would have fully satisfied the individual claims asserted, or that could have been asserted," by Gomez. 805 F. Supp. 2d 923, 927 (C.D. Cal. 2011).

*Campbell-Ewald Co.*, 136 S. Ct. at 679.

445 U.S. at 402. Specifically, the named plaintiff's claim that he is entitled to represent a class

remains. *Id*. And his personal stake in obtaining class certification satisfies Article III standing

requirements. *Id*. at 403; *Roper*, 445 U.S. at 326-27.

Indeed, just days ago the Third Circuit reiterated that whether class certification is

appropriate remains a concrete, sharply presented issue, even where the named plaintiff's claim

on the merits has expired:

> Had this case involved only Appellants' individual claims, federal jurisdiction
> would be absent, as in the District Court, and this case would be at an end. But class
> claims can breathe life into an otherwise moot case for they "allow a plaintiff to
> continue seeking class certification in certain circumstances even though his
> individual claim for relief has become moot." *Richardson v. Bledsoe*, 829 F.3d 273,
> —— (3d Cir. 2016). As relevant here, so long as a plaintiff files a motion to certify
> a class when he still has a live claim, the mooting of that claim while the motion is
> pending precludes the court from reaching the merits but does not preclude it from
> deciding the certification motion. *Holmes v. Pension Plan of Bethlehem Steel Corp.*,
> 213 F.3d 124, 135 (3d Cir. 2000); *see also Geraghty*, 445 U.S. at 397, 100 S. Ct.
> 1202. This is because a plaintiff's claim that he should represent the class is one
> that is "presented . . . in a concrete factual setting and [with] self-interested parties
> vigorously advocating opposing positions," and such a claim "remains as a
> concrete, sharply presented issue" even if the plaintiff's individual claims expire.
> *Geraghty*, 445 U.S. at 403–04, 100 S. Ct. 1202.

*Gayle v. Warden Monmouth Cty. Corr. Inst.*, No. 15-1785, --- F.3d ----, 2016 WL 5219877, at *6

(3d Cir. Sept. 22, 2016).

Here, Mr. Johnson filed his motion for class certification on March 7, 2016. Doc. 75. But

not until June 13, 2016 did Navient make the offer now at issue. Doc. 119-2 at 2. So even if

Navient's June 13, 2016 offer provided Mr. Johnson all the relief to which he is individually

entitled—it did not, *see supra*, Argument, Sections II-IV—Mr. Johnson's then-pending, and now-

granted, claim that he should represent the class satisfied Article III standing at all relevant times.

**VI.    Navient's suggestion that Mr. Johnson's claim is moot in light of the Supreme Court's decision in *Campbell-Ewald Co.* is incorrect.**

Navient argues that "[a]s indicated by the recent decision of the United States Supreme Court in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), following [Navient]'s tender, [Mr.] Johnson no longer has standing under Article III to proceed." Doc. 138 at 2. In support of its contention, Navient states that "[t]he form of [its] tender is precisely what three Supreme Court Justices have envisioned," *id.*, and that "the Supreme Court's decision[] in *Campbell-Ewald* . . . [therefore] compels the conclusion that [Navient's] payment of the full amount at issue eliminated [Mr.] Johnson's standing under Article III." *Id.* at 6.

The problem with Navient's argument is three-fold. First, the three Supreme Court Justices to which it refers are the three dissenting Justices. *See id.* at 5. And the dissenting Justices' opinions, by their very nature, conflict with the majority opinion. Of course, the majority opinion binds this Court.

Second, the dissenting opinions rest, entirely, on the fact that the parties in *Campbell-Ewald Co.* agreed that the defendant fully satisfied the plaintiff's individual request for relief: "Crucially, the District Court found that the 'parties do not dispute' that [the defendant's] Rule 68 offer—reflecting the same terms as the freestanding offer—'would have fully satisfied the individual claims asserted, or that could have been asserted,' by [the plaintiff]." *Campbell-Ewald Co.*, 136 S. Ct. at 679 (Roberts, J., dissenting). Here, Navient did not offer to fully satisfy Mr. Johnson's claim. *See supra*, Argument, Section II-IV. So even if the dissenting opinions bound this Court—they do not—the factual premise on which they rest does not exist here.

