IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Randy Johnson, on behalf of himself and others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>Navient Solutions, Inc., f/k/a Sallie Mae, Inc.,<br><br>     Defendant. | Case No. 1:15-cv-0716 LJM-MJD |

Defendant.

**PLAINTIFF'S UNOPPOSED MOTION TO PRELIMINARILY APPROVE THE PARTIES' CLASS ACTION SETTLEMENT**

Randy Johnson ("Plaintiff")[1] moves this Court to preliminarily approve the settlement he reached with Navient Solutions, Inc. ("Defendant"), on behalf of himself and the following class:

> Each person and entity throughout the United States (1) to whom Navient Solutions, Inc. placed one or more telephone calls (2) directed to a telephone number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) after Navient Solutions, Inc. designated the telephone number to which it placed the call(s) as a wrong number, (5) between May 4, 2011 and the date of preliminary approval.

The settlement requires Defendant to create a non-reversionary cash settlement fund of $17.5 million. Each participating member of the class will be entitled to his or her *pro rata* share of the settlement fund, less the costs of notice and claims administration, any attorneys' fees that this Court approves, any litigation costs and expenses that this Court approves, and any incentive awards that this Court approves.

Mr. Johnson's counsel—whose qualifications include substantial experience with Telephone Consumer Protection Act ("TCPA") class actions—believe the settlement is fair, reasonable, and adequate, and in the best interests of the members of the class. Mr. Johnson's

---

[1] Plaintiff makes this request together with Shelly Toure and Tony Heard. Approximately fifteen months after Plaintiff filed his class action complaint, Ms. Toure and Mr. Heard filed a class action complaint against Defendant that is materially identical to Plaintiff's class action complaint. *See Shelly Toure and Tony Heard v. Navient Solutions, Inc.*, Case No. 1:16-cv-08279, Doc. 1 (N.D. Ill. Aug. 23, 2016) ("*Toure*"). The difference between Plaintiff's complaint and the complaint in the *Toure* matter is simply the proposed class period. That is, in this matter this Court certified a class of individuals who received autodialed calls from Defendant between May 4, 2011 and March 7, 2016, *see* Doc. 122 at 1, whereas the proposed class period in the *Toure* matter begins on March 8, 2016, which is the day after the class period in this matter ends. *See Toure*, Doc. 1, ¶ 43. Plaintiff, Ms. Toure, Mr. Heard, and Defendant, therefore, last mediated, and ultimately settled, this matter and the *Toure* matter together. And upon reaching a settlement agreement in principle Ms. Toure, Mr. Heard, and Defendant filed, in the Northern District of Illinois, a joint motion to transfer the *Toure* matter to this Court. The Northern District of Illinois denied the motion, without prejudice, with an instruction to refile it upon the execution of the parties' class action settlement agreement. As such, the parties will soon file a renewed motion to transfer the *Toure* matter to this Court. Upon transfer, Plaintiff, Ms. Toure, Mr. Heard, and Defendant will jointly move this Court to consolidate this matter and the *Toure* matter.

counsel also believe the benefits of the settlement—which was reached after protracted litigation and with the assistance of a seasoned mediator—far outweigh the delay and considerable risk of proceeding to trial.

Mr. Johnson, therefore, asks this Court to: (1) preliminarily certify the settlement class, (2) conditionally approve the settlement as fair, adequate, reasonable, and within the reasonable range of possible final approval, (3) confirm Mr. Johnson's appointment as a class representative, and appoint Ms. Toure and Mr. Heard as class representatives, (4) confirm Plaintiffs' counsel's appointment as class counsel, (5) approve the proposed notice program as the best practicable under the circumstances that satisfies due process and Rule 23, (6) set a date for a final approval hearing, and (7) set deadlines for class members to submit claims for compensation, and to object to or exclude themselves from the settlement.

Defendant does not oppose the requested relief.

Date: December 23, 2016                          GREENWALD DAVIDSON RADBIL PLLC

/s/ Aaron D. Radbil
Aaron D. Radbil
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael L. Greenwald
James L. Davidson
Jesse S. Johnson (*pro hac vice*)
5550 Glades Rd., Suite 500
Boca Raton, Florida 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on December 23, 2016, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Aaron D. Radbil*
Aaron D. Radbil