**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Randy Johnson, on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:15-cv-0716 LJM-MJD |
| Navient Solutions, Inc., f/k/a Sallie Mae, Inc., | |
| Defendant. | |

**DECLARATION OF AARON D. RADBIL IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION TO PRELIMINARILY APPROVE THE PARTIES' CLASS
ACTION SETTLEMENT**

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.      My name is Aaron D. Radbil.

2.      I am over twenty-one years of age.

3.      I am fully competent to make the statements included in this declaration.

4.      I have personal knowledge of the statements included in this declaration.

5.      I am a partner at Greenwald Davidson Radbil PLLC ("GDR").

6.      I am counsel for Randy Johnson and the class in this matter.

7.      I submit this declaration in support of Mr. Johnson's unopposed motion to preliminarily approve the parties' class action settlement.

**GDR**

8.      In addition to this matter, my firm has been appointed class counsel in a number of class actions under the Telephone Consumer Protection Act ("TCPA"). *See, e.g., James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118 (M.D. Fla. Nov. 22, 2016); *Schwyhart v. AmSher Collection Servs., Inc.*, No. 2:15-cv-1175-JEO (N.D. Ala. Oct. 19,

2016); *Cross v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01270-RWS, 2016 WL 5109533 (N.D. Ga. Sept. 13, 2016); *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016); *Prater v. Medicredit, Inc.*, No. 14-00159, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015); *Jones v. I.Q. Data Int'l, Inc.*, Case 1:14–cv–00130–PJK–GBW, 2015 WL 5704016 (D.N.M. Sept. 23, 2015); *Ritchie v. Van Ru Credit Corp.*, No. 2:12–CV–01714–PHX–SM, 2014 WL 3955268 (D. Ariz. Aug. 13, 2014).

9.      GDR also has been appointed class counsel in more than two dozen class actions brought under consumer protection statutes other than the TCPA in the past three years. *See, e.g.*, *Jallo v. Resurgent Capital Servs., L.P.*, No. 4:14-cv-00449, 2016 WL 6610322 (E.D. Tex. Nov. 8, 2016); *Rhodes v. Nat'l. Collection Sys., Inc.*, --- F.R.D. ----, 2016 WL 6583714 (D. Colo. Nov. 3, 2016); *McCurdy v. Prof'l Credit Serv.*, No. 6:15-cv-01498-AA, 2016 WL 5853721 (D. Or. Oct. 3, 2016)*; Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016); *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-CV-152V, 2016 WL 4069285 (W.D.N.Y. July 27, 2016); *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337 (S.D. Miss. 2015); *Rhodes v. Olson Assocs., P.C., d/b/a Olson Shaner*, 83 F. Supp. 3d 1096 (D. Colo. 2015); *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644 (M.D. Fla. 2015); *Donnelly v. EquityExperts.org, LLC*, No. 13-10017, 2015 WL 249522 (E.D. Mich. Jan. 14, 2015).

10.     Multiple district courts have commented on my firm's useful knowledge and experience in connection with class action litigation.

11.     For example, in *Ritchie v. Van Ru Credit Corp.*, Judge Stephen McNamee, Senior U.S. District Court Judge for the District of Arizona, stated upon granting final approval to the TCPA class settlement at issue:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and
> see us at some time in the future. And if you don't, I have a lot of cases I would like

to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

Case No. CIV-12-1714 (D. Ariz. July 21, 2014).

12.     Similarly, in *Roundtree v. Bush Ross, P.A.*, Judge James D. Whittemore, of the Middle District of Florida, wrote in certifying three separate classes and appointing GDR class counsel: "Greenwald [Davidson Radbil PLLC] has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions." 304 F.R.D at 661.

13.     As well, Judge Carlton W. Reeves, of the Southern District of Mississippi, noted last year in *McWilliams v. Advanced Recovery Sys., Inc.* that GDR "ha[s] been appointed class counsel in more than a dozen consumer protection class actions in the past two years." 310 F.R.D. at 340.

14.     More recently, Judge Steven D. Merryday, of the Middle District of Florida, wrote in appointing GDR class counsel in *James v. JPMorgan Chase Bank, N.A.* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1.

15.     And in *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II, of the Eastern District of Pennsylvania, took care to point out GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." No. 15-2460, 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

**Aaron D. Radbil**

16.     I graduated from the University of Arizona in 2002 and from the University of Miami School of Law in 2006.

17.     I have extensive experience litigating consumer protection class actions, including

those under the TCPA.

18.    In addition to my experience litigating consumer protection class actions, I have briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal and state courts of appeals. *See, e.g.*, *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068 (9th Cir. 2016); *Lea v. Buy Direct, L.L.C.*, 755 F.3d 250 (5th Cir. 2014); *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605 (5th Cir. 2014); *Stout v. FreeScore, LLC*, 743 F.3d 680 (9th Cir. 2014); *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369 (11th Cir. 2012); *Guajardo v. GC Servs., LP*, No. 11-20269, 2012 WL 5419505 (5th Cir. Nov. 7, 2012); *Sorensen v. Credit Int'l Corp.*, 475 F. App'x 244 (9th Cir. 2012); *Ponce v. BCA Fin. Serv., Inc.*, 467 F. App'x 806 (11th Cir. 2012); *Mady v. DaimlerChrysler Corp.*, 59 So. 3d 1129 (Fla. 2011); *Talley v. U.S. Dep't of Agric.*, 595 F. 3d 754 (7th Cir. 2010), *reh'g en banc granted, opinion vacated* (June 10, 2010), *on rehearing en banc* (September 24, 2010), *decision affirmed*, No. 09-2123, 2010 WL 5887796 (7th Cir. Oct. 1, 2010); *Oppenheim v. I.C. Sys., Inc.*, 627 F. 3d 833 (11th Cir. 2010); *Cano v. Hyundai Motor Am., Inc.*, 8 So. 3d 408 (Fla. 4th DCA 2009); *Jones v. Nissan N. Am., Inc.*, 385 Ill. App. 3d 740 (2d Dist. 2008).

**Michael L. Greenwald**

19.    Mr. Greenwald graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

20.    Prior to forming GDR, Mr. Greenwald spent six years as a litigator at Robbins Geller Rudman & Dowd LLP—the nation's largest plaintiff's class action firm, where he focused on complex class actions, including securities and consumer protection litigation.

21.    While at Robbins Geller, Mr. Greenwald served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short*

*Opportunities Fund Securities Litigation* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City of Ann Arbor Employees' Retirement Sys. v. Sonoco Products Co., et al.* (D.S.C.); *Norfolk County Retirement Sys., et. al. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank Clothiers, Inc.* (D. Md.); *In re Odimo, Inc. Sec. Litig.* (Fla.).

22.     Mr. Greenwald started his career as an attorney at Holland & Knight LLP.

### James L. Davidson

23.     Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

24.     He has been appointed class counsel in a host of consumer protection class actions.

25.     Prior to forming GDR, Mr. Davidson spent five years as a litigator at Robbins Geller, where he focused on complex class actions, including securities and consumer protection litigation.

26.     While at Robbins Geller, Mr. Davidson served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund et al. v. Swanson et al.*; *In re Pet Food Products Liability Litigation*; *In re Mannatech, Inc. Securities Litigation*; *In re Webloyalty, Inc. Mktg. and Sales Practices Litigation*; *In re Navisite Migration Litigation*.

### Jesse S. Johnson

27.     Mr. Johnson earned his Bachelor of Science degree in Business Administration from the University of Florida, where he graduated magna cum laude in 2005.

28.     He earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business Administration from the University of Florida Hough Graduate School of Business the same year.

