# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDY JOHNSON, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC, formerly known as SALLIE MAE, INC., now known as Navient Solutions, LLC,<br><br>    Defendant.<br>-------------------------------------------------------<br>SHELLY TOURE and TONY HEARD, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC, formerly known as SALLIE MAE, INC., now known as Navient Solutions, LLC,<br><br>    Defendant. | Case No.: 1:15-cv-0716-LJM-MJD<br><br><br><br><br><br><br><br><br><br>Case No. 1:17-cv-00071 LJM-TAB |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND INCENTIVE AWARDS**

**Introduction**

Nearly two years after Randy Johnson filed his class action complaint against Navient Solutions, Inc. ("Defendant"), this Court preliminarily approved a settlement that ultimately requires Defendant to create a non-reversionary cash settlement fund of approximately $19.74 million to compensate 429,893 members of the class. *See Johnson v. Navient Solutions, Inc.*, No. 1:15-cv-0716-LJM-MJD, Doc. 161.[1]

In line with the terms of the parties' agreement, class counsel now ask this Court to (1) grant their request for attorneys' fees in the amount of one-third of the settlement fund, after deducting litigation and administration-related costs and expenses, (2) grant their request for reimbursement of $51,293.04 in litigation costs and expenses, and (3) grant Randy Johnson's request for a $25,000 incentive award, and Shelly Toure and Tony Heard's respective requests for $5,000 incentive awards.[2]

**Request for Attorneys' Fees**

Class counsel make their request for attorneys' fees against the backdrop of Seventh Circuit precedent, which makes clear that "[w]hen attorney's fees are deducted from class damages, the district court must try to assign fees that mimic a hypothetical *ex ante* bargain between the class and its attorneys." *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011).

---

[1] The settlement fund increased from $17.5 million because Defendant identified additional class members during the administration process. The increase is due to settlement terms requiring Defendant to pay an additional $50 for each class member above 385,000. Multiplying these 44,893 class members by $50 each results in the addition of $2,224,650 to the settlement fund.

[2] As required by S.D. Ind. LR 7-1(g), Aaron D. Radbil, counsel for Plaintiffs and the class, conferred with Lisa M. Simonetti, counsel for Defendant, on April 19, 2017, regarding Plaintiffs' motion for attorneys' fees, costs, expenses, and incentive awards. Defendant takes no position on Plaintiffs' motion.

Accordingly, the starting point for a market rate determination in the class action context is the understanding that "the normal practice in consumer class actions is to negotiate a fee arrangement based on a percentage of the plaintiffs' ultimate recovery." *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 501 (N.D. Ill. 2015). That is, courts have repeatedly recognized that given the opportunity, class members would bargain for a contingent attorneys' fee agreement at the outset of litigation undertaken on their behalf. *See In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 795 (N.D. Ill. 2015).

Appreciating this, the "market rate for legal fees [then] depends in part on the risk of nonpayment a firm agrees to bear, in part on the quality of its performance, in part on the amount of work necessary to resolve the litigation, and in part on the stakes of the case." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). "[D]ata from similar cases" also plays an important role in the market rate analysis. *Kolinek*, 311 F.R.D. 483.

Here, class counsel faced a tremendous hazard of non-payment due to a number of risks—separate and apart from those typically associated with class action litigation—stemming from changes in law and regulation directly affecting Plaintiffs' claims. Class counsel, nonetheless, obtained an excellent recovery for Plaintiffs and the class. But only after a great deal of work in connection with this high-stakes matter was class counsel able to do so.

Class counsel is therefore entitled to attorneys' fees at the market rate for the contingent services they performed, which is "between 33 and 40 percent." *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998); *see also Heekin v. Anthem, Inc.*, No. 1:05-CV-01908-TWP, 2012 WL 5878032, at *5 (S.D. Ind. Nov. 20, 2012) (Pratt, J.) ("the Court finds there is support from other cases in this Circuit and nationally to support a percentage market rate of 33.3%"). This Court

should therefore approve class counsel's request for an award of attorneys' fees equal to one-third of the common fund, after deducting litigation and administration costs.

## Request for Litigation Costs and Expenses

Class counsel incurred significant costs and expenses in connection with this matter, including travel expenses, mediation costs, expert costs, deposition costs, and filing and admission fees. The categories of expenses for which class counsel seek reimbursement are the type of expenses routinely charged to paying clients in the marketplace and, therefore, are properly reimbursable under Rule 23.

## Request for Incentive Awards

Plaintiffs' requests for incentive awards are in line with incentive awards affirmed by the Seventh Circuit and approved by district courts in analogous matters. This is especially true given the exceptional steps that Plaintiffs took to protect the interests of the class, and the considerable time they spent pursuing their claims.

## Conclusion

Relying on the accompanying memorandum of law, class counsel respectfully request that this Court (1) grant their request for attorneys' fees in the amount of one-third of the settlement fund, after deducting litigation and administration-related costs and expenses, (2) grant their request for reimbursement of $51,293.04 in litigation costs and expenses, and (3) grant Mr. Johnson's request for a $25,000 incentive award, and Ms. Toure and Mr. Heard's respective requests for $5,000 incentive awards.

Date: April 22, 2017                                GREENWALD DAVIDSON RADBIL PLLC

/s/ Aaron D. Radbil
Aaron D. Radbil
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael L. Greenwald
James L. Davidson
Jesse S. Johnson (*pro hac vice*)
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on April 22, 2017, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Aaron D. Radbil
Aaron D. Radbil

4