Exhibit "A"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDY JOHNSON, on behalf of himself and others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC, formerly known as SALLIE MAE, INC., now known as Navient Solutions, LLC,<br><br>   Defendant.<br>-------------------------------------------------------<br>SHELLY TOURE and TONY HEARD, on behalf of themselves and others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>NAVIENT SOLUTIONS, INC, formerly known as SALLIE MAE, INC., now known as Navient Solutions, LLC,<br><br>   Defendant. | Case No.: 1:15-cv-0716-LJM-MJD<br><br><br><br><br><br><br><br><br><br>Case No. 1:17-cv-00071 LJM-TAB |

**DECLARATION OF AARON D. RADBIL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND INCENTIVE AWARDS**

1

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. My name is Aaron D. Radbil.

2. I am over twenty-one years of age.

3. I am fully competent to make the statements included in this declaration.

4. I have personal knowledge of the statements included in this declaration.

5. I am a partner at Greenwald Davidson Radbil PLLC ("GDR").

6. I am counsel for Plaintiffs and the class in this matter.

7. I am admitted to practice before this Court.

8. I submit this declaration in support of Plaintiffs' motion for attorneys' fees, costs, expenses, and incentive awards.

## GDR

9. In addition to this matter, GDR has been appointed as class counsel in a number of class actions under the Telephone Consumer Protection Act ("TCPA"). *See, e.g.*, *Schwyhart v. AmSher Collection Servs., Inc.*, No. 2:15-cv-1175-JEO, 2017 WL 1034201 (N.D. Ala. Mar. 16, 2017); *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231-SCJ, 2017 WL 770132 (N.D. Ga. Feb. 24, 2017); *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT, ECF No. 60 (N.D. Ga. Feb. 23, 2017); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016); *Cross v. Wells Fargo Bank, N.A.*, No. 15-1270, 2016 WL 5109533 (N.D. Ga. Sept. 13, 2016); *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016); *Prater v. Medicredit, Inc.*, No. 14-00159, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015); *Jones v. I.Q. Data Int'l, Inc.,* Case 1:14–cv–00130–PJK–GBW, 2015 WL 5704016 (D.N.M. Sept. 23, 2015); *Ritchie v. Van Ru Credit Corp.,* No. 2:12–CV–01714–PHX–SM, 2014 WL 3955268 (D. Ariz. Aug. 13, 2014).

10.     GDR also has been appointed class counsel in more than two dozen class actions under consumer protection statutes other than the TCPA in the past three years. *See, e.g.*, *Johnston v. Kass Shuler, P.A.*, No. 8:16-cv-03390-SDM-AEP, 2017 WL 1231070 (M.D. Fla. Mar. 29, 2017); *Jallo v. Resurgent Capital Servs., L.P.*, No. 4:14-cv-00449, 2017 WL 914291 (E.D. Tex. Mar. 7, 2017); *Macy v. GC Servs. Ltd. P'ship.*, No. 3:15-cv-00819-DJH-CHL, 2017 WL 489420 (W.D. Ky. Feb. 6, 2017); *Rhodes v. Nat'l Collection Sys., Inc.*, 317 F.R.D. 579 (D. Colo. 2016); *McCurdy v. Prof'l Credit Serv.*, No. 6:15-cv-01498-AA, 2016 WL 5853721 (D. Or. Oct. 3, 2016); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016); *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-CV-152V, 2016 WL 4069285 (W.D.N.Y. July 27, 2016); *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337 (S.D. Miss. 2015); *Rhodes v. Olson Assocs., P.C., d/b/a Olson Shaner*, 83 F. Supp. 39 1096 (D. Colo. 2015); *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644 (M.D. Fla. 2015); *Donnelly v. EquityExperts.org, LLC*, No. 13-10017, 2015 WL 249522 (E.D. Mich. Jan. 14, 2015); *Sharf v. Fin. Asset Resolution, LLC*, 295 F.R.D. 664 (S.D. Fla. Jan. 16, 2014).

11.     Multiple district courts have commented on GDR's useful knowledge and experience in connection with class action litigation.