Third, Navient's argument is undermined by the majority's holding that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," 136 S. Ct. at 672, and disclaimer that "[w]e need not, and do not, now decide whether the result would be different if a

defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.*

In other words, the Supreme Court made abundantly clear through its opinion in *Campbell-Ewald Co.* that it chose not to address the very principle for which Navient now suggests its decision stands. *See id.* ("That question is reserved for a case in which it is not a hypothetical."). And despite the overall tenor of its argument, Navient acknowledges as much. *See id.* at 5 ("the full Supreme Court has not squarely addressed the issue").

Nonetheless, following the Supreme Court's decision in *Campbell-Ewald Co.*, the only federal court of appeals to address whether "the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff," 136 S. Ct. at 672, explained it would not:

> Accordingly, when a defendant consents to judgment affording complete relief on a named plaintiff's individual claims before certification, but fails to offer complete relief on the plaintiff's class claims, a court should not enter judgment on the individual claims, over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification.

> This conclusion is consistent not only with *Campbell–Ewald* but also with previous Supreme Court decisions noting a named plaintiff's "'personal stake' in obtaining class certification," *Geraghty,* 445 U.S. at 404, 100 S. Ct. 1202, recognizing "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires," *id.* at 399, 100 S. Ct. 1202, and disapproving of the "picking off" of named plaintiffs to deny a would-be class representative a fair opportunity to seek class relief, *see Roper,* 445 U.S. at 339, 100 S. Ct. 1166. As the Court said in *Roper,* 445 U.S. at 339, 100 S. Ct. 1166, "[r]equiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions." *But cf. Genesis Healthcare,* 133 S. Ct. at 1529–32 (applying these authorities narrowly in the FLSA collective action context).

> Contrary to Allstate's argument, our conclusion is also consistent with the proposition that "a court may have 'discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the

plaintiff's obstinacy or madness prevents her from accepting total victory.'" *Diaz,* 732 F.3d at 955 (quoting *Genesis Healthcare,* 133 S. Ct. at 1536 (Kagan, J., dissenting)). A named plaintiff exhibits neither obstinacy nor madness by declining an offer of judgment on individual claims in order to pursue relief on behalf of members of a class.[10] As the Supreme Court has recognized, the class action device is often the only effective means of pursuing relief on behalf of injured persons. "Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device." *Roper,* 445 U.S. at 339, 100 S. Ct. 1166. A named plaintiff acts sensibly by pursuing all of the relief sought in the complaint, and "a judgment satisfying an individual claim does not give a [named] plaintiff . . . , exercising her right to sue on behalf of other employees, 'all that [she] has . . . requested in the complaint (*i.e.,* relief for the class).'" *Genesis Healthcare,* 133 S. Ct. at 1536 (Kagan, J., dissenting) (third and fourth alterations in original) (quoting *Roper,* 445 U.S. at 341, 100 S. Ct. 1166 (Rehnquist, J., concurring)).

*Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1147 (9th Cir. 2016).

Consequently, neither the Supreme Court's decision in *Campbell–Ewald Co.*, nor the only circuit court opinion on point, supports Navient's contention that Mr. Johnson lacks standing to pursue this matter on behalf of himself and the class. In fact, relevant case law suggests quite the opposite:

At all events, no further briefing is necessary on whether the payment defendants propose, if effectuated, would obviate the need for class discovery. In this regard, I agree with the Ninth Circuit and the several district courts that have concluded that the *Campbell–Ewald* Court's admonition that 'a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted,' *id.* means that it is inappropriate to enter judgment on a named plaintiff's individual claims, 'over the plaintiff's objection, before the plaintiff has had a fair opportunity to move for class certification.'

*Fauley v. Royal Canin U.S.A., Inc.*, 143 F. Supp. 3d 763, 765 (N.D. Ill. 2016) (collecting cases).

---

[10] Mr. Johnson explained this reasonable position during his deposition. Doc. 75-6 at 11 (35:21-25, 36:1-6) (Q. "Aside from what you've already told me, what do you hope to accomplish in this case, if anything?" A. "Number one, is to stop this practice of harassing people on the phone. That's the number one. And I know that the only way that I'm probably going to be able to accomplish this is to cost this company a whole lot of money. They're just going to keep doing it as long as nobody is going to say anything. As long as nobody says anything or does anything, Navient Solutions will continue breaking the law.").