29.     While an attorney at GDR, Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions, including: *Fenderson v. Frederick J. Hanna & Assocs., P.C.*, No. 1:15-cv-00964-ODE-JFK, Doc. 52 (N.D. Ga. Oct. 17, 2016); *Marcoux v. Susan J. Szwed, P.A.*, 2016 WL 5720713 (D. Me. Oct. 3, 2016); *Durham v. Schlee & Stillman, LLC*, No. 8:15-cv-01652-GJH, Doc. 23 (D. Md. Oct. 3, 2016); *Cobb v. Edward F. Bukaty, III, PLC*, No. 15-335, 2016 WL 4925165 (M.D. La. Sept. 14, 2016); *Bellum*, 2016 WL 4766079; *Kausch v. Berman & Rabin, P.A.*, No. 15-00537, 2016 WL 3944685 (E.D. Mo. July 8, 2016); *Schell v. Frederick J. Hanna & Assocs., P.C.*, No. 15-418, 2016 WL 3654472 (S.D. Ohio July 8, 2016); *Kemper v. Andreu, Palma & Andreu, PL*, No. 15-21226, 2016 WL 3545935 (S.D. Fla. June 23, 2016); *Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-2361, Doc. 44 (D.N.J. June 2, 2016); *Hall v. Frederick J. Hanna & Assocs., P.C.*, No. 15-03948, 2016 WL 2865081 (N.D. Ga. May 10, 2016); *Lehmeyer v. Messerli & Kramer, P.A.*, No. 15-02419, 2016 WL 1576439 (D. Minn. Apr. 15, 2016); *Garza v. Mitchell Rubenstein & Assocs., P.C.*, No. 15-1572, 2015 WL 9594286 (D. Md. Dec. 28, 2015); *Baldwin v. Glasser & Glasser, P.L.C.*, No. 15-490, 2015 WL 7769207 (E.D. Va. Dec. 1, 2015).

30.     Mr. Johnson started his legal career as an associate at Robbins Geller, where he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc. et al.*, No. 1:11-cv-08332 (N.D. Ill.); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421 (S.D. Ohio); *City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10-cv-01073 (M.D. Fla.); and *In re Synovus Fin. Corp.*, No. 1:09-cv-01811 (N.D. Ga.).

**Summary of the Settlement**

31.     The cash settlement fund in this matter amounts to $17.5 million.

32.     Defendant represents that there are approximately 350,000 members of the settlement class.

33.     Participating class members will receive an equal share of the settlement fund after deducting the costs of notice and claims administration, attorneys' fees, costs, and expenses subject to this Court's approval, and incentive awards to Mr. Johnson, Ms. Toure, and Mr. Heard, subject to this Court's approval.

34.     None of the settlement fund will revert to Defendant.

35.     The parties reached their settlement only after three mediations—one before Magistrate Judge Dinsmore on May 17, 2016, in Indianapolis, one before the Hon. William Cahill (Ret.) of JAMS on August 19, 2016, in Washington, D.C., and another before Judge Cahill on November 27, 2016, in Los Angeles, CA.

36.     Judge Cahill was instrumental in helping the parties to reach an agreement in this case.

37.     Given the meaningful recovery for the class that results from the settlement, and considering the serious risks associated with continuing to litigate this matter, I firmly believe that the settlement is fair, reasonable, and adequate, and that it far outweighs the delay and considerable risk attendant to proceeding with this matter in a contested fashion.

**Summary of Procedural History in this Court**

38.     In May 2014, Mr. Johnson filed his class action complaint against Defendant.

39.     Defendant subsequently filed its answer and eleven affirmative defenses.

40.     This Court later denied, after full briefing, Defendant's motion to stay Mr. Johnson's case due to then-pending Supreme Court cases.

41.     The parties then conducted significant discovery, including Defendant's rolling

production of over 20,000 pages of documents, as well as depositions of Defendant's designated representative, Defendant's expert, Mr. Johnson, and Mr. Johnson's expert.

42.     Throughout much of this matter the parties submitted monthly reports to Judge Dinsmore, and attended monthly telephone conferences with Judge Dinsmore, regarding the status of discovery.

43.     Just prior to the close of discovery, and following full briefing, this Court granted Mr. Johnson's motion to certify the class.

44.     This Court did not rule on Defendant's motion to strike the testimony of Mr. Johnson's expert.

45.     Thereafter, and with the benefit of full briefing, the Seventh Circuit denied Defendant's petition to appeal this Court's order certifying the class.

46.     The parties then filed respective motions for summary judgment and related responses, which were pending at the time the parties agreed to resolve this matter.

### Summary of Procedural History in the Northern District of Illinois

47.     Because of the procedural posture of this matter at the time, this Court previously denied Mr. Johnson's request to add Mr. Heard as a named plaintiff to this matter:

> Plaintiff's Motion to Certify Class Action and Appoint Class Counsel is fully briefed (the "Motion to Certify"). Preparation for the Motion to Certify involved extensive discovery that included not only a deposition of Plaintiff, but also preparation of expert reports and depositions of same. In the light of the protracted litigation in this case already, the addition of another named plaintiff, which would require additional discovery and at the very least supplemental briefing on the Motion to Certify, outweighs any benefit to allow the proposed amendment. For these reasons, Plaintiff's Motion for Leave to File Amended Class Action Complaint, Dkt. No. 99, is DENIED.

Doc. 120 at 1-2.

48.     Following the date on which this Court certified the class, Ms. Toure and Mr. Heard

filed their class action complaint against Defendant, in the Northern District of Illinois.

49.     Ms. Toure and Mr. Heard's claims are materially identical to Mr. Johnson's claims.

50.     The only material difference between the two actions is the respective class period—Ms. Toure and Mr. Heard's class period picks up on the day after Mr. Johnson's class period ends.

51.     The settlement will resolve Ms. Toure and Mr. Heard's case, as well as this case.

52.     After initial proceedings and conferences with the Northern District of Illinois, Ms. Toure and Mr. Heard filed a joint motion to transfer their case to this Court, to join this case.

53.     The Northern District of Illinois denied the motion without prejudice, with an instruction to refile the joint motion once the settlement agreement in this case was fully executed.

54.     Ms. Toure and Mr. Heard will file their renewed, joint motion to transfer in short order.

## Settlement Notice and Administration

55.     Prior to selecting a claims administrator in this matter, I solicited and reviewed bids from four well-regarded, national settlement administration companies with significant experience in administrating class action settlements under the TCPA.

56.     Thereafter I negotiated, over the course of several weeks, to obtain the best price available for the notice and administration of this matter, given the notice plan necessary. The parties are still working to finalize their selection, and will update the Court accordingly.

## Written Settlement Agreement

57.     Attached as Exhibit 1 is the parties' class action settlement agreement and related exhibits, including the proposed notices to the class.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on December 23, 2016          /s/ Aaron D. Radbil
                                        Aaron D. Radbil

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement") is made by and between plaintiffs Randy Johnson ("Johnson"), Shelly Toure ("Toure"), and Tony Heard ("Heard") (collectively, "Plaintiffs") for themselves and the Settlement Class (as defined below), on the one hand, and Navient Solutions, Inc. ("NSI"), for itself and the Released Parties (as defined below), on the other hand.  NSI, Class Counsel (as defined below) and Plaintiffs hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and the Settlement Class Members (as defined below) in the action originally entitled <u>Randy Johnson v. Navient Solutions, Inc.</u>, United States District Court, Southern District of Indiana, Indianapolis Division (the "Court"), Case No. 1:15-cv-00716-LJM-MJD ("<u>Johnson</u>"), shall be settled, compromised and released upon the terms and conditions contained herein.

## I.   RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.   <u>Johnson</u> was filed on May 4, 2015.  Johnson alleges that NSI violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, <u>et seq.</u>, by calling him and persons in the Settlement Class after being informed that NSI was calling wrong numbers.

B.   Johnson believes that the claims asserted in the Action have merit.  This Settlement in no event is to be construed or deemed to be evidence of or an admission or concession on the part of Johnson that there is any infirmity in the claims asserted by Johnson or that there is any merit whatsoever to any of the contentions and defenses that NSI has or would have asserted.

C.   NSI vigorously denies all claims asserted in the Action and denies all allegations of wrongdoing and liability.  This Settlement in no event is to be construed or deemed to be

evidence of or an admission or concession on the part of NSI that there is any infirmity in the defenses that they have asserted or would have asserted or that there is any merit whatsoever to any of the allegations that Johnson asserts. NSI desires to settle the Action on the terms set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings.

D.     This Agreement resulted from and is the product of extensive, good faith and arm's length negotiations. The Parties (as defined below) participated in a settlement conference before Magistrate Judge Mark J. Dinsmore on May 17, 2016, mediation before the Honorable William Cahill (Ret.) of JAMS on August 19, 2016 and October 27, 2016, and multiple follow-up discussions, to reach a resolution of the Action.

E.     Plaintiffs and Class Counsel have investigated the facts and law underlying the claims asserted in the Action, including through extensive discovery. The Parties also have engaged in significant motion practice with respect to class certification and summary judgment.

F.     As a result of these efforts, the Parties entered into this Agreement, subject to preliminary approval and final approval by the Court, as required by Rule 23 of the Federal Rules of Civil Procedure, to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiffs and the Settlement Class Members in exchange for NSI's agreement to pay the sum of Seventeen Million, Five Hundred Thousand Dollars ($17,500,000).