12.     For example, in *Schwyhart v. AmSher Collection Servs., Inc.*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval of a TCPA class settlement in connection with which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

3

13. In *Ritchie v. Van Ru Credit Corp.*, Judge Stephen McNamee, Senior U.S. District Court Judge for the District of Arizona, stated upon granting final approval of the TCPA class settlement at issue:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

Case No. CIV-12-1714 (D. Ariz. July 21, 2014).

14. Similarly, in *Roundtree v. Bush Ross, P.A.*, Judge James D. Whittemore, of the Middle District of Florida, wrote in certifying three separate classes and appointing GDR class counsel: "Greenwald [Davidson Radbil PLLC] has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions." 304 F.R.D at 661.

15. As well, Judge Carlton W. Reeves, of the Southern District of Mississippi, noted last year in *McWilliams v. Advanced Recovery Sys., Inc.* that GDR "ha[s] been appointed class counsel in more than a dozen consumer protection class actions in the past two years." 310 F.R.D. at 340.

16. More recently, Judge Steven D. Merryday, of the Middle District of Florida, wrote in appointing GDR class counsel in *James v. JPMorgan Chase Bank, N.A.* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1.

17. And in *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II, of the Eastern District of Pennsylvania, took care to point out that GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." No. 15-2460, 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

4

### Aaron D. Radbil

18. I graduated from the University of Arizona in 2002 and from the University of Miami School of Law in 2006.

19. I have extensive experience litigating consumer protection class actions, including those under the TCPA.

20. In addition to my experience litigating consumer protection class actions, I have briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal and state courts of appeals. *See, e.g.*, *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068 (9th Cir. 2016); *Lea v. Buy Direct, L.L.C.*, 755 F.3d 250 (5th Cir. 2014); *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605 (5th Cir. 2014); *Stout v. FreeScore, LLC*, 743 F.3d 680 (9th Cir. 2014); *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369 (11th Cir. 2012); *Guajardo v. GC Servs., LP*, No. 11-20269, 2012 WL 5419505 (5th Cir. Nov. 7, 2012); *Sorensen v. Credit Int'l Corp.*, 475 F. App'x 244 (9th Cir. 2012); *Ponce v. BCA Fin. Serv., Inc.*, 467 F. App'x 806 (11th Cir. 2012); *Mady v. DaimlerChrysler Corp.*, 59 So. 3d 1129 (Fla. 2011); *Talley v. U.S. Dep't of Agric.*, 595 F. 3d 754 (7th Cir. 2010), *reh'g en banc granted, opinion vacated* (June 10, 2010), *on rehearing en banc* (September 24, 2010), *decision affirmed*, No. 09-2123, 2010 WL 5887796 (7th Cir. Oct. 1, 2010); *Oppenheim v. I.C. Sys., Inc.*, 627 F. 3d 833 (11th Cir. 2010); *Cano v. Hyundai Motor Am., Inc.*, 8 So. 3d 408 (Fla. 4th DCA 2009); *Jones v. Nissan N. Am., Inc.*, 385 Ill. App. 3d 740 (2d Dist. 2008).

### Michael L. Greenwald

21. Mr. Greenwald graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

22. Prior to forming GDR, Mr. Greenwald spent six years as a litigator at Robbins

Geller Rudman & Dowd LLP—the nation's largest plaintiff's class action firm, where he focused on complex class actions, including securities and consumer protection litigation.

23. While at Robbins Geller, Mr. Greenwald served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City of Ann Arbor Employees' Retirement Sys. v. Sonoco Products Co., et al.* (D.S.C.); *Norfolk County Retirement Sys., et. al. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank Clothiers, Inc*. (D. Md.); and *In re Odimo, Inc. Sec. Litig.* (Fla.).

24. Mr. Greenwald started his career as an attorney at Holland & Knight LLP.

### James L. Davidson

25. Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

26. He has been appointed class counsel in a host of consumer protection class actions.

27. Prior to forming GDR, Mr. Davidson spent five years as a litigator at Robbins Geller, where he focused on complex class actions, including securities and consumer protection litigation.

28. While at Robbins Geller, Mr. Davidson served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund et al. v. Swanson et al.*; *In re Pet Food Products Liability Litig.*; *In re Mannatech, Inc. Sec. Litig.*; *In re Webloyalty, Inc. Mktg. and Sales Practices Litig.*; and *In re Navisite Migration Litig*.