15

**VII.    Given Navient's request that this Court enter judgment in Mr. Johnson's favor, it should also enter judgment in favor of the class.**

Navient's motion for summary judgment conflicts internally. On the one hand, Navient argues that it deprived Mr. Johnson of standing to pursue his TCPA claim by way of its unaccepted June 13, 2016 offer: "As indicated by the recent decision of the United States Supreme Court in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), following NSI's tender, Johnson no longer had standing under Article III to proceed." Doc. 138 at 1; *see also id*. at 4 ("Here, Johnson's individual standing was extinguished when NSI tendered the full value of his claims."); *id*. at 5 ("By making the tender, NSI has provided Johnson with more than he could hope to recover in this litigation on an individual basis, and he no longer possesses Article III standing."); *id*. at 6 ("Indeed, the Supreme Court's decisions in *Campbell-Ewald* and *Genesis*, as well as the tax cases discussed in *Campbell-Ewald* and other authority, compel the conclusion that NSI's payment of the full amount at issue eliminated Johnson's standing under Article III."); *id*. at 9 ("Put simply, Johnson's claim was fully satisfied on June 13, 2016, when NSI tendered the check to him. From that point forward, he no longer had individual standing and, because there had been no class certification decision at that time, the class also had not acquired independent legal status. Accordingly, this action cannot proceed.").

On the other hand, Navient states that "this case is fundamentally different from *Damasco*[11] or *Chapman* because NSI does not seek to have Johnson's claim dismissed," *id*. at 2, for lack of subject matter jurisdiction. "Rather, NSI asks the Court to enter judgment based on a full payment to Johnson." *Id*; *see also id*. ("summary judgment is appropriate on Johnson's individual claim"); *id*. at 8 ("the Court therefore should grant [Navient's motion for summary judgment]"); *id*. at 9

---

[11]    *Damasco v. Clearwire Corp*., 662 F.3d 891 (7th Cir. 2011), *overruled by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015).

("For the foregoing reasons, NSI respectfully requests that the Court grant the Motion, [and] enter a judgment in favor of Johnson for the amount of NSI's tender[.]").

But Navient cannot eat its cake and have it still. That is, if this Court lacked jurisdiction over this matter at any point it could not thereafter enter judgment in Mr. Johnson's favor, as Article III restricts the power of federal courts to "Cases" and "Controversies." *Chafin v. Chafin*, 133 S. Ct. 1017, 1019 (2013). Instead, this Court would have to dismiss Mr. Johnson's action as moot. *See Campbell-Ewald Co.*, 136 S. Ct. at 669 ("If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot.") (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013)).

Navient, however, makes clear that it does not ask this Court to dismiss Mr. Johnson's claim as moot. *See* Doc. 138 at 2 (explaining that Navient does not ask for *Damasco*-type relief— a dismissal under Rule 12(b)(1)). And this is not surprising given that this Court does not lack subject matter jurisdiction over this matter, *see supra*, Argument, Section I-V, and that a court's decision to dismiss a case for lack of subject matter jurisdiction—which necessarily cannot be based on the merits—leaves the plaintiff "free to initiate the suit anew." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 n.4 (2d Cir. 1994).

So at the end of the day, all that Navient asks this Court to do is to "enter a judgment in favor of Mr. Johnson." Doc. 138 at 9. This is significant as any judgment in Mr. Johnson's favor will bind the class. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 614-15 (1997) ("Rule 23(b)(3) added to the complex-litigation arsenal class actions for damages designed to secure judgments binding all class members save those who affirmatively elected to be excluded."); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) ("the judgment, whether favorable or not, will

bind all class members not requesting exclusion"); *Research Corp. v. Asgrow Seed Co.*, 425 F.2d 1059, 1060 (7th Cir. 1970) ("Judgments rendered in class actions conducted under Fed. R. Civ. P 23(b)(1) and (b)(2) will bind non-party class members[.]"), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

Accordingly, Navient's request that this Court "dismiss the class allegations without prejudice," Doc. 138 at 9, cannot be reconciled with its request that this Court "enter a judgment in favor of Mr. Johnson." *Id*. That is, if this Court grants judgment in Mr. Johnson's favor—which both Navient and Mr. Johnson ask it to do—it should grant judgment in favor of the class as well.

## Conclusion

Navient contends that its standing-based argument is now "ripe," and that this Court should consider it, despite its previous ruling, because Navient now offers judgment against itself. But Navient's attempt to reconcile this Court's previous decision denying its standing-based argument with its instant request fails, for several reasons.