G.     Based on the investigation and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by persons in the Settlement Class pursuant to this Agreement, that a settlement with NSI and on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class.

H.     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement and is

not an admission of wrongdoing or liability by NSI.  It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

 **NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiffs and NSI agree to the Settlement, subject to approval by the Court, as follows:

## II. <u>DEFINITIONS</u>

 A. In addition to the terms defined elsewhere within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

 1. "Account" means the account to be established consistent with the terms and conditions described in Section III.C. of this Agreement.  The Account shall be held at a bank to be selected by Class Counsel and NSI, in conjunction with the Settlement Administrator.

 2. "Action" means <u>Johnson</u> and the action entitled <u>Toure, et al., v. Navient Solutions, Inc.,</u> United States District Court, Northern District of Illinois, Case No. 1:16-cv-08279 ("<u>Toure</u>").  <u>Toure</u> will be transferred to the Court and coordinated with <u>Johnson</u> following execution of this Agreement

 3. "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

 4. "Claim Form" means the claim form to be submitted by Settlement Class Members, subject to approval by the Court, substantially in the form attached hereto as Exhibit A.

 5. "Claim Period" means the period of time between the date of Preliminary Approval and the Opt-Out and Objection Deadline (as defined below).

 6. "Class Counsel" means Greenwald Davidson Radbil PLLC.

 7. "Class Notice" means all types of notices that will be provided to the Settlement Class, pursuant to Section III.E. of this Agreement, including Mail Notice, Publication Notice, Website Notice and any additional notice that might be ordered by the Court.

3

8.     "Class Period" means the period from May 4, 2011 through [the date of preliminary approval].

9.     "*Cy Pres* Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Section III.F.7. of this Agreement.

10.     "Effective Date" means the fifth business day after the last of the following dates:

a.     All Parties, NSI's Counsel and Class Counsel have executed this Agreement;

b.     The Court has entered, without material change, the Final Approval Order; and

c.     The final disposition of any related appeals, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

11.     "Final Approval Hearing" means the date of the hearing when the Court considers the Parties' request to enter the Final Approval Order granting final approval to the Settlement and determining the amount of fees, costs and expenses awarded to Class Counsel and the amount of the Service Awards to Johnson, Toure, and Heard.

12.     "Final Approval Order" or "Final Approval" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, the proposed form of which is attached hereto as Exhibit B.

13.     "Fund" means the total cash sum of Seventeen Million, Five Hundred Thousand Dollars ($17,500,000) to be paid pursuant to Section III.F. of this Agreement, except that, if the number of persons in the Settlement Class exceeds 350,000 by more than 10% (i.e., 35,000 persons), NSI will add fifty dollars ($50) to the Fund for each person in excess of 385,000.  Under no other circumstance will NSI be required to pay any additional amount into the Fund or otherwise in connection with the Settlement.

14.     "NSI's Counsel" means Lisa M. Simonetti of Vedder Price (CA), LLP.

4

15.     "Mail Notice" means the notice that will be provided pursuant to Section III.E.1. of this Agreement, subject to approval by the Court, substantially in the form attached hereto as Exhibit C.

16.     "Notice" or "Notice Program" means the methods provided for in this Agreement for giving notice of the Settlement and includes the Mail Notice, Publication Notice and Website Notice.

17.     "Parties" means Johnson, Heard, Toure and NSI.

18.     "Preliminary Approval" means the date that the Court enters, without material change, the Preliminary Approval Order.

19.     "Preliminary Approval Order" means the order that the Court enters upon preliminarily approving the Settlement, the proposed form of which is attached hereto as Exhibit D.

20.     "Publication Notice" means the notice that will be provided pursuant to Section III.E.2. of this Agreement, subject to approval by all Parties.

21.     "Released Claim" or "Released Claims" means all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory as of the date of the Final Approval Order:  (a) that arise out of or are related in any way to the use by NSI of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to make "calls" to a cellular telephone (to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law and including any text messages sent to Settlement Class Members) in connection with efforts to contact or attempt to contact Settlement Class Members, including, but not limited to, claims under or for violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the use of automatic telephone dialing systems or an artificial or prerecorded voice, including any claim under or for violation of federal or state unfair and deceptive practices statutes, violations of any federal or state debt collection practices acts (including but not limited to, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.), invasion of privacy, conversion, breach of contract, unjust enrichment, specific performance and/or promissory estoppel; or (b) that arise out of or relate in any way to the administration of the Settlement.

22.      "Released Parties" means NSI and all companies to which it is related, together with all of their respective members, owners, shareholders, predecessors, successors and assigns; the past, present, and future, direct and indirect, parents (including, but not limited to holding companies) and subsidiaries of any of the above; and the past, present and future principals, trustees, partners, insurers, officers, directors, employees, agents, vendors, independent contractors, advisors, attorneys, members, owners, shareholders, predecessors, successors, assigns, representatives, heirs, executors and administrators of any of the above.

23.      "Releases" means all of the releases contained in Section III.G. of this Agreement.

24.      "Releasing Parties" means Johnson, Heard, Toure and each and all Settlement Class Members, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns, as set forth in Section III.G. of this Agreement.

25.      "Service Award" means an incentive award for Johnson, and for Toure and Heard, as set forth in Section III.I. of this Agreement.

26.      "Settlement Administrator" means the claims administrator agreed to by the parties, subject to approval by the Court.

27.      "Settlement Award" means a cash payment to an eligible Settlement Class Member pursuant to Section III.F. of this Agreement.

28.    "Settlement Class" means each person and entity throughout the United States: (a) to whom NSI placed one or more telephone calls; (b) directed to a telephone number assigned to a cellular telephone service; (c) by using an automatic telephone dialing system; (d) after NSI designated the telephone number to which it placed the call(s) as a wrong number; (e) between May 4, 2011 and [the date of preliminary approval].  Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.  NSI represents that there are approximately 350,000 persons in the Settlement Class.

29.    "Settlement Class Member" means any person in the Settlement Class who does not request exclusion from the Settlement, and either:  (a) is or was a user or owner of a cellular telephone number contained in NSI's records and assigned to a cellular telephone service, regardless of whether such person is reflected as a user or owner of the cellular telephone number through the reverse lookup process set forth in Section III.E.; or (b) was not a user or owner of a cellular telephone number contained in NSI's records when each and every call at issue to the cellular telephone number was made, but is reflected as a user or owner of the cellular telephone number through the reverse lookup process set forth in Section III.E. Settlement Class Members are intended to include: (i) customers of NSI whose cellular telephone numbers to which NSI made calls match NSI's records; (ii) persons who are reflected as users or owners of cellular telephone numbers to which NSI made calls, but who may not have been users or owners of such numbers when all calls were made; and (iii) persons who are not reflected as users or owners of cellular telephone numbers to which NSI made calls, but who were users or owners of such numbers when calls were made.

30.    "Settlement Costs" means (a) all costs of printing and providing notice to persons in the Settlement Class (including, but not limited to, costs for performing reverse lookups of cellular telephone numbers, Mail Notice, Publication Notice, Website Notice, and any additional notice that might be ordered by the Court); (b) all costs of administering the

Settlement, including, but not limited to, the cost of printing and mailing Settlement Awards and other payments; and (c) the fees, expenses, and all other costs of the Settlement Administrator.

   31. "Website Notice" means the website notice provided pursuant to Section III.E.3 of this Agreement, in the form attached hereto as Exhibit E.  The Website Notice will be posted on the "Settlement Website," which shall be established by the Settlement Administrator.

  B. Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III. <u>TERMS OF SETTLEMENT</u>

  A. <u>Conditional Certification of the Settlement Class</u>.  Solely for the purposes of settlement, providing Class Notice and implementing this Agreement, the Parties agree to conditional certification of the Settlement Class in the Action for settlement purposes only.  If the Settlement is not finalized or finally approved by the Court for any reason whatsoever, the certification of the Settlement Class is voidable by any party, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action.  No agreements, documents or statements made by or entered into by any party in connection with the Settlement may be used by Johnson, Toure, Heard, any person in the proposed Settlement Class, NSI or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

  B. <u>Preliminary Approval</u>.

   1. <u>Preliminary Approval Motion.</u>  Johnson will move the Court for entry of the Preliminary Approval Order.  The Preliminary Approval Order shall specifically include provisions that:  (a) preliminarily approve the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the

requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement, within 60 days following entry of the Preliminary Approval Order (the "Notice Deadline"); (e) establish a procedure for persons in the Settlement Class to object to the Settlement or exclude themselves from the Settlement Class, and set a date 45 days after the Notice Deadline, after which no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class (the "Opt-Out and Objection Deadline"); (f) pending final determination of whether the Settlement should be approved, bar and enjoin, in accordance with applicable law, persons in the Settlement Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims; (g) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; and (h) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than 60 days after the Opt-Out and Objection Deadline.