### Jesse S. Johnson

29. Mr. Johnson earned his Bachelor of Science degree in Business Administration

6

from the University of Florida, where he graduated magna cum laude in 2005.

30.     He earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business Administration from the University of Florida Hough Graduate School of Business the same year.

31.     While an attorney at GDR, Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions, including: *Cobb v. Edward F. Bukaty, III, PLC*, No. 15-00335-BAJ-RLB, 2017 WL 424904 (E.D. La. Jan. 27, 2017); *Fenderson v. Frederick J. Hanna & Assocs., P.C.*, No. 1:15-cv-00964-ODE-JFK, Doc. 52 (N.D. Ga. Oct. 17, 2016); *Marcoux v. Susan J. Szwed, P.A.*, 2016 WL 5720713 (D. Me. Oct. 3, 2016); *Durham v. Schlee & Stillman, LLC*, No. 8:15-cv-01652-GJH, Doc. 23 (D. Md. Oct. 3, 2016); *Bellum*, 2016 WL 4766079; *Kausch v. Berman & Rabin, P.A.*, No. 15-00537, 2016 WL 3944685 (E.D. Mo. July 8, 2016); *Schell v. Frederick J. Hanna & Assocs., P.C.*, No. 15-418, 2016 WL 3654472 (S.D. Ohio July 8, 2016); *Kemper v. Andreu, Palma & Andreu, PL*, No. 15-21226, 2016 WL 3545935 (S.D. Fla. June 23, 2016); *Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-2361, Doc. 44 (D.N.J. June 2, 2016); *Hall v. Frederick J. Hanna & Assocs., P.C.*, No. 15-03948, 2016 WL 2865081 (N.D. Ga. May 10, 2016); *Lehmeyer v. Messerli & Kramer, P.A.*, No. 15-02419, 2016 WL 1576439 (D. Minn. Apr. 15, 2016); *Garza v. Mitchell Rubenstein & Assocs., P.C.*, No. 15-1572, 2015 WL 9594286 (D. Md. Dec. 28, 2015); *Baldwin v. Glasser & Glasser, P.L.C.*, No. 15-490, 2015 WL 7769207 (E.D. Va. Dec. 1, 2015).

32.     Mr. Johnson started his legal career as an associate at Robbins Geller, where he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc. et al.*, No. 1:11-cv-08332 (N.D. Ill.); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421 (S.D. Ohio); *City of St. Clair Shores*

7

*Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10-cv-01073 (M.D. Fla.); and *In re Synovus Fin. Corp.*, No. 1:09-cv-01811 (N.D. Ga.).

## Summary of the Settlement

33. The cash settlement fund in this matter amounts to approximately $19.74 million.

34. Defendant represents that there are 429,893 members of the settlement class.

35. Participating class members will receive an equal share of the settlement fund after deducting, subject to this Court's approval, the costs of notice and claims administration, attorneys' fees, costs, expenses, and incentive awards.

36. None of the settlement fund will revert to Defendant.

37. The parties reached their settlement only after three mediations—one before Judge Dinsmore on May 17, 2016, in Indianapolis; one before the Hon. William Cahill (Ret.) of JAMS on August 19, 2016, in Washington, D.C.; and another before Judge Cahill on November 27, 2016, in Los Angeles, CA.

38. Judge Cahill was instrumental in helping the parties to reach an agreement in this case.

39. Given the meaningful recovery for the class as a result of the settlement, and considering the serious risks associated with continuing to litigate this matter, I firmly believe that the settlement is fair, reasonable, and adequate, and that it far outweighs the delay and considerable risk attendant to proceeding with this matter in a contested fashion.

## Summary of Procedural History in this Court

40. In May 2014, Mr. Johnson filed his class action complaint against Defendant.

41. Defendant subsequently filed its answer and eleven affirmative defenses.

42. This Court later denied, after full briefing, Defendant's motion to stay Mr.

Johnson's case due to then-pending Supreme Court cases.