First, Mr. Johnson has not accepted Navient's offer. And as this Court previously noted, this, alone, means that Mr. Johnson's action is not moot. Doc. 122 at 3; *accord Campbell-Ewald Co.*, 136 S. Ct. at 672.

Second, at no point did Navient tender to Mr. Johnson complete individual relief. Rather, after Mr. Johnson filed his motion for class certification Navient presented an offer, which did not include the injunctive relief he seeks, in an amount less than the $100,500 (plus litigation costs and expenses) Mr. Johnson can potentially recover as a result of Navient's sixty-seven violations of the TCPA. As a result, and because "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot," *Campbell-Ewald Co.*, 136 S. Ct. at 669 (internal citation omitted), Mr. Johnson has standing to proceed with his action in the face of Navient's unaccepted tender.

18

Third, an offer that does not include judgment is not an offer of full relief, and cannot deprive a plaintiff of standing. *See Zinni*, 692 F.3d at 1168; *Simmons*, 634 F.3d at 764-65; *accord Tolentino*, 46 F.3d at 652. Navient, therefore, made no pre-certification offer that could have mooted Mr. Johnson's claim. As well, when a court certifies a class it gains an independent legal status, and a case may proceed on behalf of the certified class even where the named plaintiff's interest in the case subsequently expires. *See Geraghty*, 445 U.S. at 389. Accordingly, that Navient offered judgment against itself after this Court certified the class cannot justify Navient's suggestion that "the class claims should be dismissed without prejudice." Doc. 138 at 2.

Fourth, even if Navient offered Mr. Johnson complete individual relief—it did not—he maintains a personal stake in his claim that he is entitled to represent the class, sufficient to satisfy Article III standing requirements. *Geraghty*, 445 U.S. at 388; *Roper*, 445 U.S. at 326; *Gayle*, 2016 WL 5219877, at *6. And the Supreme Court's decision in *Campbell-Ewald Co.* does not alter this long-standing precedent. In fact, the only federal court of appeals to consider the effect of the Supreme Court's opinion in *Campbell-Ewald Co.* on circumstances like those now before this Court held that a tender of complete individual relief—something Navient did not present here—does not moot a class action. *Chen*, 819 F.3d at 1147.

This leaves only Navient's specific request for relief: that this Court "enter a judgment in favor of Mr. Johnson." Doc. 138 at 9. And since a judgment in Mr. Johnson's favor will bind the class, *see Amchem*, 521 U.S. at 614-15; *Eisen*, 417 U.S. at 173; *Research Corp.*, 425 F.2d at 1060, Navient's request that this Court enter judgment in his favor, *see* Doc. 138 at 9, is irreconcilable with its request that this Court "dismiss the class allegations without prejudice." *Id*. Indeed, a judgment in favor of Mr. Johnson is a judgment in favor of the class.

19

So in line with both Navient's request to enter judgment in Mr. Johnson's favor, and Mr. Johnson's motion for summary judgment, this Court should enter judgment against Navient. And this Court's judgment should be for the full amount of damages to which Mr. Johnson is entitled,[12] as well as for the full amount of damages to which the class is entitled.

Date: October 3, 2016                    Respectfully Submitted,

                                         */s/ Aaron D. Radbil*
                                         Aaron D. Radbil
                                         Greenwald Davidson Radbil PLLC
                                         106 East Sixth Street, Suite 913
                                         Austin, Texas 78701
                                         Phone: (512) 322-3912
                                         Fax: (561) 961-5684
                                         aradbil@gdrlawfirm.com

                                         Michael L. Greenwald
                                         James L. Davidson
                                         Jesse S. Johnson (*pro hac vice*)
                                         Greenwald Davidson Radbil PLLC
                                         5550 Glades Road, Suite 500
                                         Boca Raton, Florida 33431
                                         Tel: (561) 826-5477
                                         Fax: (561) 961-5684
                                         mgreenwald@gdrlawfirm.com
                                         jdavidson@gdrlawfirm.com
                                         jjohnson@gdrlawfirm.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on October 3, 2016, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

                                         */s/ Aaron D. Radbil*
                                         Aaron D. Radbil

---

[12]    This includes not only $100,500 in statutory damages under the TCPA, but the costs and expenses to which he is entitled.