2. <u>Stay/Bar of Proceedings</u>. All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted Final Approval, the Parties in the Action agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a person in the Settlement Class, or acting on a representative basis or in any other capacity on behalf of a person in the Settlement Class, will commence or prosecute against any of the Released Parties any Action or proceeding asserting any of the Released Claims. The Preliminary Approval Order will contain an injunction, in accordance with applicable law, enjoining the commencement or prosecution of the Released Claims by Settlement Class Members. The Settlement will be conditioned upon the

entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

     C.     <u>The Account</u>.

     1.     <u>The Account</u>.  NSI shall deposit the Fund into the Account within fourteen (14) days of the Effective Date.  With the consent of the Parties, the Settlement Administrator shall have the ability and the authority to withdraw from the Account those amounts necessary to effectuate the Settlement.

     2.     <u>Termination</u>.  In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the amounts remaining in the Account (including accrued interest) shall be returned to NSI.

     D.     <u>Settlement Administrator</u>.  The Settlement Administrator shall administer the Notice Program and Settlement Award distribution process.  NSI will reasonably cooperate in the notice and administration process by providing the Settlement Administrator, on a confidential basis and within 30 days of the entry of the Preliminary Approval Order, with the telephone numbers associated with the Settlement Class (as reflected in reasonably available computerized records of NSI).

     E.     <u>Settlement Notice Program</u>.  The Settlement Administrator, as specified below, shall provide Class Notice in the forms approved by the Court, as detailed below, within 60 days following entry of the Preliminary Approval Order (i.e., the Notice Deadline, as defined):

     1.     <u>Mail Notice</u>.  Following a reverse lookup process, the Settlement Administrator will provide the Mail Notice to all persons in the Settlement Class who can reasonably be identified.  A National Change of Address update shall be performed before mailing.  Skip tracing shall be performed for all returned direct mail, and all costs of skip tracing will be considered Settlement Costs.  The Mail Notice shall include a tear-off claim form, and also shall direct recipients to the Settlement Website for additional information or to submit a claim online.

2.      Publication Notice.  The Settlement Administrator will publish notice of the Settlement in two separate national editions of USA Today and one national edition of the U.S. Wall Street Journal.

3.      Website Notice.  The Settlement Administrator will establish and maintain the Settlement Website, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Order and any other materials that the Parties agree to include.  These documents shall be available on the Settlement Website beginning 15 days following Preliminary Approval and remain at least until Final Approval.  The Settlement Administrator shall secure a URL for the Settlement Website proposed by Class Counsel and approved by NSI— www.JohnsonTCPAsettlement.com.  The Settlement Website shall not bear or include NSI's name, logo or trademarks, or those belonging to any companies affiliated with NSI.  Ownership of the Settlement Website URL shall be transferred to NSI within 10 days after operation of the Settlement Website ceases.

4.      Toll-Free Telephone Number.   The Settlement Administrator will establish and maintain a toll-free telephone number that persons in the Settlement Class may call to receive more information regarding the Settlement.  The Mail Notice shall inform persons in the Settlement Class of the toll-free number.  The toll-free number will be established no later than 15 days following entry of the Preliminary Approval Order and is to remain active at least until the date of the Final Approval Hearing.

5.      CAFA Notice.  NSI is responsible for timely compliance with all CAFA notice requirements.

F.      Settlement Consideration.

1.      The Fund.  As consideration for the Settlement, Defendant will pay the cash sum of $17,500,000 (as defined above, the "Fund").  Any award of attorneys' fees and costs and expenses, any Service Awards and the Settlement Administration Costs shall be deducted from the Fund prior to distribution to the Settlement Class Members.   Following those

11

deductions, the remaining amount will be distributed *pro rata* to those Settlement Class Members who have submitted valid and timely Claim Forms.

2.      Conditions for Claiming Settlement Awards.   To make a claim for a Settlement Award, a Settlement Class Member must submit to the Settlement Administrator a valid and timely Claim Form.   The Claim Form may be submitted to the Settlement Administrator by mail to a designated post office box or via the Settlement Website.   The Settlement Administrator will have no obligation to honor any Claim Form or information not submitted by mail to the designated post office box or via the Settlement Website.

To be valid, the Claim Form must include:  (a) the Settlement Class Member's full name and address; (b) certification that, between May 4, 2011 and [the date of preliminary approval], the Settlement Class Member received a telephone call from NSI; (c) for mailed Claim Forms, the Settlement Class Member's signature; and (d) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature and address.  Only one valid Claim Form will be honored per Settlement Class Member, regardless of the number of telephone calls directed to the Settlement Class Member.

3.      Time to Submit a Claim for a Settlement Award.  In order to be deemed timely, Claim Forms and all required information must be submitted via the Settlement Website or by mail by the last date of the Claim Period, which will be specified in the Claim Form. Claim Forms submitted by mail must be postmarked by that date.  The Settlement Administrator will have no obligation to honor any Claim Form or information submitted via the Settlement Website or postmarked after the end of the Claim Period, even if such Claim Form or information otherwise would be valid.

4.      Review of Approved or Denied Claims. Each Settlement Class Member who makes a timely claim will have his or her claim reviewed by the Settlement Administrator. The Settlement Administrator will advise the Parties, at a minimum, on a weekly basis of the claims that are approved and denied.  Each party is entitled to contest the denial of any claim, first through a meet and confer with the Settlement Administrator and the other party, and then,

if they are unable to resolve the issue, the party contesting the denial may seek a resolution from the Court.  To the extent possible, the Parties and the Settlement Administrator will attempt to resolve any issues regarding denied claims prior to the Final Approval Hearing.  However, if any disputed claim denials are unresolved at the time of the Final Approval Hearing, that will not prevent the Final Approval Hearing from going forward, with the issues to be resolved at a later date, but within 60 days of the entry of any order regarding the Final Approval Hearing, including any order for final approval of the settlement.

5.      <u>Distribution of Settlement Awards</u>.  Within 30 days after the Effective Date, Settlement Awards shall be mailed by the Settlement Administrator to Settlement Class Members.  The Settlement Administrator shall mail, by first class mail, a check to each claiming Settlement Class Member.  No skip tracing or re-mailing of returned mail will be required.  All checks for Settlement Awards will be valid for 120 days from the date on the check.  Any remaining monies from uncashed settlement awards may be redistributed in a second distribution to Settlement Class Members who submitted a valid and timely claim. However, if a second distribution would result in less than $5 per qualifying claimant, the remaining monies will instead be donated to the National Endowment for Financial Education as a *Cy Pres* Distribution pursuant to Section III.F.7. Any remaining monies from uncashed settlement awards following a second distribution will be donated to the National Endowment for Financial Education as a *Cy Pres* Distribution. No monies out of the Fund will revert back to NSI.

6.      <u>Taxes</u>.  Any person who receives a distribution from the Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.

7.      <u>*Cy Pres* Distribution</u>.  To the extent monies remain in the Fund after 120 days have passed from the date on the checks mailed to Settlement Class Members, and the remaining monies in the Fund would not allow for a second distribution of at least $5 to each Settlement Class Member after deducting the costs associated with such a distribution, such money remaining in the Fund will comprise the *Cy Pres* Distribution.  Subject to approval by the

Court, the *Cy Pres* Distribution shall be made to the National Endowment for Financial Education.  The *Cy Pres* Distribution shall be made 60 days after the last day for Settlement Class Members to cash their Settlement Awards, subject to the terms above.  To the extent a second distribution is made to Settlement Class Members, any remaining monies in the Fund after 120 days have passed from the date on the checks will constitute the *Cy Pres* Distribution.