43. The parties then conducted significant discovery, including Defendant's rolling production of over 20,000 pages of documents, as well as depositions of Defendant's designated representative, Defendant's expert, Mr. Johnson, and Mr. Johnson's expert.

44. Throughout much of this matter the parties submitted monthly reports to Judge Dinsmore, and attended monthly telephone conferences with Judge Dinsmore, regarding the status of discovery.

45. Just prior to the close of discovery, and following full briefing, this Court granted Mr. Johnson's motion to certify the class.

46. This Court denied, without prejudice, Defendant's motion to strike the testimony of Mr. Johnson's expert.

47. Thereafter, and with the benefit of full briefing, the Seventh Circuit denied Defendant's petition to appeal this Court's order certifying the class.

48. The parties then filed respective motions for summary judgment and related responses, which were pending at the time the parties agreed to resolve this matter.

49. This Court later granted Plaintiffs' motion to preliminarily approve the parties' settlement.

### Summary of Procedural History in the Northern District of Illinois

50. Because of the procedural posture of this matter at the time, this Court previously denied Mr. Johnson's request to add Mr. Heard as a named plaintiff to this matter:

> Plaintiff's Motion to Certify Class Action and Appoint Class Counsel is fully briefed (the "Motion to Certify"). Preparation for the Motion to Certify involved extensive discovery that included not only a deposition of Plaintiff, but also preparation of expert reports and depositions of same. In the light of the protracted litigation in this case already, the addition of another named plaintiff, which would require additional discovery and at the very least supplemental briefing on the

> Motion to Certify, outweighs any benefit to allow the proposed amendment. For these reasons, Plaintiff's Motion for Leave to File Amended Class Action Complaint, Dkt. No. 99, is DENIED.

Doc. 120 at 1-2.

51. Following the date on which this Court certified the class, Ms. Toure and Mr. Heard filed their class action complaint against Defendant, in the Northern District of Illinois.

52. Ms. Toure's and Mr. Heard's claims are nearly identical to Mr. Johnson's claims.

53. After proceedings and conferences with the Northern District of Illinois, the court transferred Ms. Toure and Mr. Heard's case to this Court.

54. The settlement resolves Ms. Toure's and Mr. Heard's claims, as well as Mr. Johnson's claims.

55. As noted above, this Court later granted Plaintiffs' motion to preliminarily approve the parties' settlement.

### Attorneys' Fees

56. Class counsel's request for market-rate attorneys' fees in the amount of one-third of the settlement fund, after deducting litigation and administration-related costs and expenses, is fair, reasonable, and in line with attorneys' fee awards in similar class actions in this district.

57. Prior to initiating this matter, GDR and Plaintiffs agreed that GDR would represent Plaintiffs on a contingent basis.

58. GDR and Plaintiffs agreed that if a common fund was created as a result of GDR's efforts, GDR would apply to this Court for an award of attorneys' fees from the common fund, in an amount not to exceed 35% of the common fund.

59. This matter has been pending since May 2015.

60. Since then class counsel have devoted significant time and resources to this case,

including, but not limited to:

> a. conducting an investigation into the facts underlying Plaintiffs' claims and class members' claims;
>
> b. researching law applicable to Plaintiffs' and class members claims;
>
> c. preparing two class action complaints;
>
> d. researching Defendant's defenses;
>
> e. preparing and serving written discovery requests, negotiating Defendant's answers, responses, and production of documents, and reviewing approximately 20,000 pages of documents produced by Defendant;
>
> f. preparing reports for, and participating in, monthly discovery conferences with Judge Dinsmore;
>
> g. researching and opposing Defendant's motion to stay;
>
> h. preparing to depose, and deposing Defendant's Rule 30(b)(6) witness;
>
> i. selecting, hiring, and working with Plaintiffs' expert;
>
> j. preparing and presenting Plaintiffs' expert for deposition;
>
> k. preparing and presenting Mr. Johnson for deposition;
>
> l. researching and preparing Mr. Johnson's motion for class certification, and reply in support of his motion for class certification;
>
> m. researching and preparing Mr. Johnson's answer to Defendant's Rule 23(f) petition to the Seventh Circuit;
>
> n. researching and preparing Mr. Johnson's motion for summary judgment;
>
> o. researching and preparing Mr. Johnson's response to Defendant's motion for summary judgment;