      G.    <u>Release of Released Claims</u>.  As of the Effective Date of the Settlement, Johnson, Heard, Toure and each Settlement Class Member, along with their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, and forever released the Released Parties from all Released Claims described in Sections  II.A.21-24. above. Without limiting the foregoing, the Released Claims released pursuant to this Settlement specifically extend to all claims and potential claims that Settlement Class Members do not know or suspect to exist in their favor as of or prior to the Effective Date, within the definition of Released Claims.  Johnson, Toure and Heard, and all Settlement Class Members, agree that this paragraph constitutes a waiver of California Civil Code section 1542 and any similar or comparable provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law.  California Civil Code section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Johnson, Toure, Heard and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, Johnson, Toure, Heard and each Settlement Class Member acknowledge that

they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.  Johnson, Toure and Heard acknowledge (and all Settlement Class Members by operation of law shall be deemed to have acknowledged) that the release of unknown Released Claims as set forth herein was separately bargained for and was a key element of the Settlement.

H.      Attorneys' Fees and Costs.  No later than 30 days before the Opt-Out and Objection Deadline, Plaintiffs shall move the Court for an award of attorneys' fees, expenses, and costs to be paid to Class Counsel.  NSI will pay any award of attorneys' fees and costs to Class Counsel, from the Fund, within 10 days that any order awarding any such attorneys' fees and costs becomes final (non-appealable).  However, Court approval of attorneys' fees, expenses, and costs, or their amount, will not be a condition of the Settlement, and in no event will any award of attorneys' fees require NSI to pay more than the amount of the Fund.  In addition, no interest will accrue on such amounts at any time.

I.      Service Awards.  Johnson will return the check for the amount of statutory damages previously tendered by NSI.  NSI will not object to a Service Award to Johnson of up to $25,000, and up to $5,000 to each of Toure and Heard, subject to Court approval.  NSI will pay any Service Awards, from the Fund, within 10 days that any order awarding any such awards becomes final (non-appealable).  However, Court approval of the Service Awards, or their amounts, will not be a condition of the Settlement.  In addition, no interest will accrue on such amounts at any time.

J.      Opt-Out Right/Termination.

1.      Opt-Out Requirements. Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated in the Class Notice up until the Opt-Out and Objection Deadline.  Exclusion

requests must: (a) be signed by the person who requests exclusion; (b) include the full name and address of the person requesting exclusion, as well as the telephone number called by NSI; and (c) include the following statement: "I/we request to be excluded from the settlement in the Johnson action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with a person in the Settlement Class, may exclude any other person from the Settlement Class.

2. <u>Retention of Exclusions</u>. The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out. Not later than 30 days after the Opt-Out and Objection Deadline, the Settlement Administrator shall file with the Court a declaration that lists all of the opt-outs received.

3. <u>Cap on Opt-Outs</u>. The Settlement Class Members will be bound by all determinations and judgments in the Action. In the event that the number of valid opt-out requests exceeds 350 or more persons, NSI, in their sole discretion, may terminate the Settlement. NSI shall inform Class Counsel within 15 days after it is advised in writing that the number of valid opt-out requests is higher than 350 persons as to whether it will exercise the right of termination.

K. <u>Objections to the Settlement</u>.

1. <u>Right to Object</u>. Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees, expenses, and costs and/or the Service Awards, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from

16

making any objection to the fairness, reasonableness or adequacy of the proposed Settlement, the plan of allocation, or the award of any attorneys' fees and/or the Service Awards.  Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must file with the Court and serve on all parties a Notice of Intention to Appear.

2.  Objection Requirements.  To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and file it with the Court by the Opt-Out and Objection Deadline.  The objection must also be mailed to each of the following, postmarked not later than the last day to file the objection: (a) Class Counsel – Aaron D. Radbil, Greenwald Davidson Radbil PLLC, 106 E. 6th Street, Suite 913, Austin, TX 78701; and (b) NSI's Counsel – Lisa M. Simonetti, Vedder Price (CA), LLP, 1925 Century Park East, Suite 1900, Los Angeles, California 90067.  An objection must: (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number dialed by NSI; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents that such objector desires the Court to consider.  In order to be heard at the Final Approval Hearing, the person objecting also must file with the Court and serve on all Parties a Notice of Intention to Appear.

L.  Final Approval.  Within 30 days following the Opt-Out and Objection Deadline, Johnson shall promptly request that the Court enter the Final Approval Order, which shall specifically include provisions that:  (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Fund and any interest accrued thereon; (d) finally certify the Settlement Class; (e) confirm that Johnson, Heard, Toure and the Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims against the Released Parties;

17

and (f) dismiss the Action with prejudice, without costs to any party, except as provided in this Agreement, and subject to the Court retaining continuing jurisdiction over the Parties and the Fund for the purpose of enforcement of the terms of this Agreement.

   M. <u>Dismissal</u>.  Upon entry of the Final Approval Order, the Action shall be dismissed with prejudice as to Johnson, Toure, Heard and the Settlement Class Members.

   N. <u>Evidentiary Preclusion/No Admissions</u>.  NSI expressly disclaims and denies any wrongdoing or liability whatsoever.  This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by NSI of any liability or wrongdoing by NSI or any of their respective affiliates, agents, representatives, vendors or any other person or entity acting on their behalf, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed a waiver of any right to challenge class certification if this Settlement for any reason does not become Final; or (d) is or may be deemed to be a waiver of any right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement.  In addition, neither the fact of, nor any documents relating to, NSI's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.  The Released Parties may file the Agreement and/or the judgment in any Action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral

estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

O.     <u>No Publicity Beyond Notice Procedures</u>.  Class Counsel and/or Plaintiffs will not at any time issue press releases, initiate or make any public statements regarding the Settlement or engage in any discussions with any press or news organization, with the exception of neutrally-worded language consistent with that contained in the Class Notice, which Class Counsel may only use on their website following approval of the language by NSI.  Class Counsel and/or Plaintiffs will not make statements of any kind to any third party regarding the Settlement prior to the filing of a motion for entry of the Preliminary Approval Order, with the exception of the Settlement Administrator.   After that time, the Parties may make public statements to the Court as necessary to obtain preliminary or final approval of the Settlement, and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement.  However, in all communications, Class Counsel must comply with all confidentiality agreements in the Action and not disclose information that is not a part of the public record.

P.     <u>Non-Disparagement</u>.  The Parties agree not to make any statements, written or verbal, or to cause or encourage any other person to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices or conduct of the Parties, the Released Parties and their respective counsel concerning all Released Claims, as well as the litigation of this Action, the Settlement, this Agreement and any discussions, interactions, or negotiations of the Settlement by the Parties and their counsel; provided, however, nothing herein shall preclude any party or its agents, representatives or counsel from any good faith response to any inquiries under oath or in response to a government inquiry or from making statements in the course of legal proceedings, or from non-public privileged communications with Class Members with regard to the settlement.

Q.      No Effect On Outstanding Debt.  The Parties agree and acknowledge that nothing in this Settlement effects the obligation of any borrower to repay any amounts of outstanding student loan debt serviced by NSI.

## IV.   GENERAL PROVISIONS

A.      Settlement Conditioned Upon Approval.  The Settlement is conditioned upon entry of the Preliminary Approval Order and Final Approval Order without material modification by the Court.  In the event of failure to obtain any of the required provisions of such orders, including, but not limited to, the denial of any motion seeking preliminary or final approval, either Party may terminate the Settlement by notifying the opposing party in writing within 30 days of such failure to obtain approval.  In the event of a termination under this section, or the termination of this Settlement based on the cap on opt-outs, the Parties will then return, without prejudice, to the *status quo ante* as if no Settlement had been negotiated or entered into.

B.      No Construction Against Drafter.  This Agreement will be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

C.      Entire Agreement.  This Agreement contains the entire agreement between the parties and supersedes all prior understandings, agreements or writings regarding the subject matter of this Agreement.  This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court.  The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

D.      Authority.  Johnson, Toure, Heard and NSI represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Johnson and NSI to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents

20

and warrants that he or she has done so freely and he or she is fully authorized to do so and to bind the party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

      E.      <u>No Assignment</u>.  No party to this Agreement has heretofore assigned, transferred or granted, or purported to assign, transfer, or grant, any of the claims, demands or cause or causes of action disposed of by this Agreement.

      F.      <u>Receipt of Advice of Counsel</u>.  Each party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.  Each party to this Agreement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

      G.      <u>Agreement Binding on Successors in Interest</u>.  This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

      H.      <u>Undertakings of the Parties</u>.  The Parties agree to the approval of this Settlement. The Parties further agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, and contemplate that they will oppose any objections to the Settlement, including objections by any regulatory authority after CAFA notices are issued, and oppose any appeals from any orders of final approval.

      I.      <u>Effect of Agreement/Regulatory Proceedings</u>: Nothing in this Settlement is intended to affect the existing rights of persons in the Settlement Class to participate in any investigation or suit initiated by a state or federal agency or any existing rights of NSI to defend any such investigation or suit.