    p. preparing for and attending three separate mediations, including preparing issue-specific briefing for each mediation;

    q. researching and preparing Ms. Toure and Mr. Heard's motion to transfer, and amended motion to transfer, and attending a hearing on Ms. Toure and Mr. Heard's motion to transfer;

    r. assisting with the preparation of the parties' class action settlement agreement, along with the proposed class notice and claim form;

    s. preparing Plaintiffs' motion for preliminary approval of the class action settlement;

    t. selecting, hiring, and conferring with the class administrator, including conversations and correspondence regarding the notice, claims, and the administration process, and negotiating a hard cap on notice and administration costs;

    u. repeatedly conferring with Plaintiffs throughout this case; and

    v. conferring with class members to answer questions about the settlement process.

61. In short, GDR worked effectively to litigate this case in the best interests of Plaintiffs and class members at all stages, and ultimately obtained an excellent result.

62. Given the excellent result that class counsel obtained, the risk of non-payment that GDR agreed to bear, the time and labor required to litigate this matter, the novelty and difficulty of the questions involved, the skill requisite to perform the legal services performed, the preclusion of other employment due to acceptance of Plaintiffs' cases, the customary fee for TCPA class actions in this jurisdiction, that GDR litigated this matter on a contingent basis, the experience, reputation, and ability of GDR, the stakes of this matter, and the undesirability of this matter to many firms, among other factors, I firmly believe that the attorneys' fees that GDR requests as a

market-rate percentage of the settlement fund are fair and reasonable.

63. In addition, the attorneys' fees that GDR seeks were not negotiated as part of the settlement, and Defendant was free to oppose GDR's request.

### Incentive Awards

64. Mr. Johnson took exceptional steps to protect the interests of the class, and spent considerable time pursuing the claims underlying this matter.

65. Mr. Johnson not only read all pertinent filings with this Court, but conducted his own independent research along the way.

66. As well, Mr. Johnson frequently communicated with GDR by telephone and email.

67. Mr. Johnson also sat for a deposition, and participated, in person, in a settlement conference before this Court.

68. Additionally, Mr. Johnson turned down an individual offer from Defendant that would have provided him far more money than he now seeks.

69. Ms. Toure and Mr. Heard also actively participated in this matter.

70. And prior to initiating their claims, Ms. Toure and Mr. Heard agreed not to advance their individual interests over or to the detriment of the interests of the class members.

71. For these reasons, and others outlined in the accompanying motion and memorandum, I believe that Plaintiffs' respective requests for incentive awards are justified.

### Reimbursement of Litigation Expenses

72. GDR separately seeks reimbursement for costs and expenses reasonably incurred in connection with litigating this matter.

73. The expenses for which GDR seeks reimbursement are reflected in the books and records maintained by GDR, which are an accurate recording of the expenses GDR incurred in

13

connection with this matter.

74. To date, GDR incurred reimbursable litigation costs and expenses in the total amount of $51,293.04.

75. These expenses include filing fees for Plaintiffs' complaints ($800.00); service of process fees ($100.00); fees associated with motions for admission before this Court ($628.00), third-party discovery management fees ($5,592.56); expert fees ($12,915.07); mailing and postage fees ($30.55); meal expenses ($1,333.07); mediation fees ($10,900.00); PACER chargers ($25.20); printing and copying costs ($56.26); subpoena fees ($80.00); deposition and transcript fees ($3,465.01); travel and lodging expenses ($15,365.32); and miscellaneous expenses ($2.00).

76. GDR will incur additional expenses associated with travel to Indianapolis for the final fairness hearing, including taxi fares and meals during travel, but GDR does not seek separate reimbursement for these expenses.

77. As well, GDR incurred additional reimbursable expenses, such as for photocopies, long distance telephone calls, and computerized legal research, not separately itemized here, and for which GDR does not seek separate reimbursement.

78. For the reasons set forth above, as well as those found in the accompanying motions and memoranda, I respectfully submit that this Court should grant Plaintiffs' motion for attorneys' fees, costs, expenses, and incentive awards.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2017            /s/ Aaron D. Radbil
                                                Aaron D. Radbil