J.      Execution in Counterparts.   The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

K.      Notices.  All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

<table>
<tr><td>As to Johnson, Toure, Heard<br>and the Settlement Class:<br>GREENWALD DAVIDSON RADBIL PLLC<br>Aaron D. Radbil<br>aradbil@gdrlawfirm.com<br>106 E. 6th Street, Suite 913<br>Austin, TX 78701</td><td>As to NSI:<br>VEDDER PRICE (CA), LLP<br>Lisa M. Simonetti<br>lsimonetti@vedderprice.com<br>1925 Century Park East, Suite 1900<br>Los Angeles, CA 90067</td></tr>
</table>

L.      Retention of Jurisdiction.   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of December 23, 2016:

_____
Randy Johnson

_____
Shelly Toure

_____
Tony Heard

**NAVIENT SOLUTIONS, INC.**

By: _____

Its: _____

_____
Randy Johnson

*Shelly Touré*
_____
Shelly Toure


_____
Tony Heard


**NAVIENT SOLUTIONS, INC.**

By: _____

Its: _____

Randy Johnson

Shelly Toure

Tony Heard

NAVIENT SOLUTIONS, INC.

By:

Its:

---
Randy Johnson

---
Shelly Toure

---
Tony Heard

**NAVIENT SOLUTIONS, INC.**

By: _____   Matt Sheldon

Its: _Vice President + Associate General Counsel_

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

GREENWALD DAVIDSON RADBIL PLLC                    Dated:  December ___, 2016

By: _____
                Aaron D. Radbil

**APPROVED AS TO FORM:**                    Dated:  December 23, 2016

**DEFENSE COUNSEL**

VEDDER PRICE (CA), LLP

By: _____
                Lisa M. Simonetti

**APPROVED AS TO FORM AND CONTENT:**

**CLASS COUNSEL**

GREENWALD DAVIDSON RADBIL PLLC                    Dated:  December 22, 2016

By: _____
                Aaron D. Radbil


**APPROVED AS TO FORM:**                                         Dated:  December ___, 2016

**DEFENSE COUNSEL**

VEDDER PRICE (CA), LLP


By: _____
                Lisa M. Simonetti

# Exhibit A

**Carefully separate at perforation**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

**Randy Johnson v. Navient Solutions, Inc.,**
**Case No.: 1:15-cv-0716-LJM-MJD (S.D. Ind.)**

**CLAIM FORM**

[admin] ID: «[Admin] ID»                                Name/Address Changes:
«First Name» «Last Name»                                _____
«Address1»                                              _____
«City», «State» «Zip»                                   _____

I am a member of the settlement class in Johnson v. Navient Solutions, Inc. ("NSI").  I affirm that I received one or more wrong-number telephone calls or text messages from NSI to a cellular telephone between May 4, 2011 and _____.

**Bottom Inside**

**IF YOU MOVE, send your CHANGE OF ADDRESS to the**
**Settlement Administrator at the address on the backside of this form.**

Signature:_____            Telephone number on which I received the call(s):

Date:_____                 _____

**To Receive A Payment, You Must Enter All Requested Information Above, Sign**
**And Mail This Claim Form, Postmarked On Or Before [Month] [day], 2017,**
**Or Submit A Claim Online At www.johnsontcpasettlement.com On Or Before [Month] [day], 2017.**

**To exclude yourself from the class action settlement you must mail a written request for**
**exclusion to the Settlement Administrator, postmarked on or before [Month] [day], 2017.**
**Your request must include the information required by the Court's [month] [day], 2017 Order.**

Please Affix
Postage
Here

**Bottom Outside**

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Johnson v. Navient Solutions, Inc.**
**[address]**

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RANDY JOHNSON, on behalf of himself and
others similarly situated,

        Plaintiff,

v.

NAVIENT SOLUTIONS, INC., f/k/a SALLIE
MAE, INC.,

        Defendant.

Case No. 1:15-cv-0716 LJM-MJD

## [PROPOSED] FINAL APPROVAL ORDER

The Court having held a final approval hearing on _____, notice of the hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final approval order and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement dated _____, including its exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference hereinafter in this Order.  The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Final Approval Order, which constitutes a Final Judgment and Order of Dismissal.

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties, including all persons in the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> Each person and entity throughout the United States:  (a) to whom NSI placed one or more telephone calls; (b) directed to a telephone number assigned to a cellular telephone service; (c) by using an automatic telephone dialing system; (d) after NSI designated the telephone number to which it placed the call(s) as a wrong number; (e) between May 4, 2011 and [the date of preliminary approval].

3.      The Court hereby finds that the Agreement is the product of arm's length settlement negotiations among Plaintiffs, Class Counsel and NSI.

4.      The Court hereby finds and concludes that Class Notice was disseminated to the Settlement Class in accordance with the terms set forth in Section III.E. of the Agreement and in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Class Notice and Settlement Award distribution procedures set forth in Sections III.E. and III.F. of the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Final Approval Order.

6.      This Court hereby finds and concludes that the notice provided by NSI to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

7.      The Court hereby finally approves the Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable and

adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8.     The Court reserves jurisdiction over all matters arising out of the Agreement.

9.     This Court hereby dismisses the Action with prejudice, without fees or costs, except as expressly provided for in the Agreement.

10.     Johnson, Toure and Heard and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims.  In addition, any rights of Johnson, Toure, Heard and each and every one of the Settlement Class Members subject to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws, are terminated.

11.     Johnson, Toure, Heard and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

12.     The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to

be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing, by NSI, or of the truth of any of the claims asserted in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

13.     If for any reason the Settlement terminates or the Effective Date does not occur, then certification of the Settlement Class shall be deemed vacated.  In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the *status quo ante* in the Action, without prejudice to the right of any of the Parties to assert any argument or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14.     In the event that any provision of the Settlement or this Final Approval Order is asserted by NSI as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.  Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that

the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

15.     The Court approves Class Counsel's application for attorneys' fees in the amount of $_____ and $_____ in costs and expenses, for a Service Award to Johnson in the amount of $25,000 and to Toure and Heard in the amount of $5,000, each.

16.     Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure and a dismissal of the Action. The Clerk of the Court is directed to enter this order on the docket forthwith.

IT IS SO ORDERED.


Entered:

_____
Hon. Larry McKinney

# Exhibit C

**What is this lawsuit about?** Randy Johnson ("Johnson") filed this lawsuit, alleging that Navient Solutions, Inc. ("NSI") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and Shelly Toure ("Toure") and Tony Heard ("Heard") also filed similar claims.  NSI denies all of the allegations.  The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because you may be a member of the following class: Each person and entity throughout the United States: (a) to whom NSI placed one or more telephone calls; (b) directed to a telephone number assigned to a cellular telephone service; (c) by using an automatic telephone dialing system; (d) after NSI designated the telephone number to which it placed the call(s) as a wrong number; (e) between May 4, 2011 and _____.

**What does the settlement provide?** NSI will establish a settlement fund in the amount of $17,500,000.  Out of the settlement fund, NSI will pay: (1) settlement compensation to class members; (2) the costs and expenses of administrating the class action settlement; (3) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (4) costs and expenses incurred by Class Counsel not to exceed $55,000, subject to the Court's approval; and (5) service awards to Johnson in the amount of $25,000, and to Toure and Heard in the amount of $5,000 each, subject to the Court's approval. How much each class  member receives depends on how many people make approved claims. Class Counsel estimates that the amount of the cash award may be within the range of $200 to $350.

**What are your legal rights and options?** You have four options.  First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.johnsontcpasettlement.com or by calling _____, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed expenses and will release any claim(s) that you have against NSI related to the claims.  Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release any related claim(s) that you have against NSI.  Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any claim(s) that you have against NSI.  Or fourth, you may object to the settlement.  To obtain additional information regarding the manner in which you may exercise your legal rights and options, please visit www.johnsontcpasettlement.com, or contact the settlement administrator by writing to: Johnson Settlement Administrator, c/o _____ or by calling _____.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on [Month] [day], 2017, at [time].  The hearing will take place in the United States District Court for the Southern District of Indiana, 46 East Ohio Street, Indianapolis, Indiana, before the Honorable Larry McKinney.  At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable and adequate and, if so, whether it should be granted final approval.  The Court will also hear objections to the settlement, if any.  The Court may make a decision at that time, postpone a decision or continue the hearing.

**Front Inside**

---

**Front Outside**

**This is a notice of a settlement of a class action lawsuit. This is <u>not</u> a notice of a lawsuit against you.**

**If you received a wrong-number call or text message on your cell phone from Navient Solutions, Inc. between May 4, 2011 and _____, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Johnson v. Navient Solutions, Inc.,*

No. 1:15-cv-0716 (S.D. Ind.)

**A federal court authorized this notice.  This is not a solicitation from a lawyer.**

**Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.**

Johnson v. Navient Solutions, Inc.
c/o ___
[address]

Please Affix Postage Here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| RANDY JOHNSON, on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:15-cv-0716 LJM-MJD |
| NAVIENT SOLUTIONS, INC., f/k/a SALLIE MAE, INC., | |
| Defendant. | |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

WHEREAS, the above-referenced class action is pending in this Court, along with the matter to be transferred to this Court and coordinated with this action, entitled <u>Toure, et al., v. Navient Solutions, Inc.</u>, United States District Court, Northern District of Illinois, Case No. 1:16-cv-08279 (the "Action");

WHEREAS, plaintiffs Randy Johnson, Shelly Toure and Tony Heard and defendant Navient Solutions, Inc. ("NSI") have agreed, subject to Court approval following notice to the proposed Settlement Class (as described below) and a hearing, to settle the Action upon the terms and conditions set forth in the settlement agreement lodged with this Court (the "Agreement");

WHEREAS, this Court has reviewed the Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this order, capitalized terms used below shall have the meaning ascribed to them in the Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the Parties, including all persons in the Settlement Class.

NOW, THEREFORE, based on this Court's review of the Agreement and all of the files, records and proceedings herein, the Court concludes, upon preliminary examination, that the Agreement and Settlement appear fair, reasonable and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described below) to confirm that the Agreement and Settlement are fair, reasonable and adequate and to determine whether the Settlement should be approved and final judgment entered in the Action based upon the Agreement.

IT IS HEREBY ORDERED THAT:

Preliminary Approval of Proposed Settlement.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that: (a) the Agreement resulted from arm's length negotiations; and (b) the Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

Class Certification for Settlement Purposes Only.  Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> Each person and entity throughout the United States: (a) to whom NSI placed one or more telephone calls; (b) directed to a telephone number assigned to a cellular telephone service; (c) by using an automatic telephone dialing system; (d) after NSI designated the telephone number to which it placed the call(s) as a wrong number; (e) between May 4, 2011 and [the date of this preliminary approval order].

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

1.      The Settlement Class appears to be so numerous that joinder of all members is impracticable;

2.      There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

3.      Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

4.      Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class in connection with the proposed settlement;

5.      Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

6.      Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

Class Representatives.  Johnson, Toure and Heard are designated as class representatives for the Settlement Class.

Class Counsel.  The Court appoints Aaron D. Radbil, Michael L. Greenwald, and James L. Davidson of Greenwald Davidson Radbil PLLC as counsel for the Settlement Class.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

Final Approval Hearing.  A final approval hearing (the "Final Approval Hearing") shall be held on _____ at _____ to determine whether the Agreement is fair, reasonable and adequate and should be approved.  Papers in support of final approval of the Agreement, the Service Awards to Johnson, Toure and Heard and Class Counsel's application for an award of

attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth below. The Final Approval Hearing may be postponed, adjourned or continued by order of the Court without further notice to the Settlement Class. After the Final Approval Hearing, the Court may enter a Final Approval Order in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims.

<u>Class Notice</u>.   Class Notice shall be sent within 60 days following entry of this Preliminary Approval Order.

 1. <u>Mail Notice</u>.  The Settlement Administrator will provide individual Mail Notice pursuant to the Agreement to all persons in the Settlement Class who can be reasonably identified through reverse phone number lookups.

 2. <u>Website Notice</u>.  The Settlement Administrator will establish and maintain a Settlement Website using a domain name dedicated to the Settlement on which will be posted the Website Notice and other settlement-related documents.   The Mail Notice shall direct recipients to the location of the Website Notice.  The Settlement Website will be established no later than 15 days following the date of this Preliminary Approval Order and shall remain active at least until the date of the Final Approval Hearing.

 3. <u>Telephone Number</u>.   The Settlement Administrator will establish and maintain a toll-free telephone number which persons in the Settlement Class may call to receive more information regarding the Settlement.   The Mail Notice shall inform persons in the Settlement Class of the toll-free number.  The toll-free number will be established no later than 15 days following the date of this Order and shall remain active at least until the date of the Final Approval Hearing.

Findings Concerning Class Notice.  The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this Action and their right to object to the Settlement or exclude themselves from the Settlement Class.  The Court further finds that the Notice Program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process and Federal Rule of Civil Procedure 23.  The Court hereby approves the notices in substantially the same forms as those attached as Exhibits C and E to the Settlement Agreement.

Administration.  The Settlement Award distribution process described in the Agreement is hereby approved.

Exclusion from the Settlement Class.

1.     Persons in the Settlement Class will possess the right to opt out by sending a written request to the Settlement Administrator by [105 days after the entry of this order], or _____, 2017 (the "Opt-Out and Objection Deadline").  All persons in the Settlement Class who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

2.     Exclusion requests must: (i) be signed by the Settlement Class Member who requests exclusion; (ii) include the full name and address of the person who requests exclusion, as well as the cellular phone number dialed by NSI; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Johnson action."  No request for exclusion will be valid unless all of the information described above is included.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with such person, may exclude any other person from the Settlement Class.

-5-

3.      The Settlement Administrator will retain a copy of all requests for exclusion.     Not    later    than    [135   days   after   the   entry   of   this   order], or_____, 2017, the Settlement Administrator shall file a declaration with the Court that lists all of the opt-outs received.

Objections and Appearances.

1.      Any Settlement Class Member may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees, reimbursement of costs and expenses, and the Service Awards to Johnson, Toure and/or Heard.

2.      In order to be heard at the Final Approval Hearing, the person must make any objection in writing and mail it to counsel for the parties and the clerk of this Court not later than [105 days after the entry of this order], or _____, 2017.  Any objections that are not timely filed and mailed shall be forever barred.  All objections must comply with the directives contained in the Agreement or will otherwise be invalid and barred.  To the extent that a person submits both an objection and request for exclusion, the request for exclusion prevails and the person will be excluded from this Action.

3.      In order to be heard at the Final Approval Hearing, the person also must file with the Court and serve on all parties a Notice of Intention to Appear with the Court.

4.      Settlement Class Members who do not object to the Settlement need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.

Further Papers in Support of Settlement and Fee Application.  By no later than 30 days before the Opt-Out and Objection Deadline, Class Counsel shall file the Fee Application and

Class Counsel.  No later than 30 days after the Opt-Out and Objection Deadline, Class Counsel and/or NSI's Counsel shall file with the Court (i) any papers in support of final approval of the Settlement, including any response to any timely filed objections to the Settlement, and (ii) a list of persons in the Settlement Class who made timely and proper Exclusion Requests.  By no later than 45 days after the Opt-Out and Objection Deadline, any Settlement Class Members who filed a timely and valid objection shall file with the Court any reply papers in support of their objection.

Effect of Failure to Approve the Agreement.  In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a final judgment as contemplated in the Agreement, or the Agreement is terminated for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever and shall not be admissible in any other proceeding;

(b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of NSI for the matters alleged in the Action or for any other purpose;

(c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against NSI, Johnson, Toure or Heard on any point of fact or law.

Stay/Bar of Other Proceedings.  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Johnson, Toure,

Heard, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court other than a "State court," as used by 28 U.S.C. § 2283, arbitration forum or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.


Entered:


_____

Hon. Larry McKinney


Service will be made electronically on all
ECF-registered counsel of record via email
generated by the court's ECF system.

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RANDY JOHNSON, on behalf of himself
and others similarly situated,

      Plaintiffs,

v.

NAVIENT SOLUTIONS, INC, f/k/a
SALLIE MAE, INC.,

      Defendant.

Case No.: 1:15-cv-0716-LJM-MJD

**WEBSITE Q & A NOTICE**

**This is a notice of a settlement of a class action lawsuit.
This is <u>not</u> a notice of a lawsuit against you.**

**If you received any telephone calls or text messages from Navient Solutions, Inc. ("NSI") at a number that was assigned to a cellular telephone service, between May 4, 2011 and _____, which were wrong number calls – in that the subscriber or customary user of the phone number called was different from the party that NSI was trying to reach -- you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Randy Johnson. v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*,
No. 1:15-cv-0716-LJM (S.D. Ind.)

**A federal court authorized this notice.
This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.
It explains your rights and options to participate in a class action settlement.**

**What are your legal rights and options?**

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM:** | If you submit a timely claim form, you will receive a proportionate share of the $17.5 million settlement fund after attorneys' fees, costs, and expenses, service awards for named plaintiffs and the costs of administration are deducted, and you will release claims you may have against NSI related to this case. |
| **DO NOTHING:** | If you do nothing, you will not receive a share of the settlement fund, but you will release claims you may have against NSI related to this case. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will not receive a share of the settlement fund, and you will not release any claims you have against NSI. |
| **OBJECT:** | You may object to the settlement. |

**Why is this notice available?**

This is a notice of a proposed settlement in a class action lawsuit.  The settlement would resolve the lawsuit, which Randy Johnson ("Johnson") filed against NSI, along with similar claims filed by Shelly Toure ("Toure") and Tony Heard ("Heard").  Please read this notice carefully.  It explains the lawsuit, the settlement and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement or objecting to the settlement.

## What is this lawsuit about?

Johnson filed this lawsuit against NSI, alleging that NSI violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, when calling consumers on their cellular telephones, via an automatic telephone dialing system, at wrong numbers – in that the subscriber to or user of the phone number called was different from the party that NSI was trying to reach.  NSI denies the allegations.  The parties have agreed to a settlement.

## Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims.  All of these people together are a "class" or "class members."  The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

## Why is there a settlement?

Johnson, on the one hand, and NSI, on the other, have agreed to settle the lawsuit to avoid the time, risk and expense associated with it, and to achieve a final resolution of the disputed claims (and of the similar claims brought by Toure and Heard).  Under the settlement, participating class members will obtain a payment in settlement of the claims raised in the lawsuit.  Johnson and his attorneys think the settlement is best for all class members.

## How do you know if your claims are included in the settlement?

This settlement resolves claims on behalf of the following class:

Each person and entity throughout the United States: (a) to whom Navient Solutions Inc. placed one or more telephone calls; (b) directed to a telephone number assigned to a cellular telephone service; (c) by using an automatic telephone dialing system; (d) after Navient Solutions Inc. designated the telephone number to which it placed the call(s) as a wrong number; (e) between May 4, 2011 and _____.

## What does the settlement provide?

NSI will establish a settlement fund in the amount of $17,500,000.  Out of the settlement fund, NSI will pay:

     a.     Settlement compensation to the class members;

     b.     The costs and expenses of administrating the class action settlement;

     c.     An award of attorneys' fees in an amount up to one-third of the settlement fund, subject to the Court's approval;

     d.     Costs and expenses incurred litigating this matter, not to exceed $55,000, subject to the Court's approval; and

e.      Service awards to Johnson in an amount up to $25,000, and to Toure and Heard in an amount up to $5,000 each, subject to the Court's approval.

Each class member who submits a timely and valid claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the settlement fund as it exists after deducting: the costs and expenses of administrating the class action settlement; the attorneys' fees, subject to the Court's approval; the costs and expenses of the litigation, subject to the Court's approval; and the service awards for Johnson, Toure and Heard, subject to the Court's approval.  How much each class member receives depends on how many people make approved claims. Class Counsel estimates that the amount of the cash award may be within the range of $200 to $350.

Any remaining monies from uncashed settlement awards may be redistributed in a second distribution to class members who submitted a valid and timely claim. However, if a second distribution would result in less than $5 per qualifying claimant, the remaining monies will instead be donated to the National Endowment for Financial Education.

### How can you get a payment?

You must mail a valid claim form to the Johnson Settlement Administrator, _____ **postmarked by [date], 2017**.  Or you must submit a valid claim through www.johnsontcpasettlement.com by **[date], 2017**.

### When will you be paid?

If the Court grants final approval of the settlement, settlement checks will be mailed to class members who timely mailed or submitted valid claim forms no later than 45 days after the judgment in the lawsuit becomes final.  If there is an appeal of the settlement, payment may be delayed.

### What rights are you giving up in this settlement?

Unless you exclude yourself from the settlement, you will be considered a member of the class, which means you give up your right to sue or continue a lawsuit against NSI over the released claims.  Giving up your legal claims is called a release.  Unless you formally exclude yourself from the settlement, you will release your claims against NSI.

For more information on the release, released parties and released claims, you may obtain a copy of the class action settlement agreement from the settlement administrator, at _____, or on the settlement website, www.johnsontcpasettlement.com.

### How can you exclude yourself from the settlement?

You may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment.  If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the settlement administrator, at the addresses set forth below, **postmarked by [date], 2017**.  You must include in your request for exclusion your:

      a.      Full name;

      b.      Address;

      c.      Telephone number demonstrating that you are a person in the Settlement Class; and

      d.      A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the Johnson action."

You must sign the request personally.  If any person signs on your behalf, that person must attach a copy of a power of attorney or other official document authorizing that signature.

### When and where will the Court decide whether to approve the settlement?

The Court will hold a final fairness hearing on **[date]**, at **[time]**.  The hearing will take place in the United States District Court for the Southern District of Indiana, 46 East Ohio Street, Indianapolis, Indiana, before the Honorable Larry McKinney.  At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable and adequate and, if so, whether final approval of the settlement should be granted.  The Court will hear objections to the settlement, if any.  The Court may make a decision at that time, postpone a decision or continue the hearing.

### Do you have to attend the hearing?

No.  You are not required to attend the hearing.  But you are welcome to attend the hearing at your own expense.  You cannot speak at the hearing if you have excluded yourself from the class settlement.  Once you have excluded yourself, the class settlement does not affect your legal rights.

### What if you want to object to the settlement?

If you do not exclude yourself from the settlement, you can object to the settlement if you do not believe it is fair, reasonable, and adequate.  If you wish to object, you must mail a written notice of objection, postmarked by **[date], 2017**, to class counsel, NSI's attorneys, and to the Court, at the following addresses:

| Class Counsel: | NSI's Counsel: | Court: |
| --- | --- | --- |
| Aaron D. Radbil | Lisa M. Simonetti | U.S. District Court for the |
| GREENWALD DAVIDSON | VEDDER PRICE (CA), LLP | Southern District of Indiana |
| RADBIL PLLC | 1925 Century Park East | 46 East Ohio Street |
| 106 E. 6th Street, Suite 913 | Suite 1900 | Indianapolis, IN 46204 |
| Austin, TX 78701 | Los Angeles, CA 90067 | |

You must include in your objection your:

      a.      Full name;

      b.      Address;

      c.      Telephone number called by NSI to demonstrate that you are a person in the Settlement Class;

      d.      A statement of the specific objection(s);

      e.      The grounds for the objection(s);

      f.      Identification of any documents to show that you are a person in the Settlement Class or which you desire the Court to consider; and

      g.      A statement noting whether you intend to appear at the fairness hearing.

### By when must you enter an appearance?

Any class member who objects to the settlement and wishes to enter an appearance must do so by **[date], 2017**.  To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon class counsel and NSI's attorneys, at the addresses set forth above.

### What if you do nothing?

If you do nothing and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any claim you have against NSI related to the allegations.  Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against NSI over the released claims.

### What will happen if the Court does not approve the settlement?

If the Court does not finally approve the settlement or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits and the lawsuit will continue.

### Who are the attorneys for Johnson, Toure and Heard?

The attorneys are:

Aaron D. Radbil
GREENWALD DAVIDSON RADBIL PLLC
106 E. 6th Street, Suite 913
Austin, TX 78701

Michael L. Greenwald
James L. Davidson
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Rd., Suite 500
Boca Raton, FL 33431

The Court has appointed these attorneys to act as class counsel.  You do not have to pay class counsel.  If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

### Who are NSI's attorneys?

NSI's attorneys are:

> Lisa M. Simonetti
> VEDDER PRICE (CA), LLP
> 1925 Century Park East, Suite 1900
> Los Angeles, CA 90067

### Where can you get additional information?

This notice is only a summary of the settlement.  All documents filed with the Court, including the full class action settlement agreement, may be reviewed or copied at the United States District Court for the Southern District of Indiana.  In addition, pertinent case materials are available at the settlement web site, **www.johnsontcpasettlement.com**.

If you would like additional information about this matter, please contact:

**Johnson Settlement Administrator**
**[address]**
**[telephone]**

Please do not call the Judge about this case.  Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case.  Furthermore, neither NSI nor NSI's attorneys represent you, and they cannot give you legal advice.